**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06-1871 (HHK) |
| | ) |
| THREE UNKNOWN MPD OFFICERS | ) |
| | ) |
| *and* | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

**DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR
SUMMARY JUDGMENT 1**

Defendant District of Columbia, by and through undersigned counsel and pursuant to Fed.

R. Civ. P. 12(b)(6) and 56, hereby asks this Court to dismiss the plaintiff's Complaint, or

alternatively, grant summary judgment in the District's favor for the following reasons: 1) Ms.

Smith failed to give notice consistent with D.C. Code § 12-309; 2) Ms. Smith was not denied

Due Process of Law; and 3) Ms. Smith was not subjected to excessive bail or fines.   A

Memorandum of Points and Authorities and a proposed order is attached hereto.

Pursuant to Local Rule 7, the defendant is not required to seek the plaintiff's consent to a

dispositive motion.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

---

1 Upon information and belief, none of the "Unnamed Officers" have been identified or served by the plaintiff.  Unit
such time as these officers are proper named as defendants and properly served, no response on their behalf is due.

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06-1871 (HHK) |
| | ) |
| THREE UNKNOWN MPD OFFICERS | ) |
| | ) |
| *and* | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Defendant District of Columbia, by and through undersigned counsel, hereby submits the instant memorandum of points and authorities in support of its motion to dismiss the plaintiff's complaint, or alternatively, grant summary judgment. Accordingly, the District states as follows:

*Background*

Plaintiff Lindsay Smith brings this lawsuit against the District of Columbia (hereinafter "the District") to recover for alleged damages arising out of her arrest for disorderly conduct in the District of Columbia on November 15, 2005. On November 2, 2006, plaintiff filed a complaint against the District, and three unknown Metropolitan Police Department (hereinafter"MPD") alleging that, among other things, that on November 15, 2005, she was wrongfully arrested on a charge of disorderly conduct by three unknown MPD officers. (Complaint at ¶'s 14 -23.) According to the complaint, plaintiff was arrested for being loud and

boisterous in front of a 7-11 convenience store at 3146 Mt. Pleasant Street, N.W. in Washington

DC. (Complaint at ¶'s 10 and 20.)  Upon her arrest, plaintiff was taken to the Third District

Police Station where she was allowed to "Post and forfeit," a procedure the police *can* offer

certain misdemeanor arrestees." (Complaint at ¶ 24.)(emphasis added.)  Plaintiff was given her

"release form noting that at 2:50 a.m., the $ 25 collateral had been paid…" and that ..."[t]hough

she had been holding her release papers for over 4 hours, [she] was not released from custody

until approximately 7:00 a.m. (Complaint at ¶'s 20 and 22.)

However, plaintiff was not offered "citation release," "another procedure the police *can*

officer to eligible persons arrested for certain misdemeanors." (Complaint at ¶ 26.)(emphasis

added.)  Consequently, plaintiff alleges that she was unconstitutionally denied the right to be

offered "citation release." (Complaint at ¶'s 74 and 75.)

Ms. Smith's complaint identifies eleven counts: Counts I through VI pertain to the three

unknown officers described in the caption of plaintiff's complaint.  In Count VII, Plaintiff

alleges that the District, in violation of the Fifth Amendment, has a custom, practice and policy

of offering post and forfeit to arrestees without offering citation release when officers have no

probable cause to arrest.  According to the plaintiff, MPD officers engage in this practice so that

their unlawful arrests can evade judicial review since the arrestees are never informed of their

right to seek judicial review.  Plaintiff also alleges that the District's failure to train and supervise

officers on the proper use of "post and forfeit" reflects deliberate indifference.  In Count VIII, the

Plaintiff argues that the District violated the Eighth Amendment when its officers arrested her

without probable cause, and the unlawful arrest caused her to pay an unnecessary, excessive and

illegal fine.  Count IX is a claim of false arrest against the District; Count X is a claim of

intential infliction of emotional distress against the District; and Count XI is a claim of Assault

and Battery against the District.

Ms. Smith did not file any notice consistent with D.C. Code § 12-309.  *See* Affidavit,

attached hereto as Exhibit A.

### *Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it

appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove

any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).  The movant,

therefore, is entitled to judgment if there are no allegations in the complaint that, even if proven,

would provide a basis for recovery.  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir.

1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be

drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and

unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule

12(b)(6).  *Id.*   The court need not accept inferences drawn by the plaintiff if such inferences are

unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions

cast in the form of factual allegations."  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271,

1276 (D.C. Cir. 1994).

On the other hand, summary judgment must be granted if the moving party demonstrates

"that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  Although the

movant has the burden of demonstrating the absence of a genuine issue of material fact and that

it is entitled to judgment as a matter of law, the "moving party is not required to support its

motion for summary judgment with 'affidavits or other similar materials *negating* the opponent's claim.'" *Kingman Park Civic Ass'n v. Williams***,** 348 F.3d 1033 (D.C. Cir. 2003). At this point, then, "the burden shifts to the non-movant to 'come forward with 'specific facts showing that there is a genuine issue for trial.'" *Shaw v. District of Columbia*, 2006 U.S. Dist. LEXIS 26904 *14 (internal citations omitted).

Fed. R. Civ. P. 56(e) reinforces that the plaintiff's response to the District's motion "may not rest upon the mere allegations or denials of the adverse party's pleading, but the [plaintiff's ] response, by affidavits or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial." To be genuine, the issue must be supported by evidence sufficiently admissible that a reasonable trier of fact could find for the nonmoving party; to be material, the factual assertion must be capable of affecting the substantive outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). Moreover, if the plaintiff "does not so respond, summary judgment, if appropriate, shall be entered" against her. Fed. R. Civ. P. 56(e).

By either burden of proof, Mr. Smith's claims against the District cannot stand. Therefore, the Court should grant the instant motion should be granted.

*Argument*

1. **SUMMARY JUDGMENT MUST BE ENTERED IN THE DISTRICT'S FAVOR ON THE PLAINTIFF'S TORT CLAIMS BECAUSE THE PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS OF D.C. CODE § 12-309.**

Ms. Smith alleged several common law claims in her complaint against the District, including false arrest (Count IX), intentional infliction of emotional distress (Count X), and assault and battery (Count XI). However, summary judgment must be entered in the District's

favor on all of these claims because the plaintiff failed to give notice consistent with D.C. Code §

12-309.  Pursuant to D.C. Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The requirement of compliance with the time limit specified in § 12-309 is absolute,

strict, and unqualified.  In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that

§ 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations.  Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and *compliance with its terms is "mandatory as a prerequisite to filing suit against the District*." [citations omitted]

662 A.2d 1356, 1359 (D.C. 1995) (emphasis added).

The *Dunmore* court also emphasized that, for purposes of calculating the timeliness of a

§ 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the

injury."  *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming

dismissal of action for false arrest where §12-309 letter arrived *one day* late); *Kelton v. District

of Columbia*, 413 A.2d 191, 921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the

injury or damage was sustained'").

Here, Ms. Smith has not satisfied the mandatory notice provisions of D.C. Code § 12-309

because she failed to serve the District with any notice relating to any of the incidents described

in his Complaint.  *See* Affidavit by Mia Powell-Liley, attached hereto as Exhibit A.

Accordingly, summary judgment must be granted in the District's favor on plaintiff's common

law claims, to include counts IX, X, and XI, of plaintiff's complaint.

**2. THE PLAINTIFF HAS FAILED TO STATE A CLAIM THAT SHE WAS DENIED A RIGHT IN VIOLATION OF THE FIFTH AMENDMENT.**

Plaintiff vaguely claims that the District's actions deprived her of her rights to due process by on offering her post and forfeit relief and failing to offer her citation release after her arrest. (Count VII, Complaint ¶ 74.) Even though plaintiff does not specify which aspect of due process she invokes, (procedural or substantive), the District will show that the plaintiff has failed to state claim under either, due process theory.

*a. Procedural Due Process.*

The Fifth Amendment to the United States Constitution states that no person shall be "…deprived of life, liberty, or property, without due process of law…." Plaintiff seems to argue in her complaint that the failure of MPD officers to offer her citation release constituted a deprivation of her right to Due Process. (Complaint ¶ 68.)

The first step in any due process analysis is "to determine whether constitutional safeguards apply at all, *i.e.*, whether a private party has a property or liberty interest that triggers Fifth Amendment due process protection." *Reeve Aleutian Airways, Inc. v. U.S.*, 982 F.2d 594 (D.C. Cir. 1993) (*citing Cleveland Bd. of Education v Loudermill*, 470 U.S. 532, 538–41 (1985). In this case, this analysis need go no further than this initial inquiry; plaintiff has not been deprived of *any* constitutionally protected rights.

Similar to post and forfeiture, citation release is not a procedural right but a privilege, [2] and the decision of whether or not to offer citation release to a potential arrestee is within the discretion of the arresting officer or designated MPD official:

---

[2] The "post and forfeiture" procedure is not a right, but a privilege extended as a matter of pragmatic resolution of the vast corpus of cases coming before the superior courts. District of Columbia v. Baylor, 125 WLR 1665 (Super. Ct. 1997).

> An officer or member of the Metropolitan Police Department who arrests without a warrant a person for committing a misdemeanor *may,* instead of taking him into custody, issue a citation requiring the person to appear before an official of the Metropolitan Police Department designated under subsection (a) of this section to act as a clerk of the Superior Court.

D.C. Code § 23-1110(b)(1) (emphasis added.)

> Whenever a person is arrested without a warrant for committing a misdemeanor and is booked and processed pursuant to law, an official of the Metropolitan Police Department designated under subsection (a) of this section to act as a clerk of the Superior Court *may* issue a citation to him for an appearance in court or at some other designated place, and release him from custody.

D.C. Code § 23-1110(2) (emphasis added)

The plain meaning of these statutory sections demonstrate that the arresting officer, or other MPD official, *may*, elect to offer citation release, but no entitlement to this procedure is contemplated within these statutes. Because the plaintiff has failed to identify a right or liberty interest that she possesses but rather a privilege which is extended or withheld pursuant to the discretion of the arresting MPD officer or other MPD official, any claim that she has been denied a right without due process of law must fail.

*a. Substantive Due Process*

As demonstrated above, there is no "right" to a citation release. Even assuming there is, however, plaintiff fares no better. "Once a property interest is found, however, the doctrine of substantive due process constrains only egregious government misconduct." *GWU*, 318 F.3d at 209 (*citing Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988) (doctrine prevents only "grave unfairness"), *cert. denied*, 488 U.S. 956 (1988));3 *Yates v. District of Columbia*, 324 F.3d

---

3. *Silverman* identified two ways by which plaintiffs might show such unfairness: "a substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights . . . ." *Silverman*, 845 F.2d at 1080. *See also GWU*, 318 F.3d at 209 (*quoting Silverman*).

724, 725 (D.C. Cir. 2003) (*per curiam*); *Butera*, 235 F.3d at 651 (to assert violation of

substantive due process, plaintiff must "show that the District of Columbia's conduct was 'so

egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'")

(*quoting County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

In this matter, the plaintiff was not permitted to participate in an alternative arrest

procedure ("citation release"), the applicability of which is within the discretion of the arresting

officer or other MPD official.  Nevertheless, plaintiff was permitted to post and forfeit in relation

to a misdemeanor criminal charge, which carries with a potential penalty of up to $250 or

imprisonment of up to 90 days, or both.  *See* D.C. Code § 22-1321.  Plaintiff fails to allege the

District's determination not to offer plaintiff citation release, as alleged in plaintiff's complaint,

rises to the level of egregiousness sufficient to shock the contemporary conscience.  Thus,

plaintiff has failed to state a claim upon which relief can be granted in Count X of her complaint.

Accordingly, the Courts should dismiss Count X of the plaintiff complaint.

3.  **THE PLAINTIFF HAS FAILED TO STATE A CLAIM THAT HER EIGHTH AMENDMENT RIGHT TO BE FREE FROM EXCESSIVE FINES WAS VIOLATED.**

Plaintiff alleges in Count VIII of her complaint that "[t]he failure of the Officers or of the

District of Columbia to immediately release [the plaintiff] upon receipt of her collateral caused

plaintiff to be deprived of her rights under the Eight Amendment to the Constitution of the

United States to be free of excessive bail and fines, as made actionable by 42 U.S.C. § 1983."

(Complaint at ¶ 77.)

The plaintiff's fine was not excessive.  To arrive at a judgment of excessiveness, the

court must look at whether the fine is in proportion to the harm inflicted or the loss sustained.

*Alexander v. United States*, 509 U.S. 544 at 559, 113 S.Ct. 2766 at 2776 (fine must be "grossly

disproportionate" to crime to violate Eighth Amendment). A gross disproportionality test must be

applied to determine constitutional excessiveness, that is, "a punitive forfeiture violates the

Excessive Fines Clause if it is grossly disproportional to the gravity of the defendant's offence."

*United States v. Bajakajian,* 524 U.S. 321, 118 S.Ct. 2028.

Again, in this matter, the plaintiff was permitted to post and forfeit the sum of $25 in

relation to a disorderly conduct criminal charge that carries with it a potential penalty of up to

$250 or imprisonment of up to 90 days, or both.  *See* D.C. Code § 22-1321.  Therefore, plaintiff

fails to allege facts in her complaint that could give rise to a reasonable conclusion that her

collateral payment was at all, much less grossly disproportionate, to the gravity of the

defendant's offense. Accordingly, Count VIII of the plaintiff's complaint should be dismissed.

CONCLUSION

The District's actions here do not violate any of the fundamental principles of the

Constitution or local law. For the foregoing reasons, the District respectfully moves to dismiss

the Complaint, or alternatively, grant summary judgment in the District's favor. Proposed Orders

are attached hereto.

WHEREFORE, the District respectfully requests the relief sought herein.

> Respectfully submitted,
>
> LINDA SINGER
> Acting Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division

11

       /s/
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III


       /s/
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06-1871 (HHK) |
| | ) |
| THREE UNKNOWN MPD OFFICERS | ) |
| | ) |
| *and* | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to F.R.C.P. 56, the District submits the following statement of undisputed

material facts in support of its Motion for Summary Judgment:

1. The plaintiff did not provide any notice to the District consistent with D.C. Code § 12-

    309. *See* Exhibit A.

                    Respectfully submitted,

                    LINDA SINGER
                    Acting Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division


                    _____/s/_____
                    PHILLIP A. LATTIMORE, III [422968]
                    Section Chief
                    General Litigation Section III

13

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY SMITH | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|     v. | ) Civil No. 06-1871 (HHK) |
| | ) |
| THREE UNKNOWN MPD OFFICERS | ) |
| | ) |
| *and* | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| | ) |
|         Defendants, | ) |
| | ) |

**ORDER GRANTING DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Upon consideration of the Defendant's Motion to Dismiss, any opposition thereto, and

the facts and law considered, it is this _____ day of _____, 2007,

HEREBY ORDERED that the Defendant's Motion is GRANTED; and it is further

ORDERED that the plaintiff's Complaint is DISMISSED WITH PREJUDICE.

 

 

_____
The Honorable Henry H. Kennedy
United States District Court for the District of Columbia

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06-1871 (HHK) |
| | ) |
| THREE UNKNOWN MPD OFFICERS | ) |
| | ) |
| *and* | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

**ORDER GRANTING DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY
JUDGMENT**

Upon consideration of the Defendant's Motion for Summary Judgment, any opposition

thereto, and the facts and law considered, it is this _____ day of _____, 2007,

HEREBY ORDERED that the Defendant's Motion is GRANTED; and it is further

ORDERED that the plaintiff's Complaint is DISMISSED WITH PREJUDICE.

_____
The Honorable Henry H. Kennedy
United States District Court for the District of Columbia

16

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06-1871 (HHK) |
| | ) |
| THREE UNKNOWN MPD OFFICERS | ) |
| | ) |
| *and* | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

**AFFIDAVIT OF MIA POWELL LILEY**

I, MIA POWELL LILEY, being duly sworn, states that the following is true to the best of my knowledge, information and belief:

1.     I am the Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management.  The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.).  The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2.     Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing.  When the Tort Liability Division receives notices of claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3.     Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to the Office of Risk Management and recorded in its claims management system.

4.   I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management.  The result of this search has revealed that the Tort Liability Division of the District of Columbia Office of Risk Management has not received any claim notice from LINDSAY SMITH that referred to allegations that she was subjected to false arrest, intentional infliction of emotional distress, or assault or battery on or about November 15, 2005.  No further claim notices have been received from or on behalf of LINDSAY SMITH.

_____
MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I, Susana Suarez, a Notary Public in and for the District of Columbia, do hereby certify that MIA POWELL LILEY , whose name is signed to the foregoing affidavit, bearing the date of the 5 day of March 2007, personally appeared before me and executed the said release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this 5 day of March 2007.

_____
NOTARY PUBLIC

My Commission Expires: _____

SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
August 14, 2010

SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
August 14, 2010

2