UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
LINDSAY SMITH                      )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )
THREE UNKNOWN MPD OFFICERS,        )
    *et al.*,                      )   Case No.: 06-1871 (HHK)
                                   )
        Defendants.                )
_____)

**PLAINTIFF'S RULE 56(f) OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Lindsay Smith, through counsel, hereby respectfully opposes the District of Columbia's Motion to Dismiss, or Alternatively, for Summary Judgment ("Motion to Dismiss").

Arising out of her false and malicious arrest and the systematic abuse of the District's "post-and-forfeit" procedures to mete out illegitimate punishment for bogus charges, Plaintiff has filed suit against the District and Three Unknown Officers alleging violations of the Fourth, Fifth and Eighth Amendments to the U.S. Constitution and several common law causes of action. The District asks this Court to dismiss Plaintiff's constitutional claims against it, and, before any discovery, to grant it summary judgment as to her common-law claims because she did not separately notify the District of those claims pursuant to D.C. Code Section 12-309. The Motion to Dismiss does not extend to any claims against the individual defendants, whose identities are as yet still unknown.

1

As we show below, the District cannot meet the stringent standard for dismissal at this juncture. First, Plaintiff has adequately alleged that the District's use of "post-and-forfeit" procedures constituted a violation of her Fifth Amendment rights to equal protection and due process. Second, since the abuse of the "post-and-forfeit" procedures in this case amounted to the imposition of a fine upon which escape from unconstitutional arrest and detention was conditioned, the fine violated the excessive bail and fine clauses of the Eighth Amendment. Finally, because Plaintiff cannot at this time adequately respond to the allegations raised concerning the District's notice of the common-law claims without the benefit of discovery, summary judgment at this point would be improper. See Fed. R. Civ. P. 56(f).

**FACTUAL BACKGROUND**

This lawsuit relates both to the defendants' unlawful arrest of Plaintiff because she had voiced criticism of the police and to the improper way in which defendants subsequently abused the "post-and-forfeit" procedures and (knowingly tolerated by the District) meted out illegitimate punishment in retaliation for that constitutionally-protected criticism.

Plaintiff alleges that she and her companion, Mr. Marsoni, entered her neighborhood 7-Eleven convenience store around midnight on the evening of November 15, 2005, where they found an unusually large number of police officers in and around the store. Concerned about crime steps from her home, Plaintiff asked the police whether there had been an incident nearby. Inexplicably, the officers were rude and non-responsive. Stunned both at their refusal to answer her safety-related inquiry and at the manner in which they disdainfully brushed off a legitimate citizen concern,

Plaintiff chided the police by suggesting to her companion that there must be a better use of her tax dollars than to cover the cost of a group of non-responsive officers hanging around the 7-Eleven. Complaint ¶¶ 10-12.

Apparently stung by Plaintiff's sarcastic criticism, several officers pursued her and Mr. Marsoni as they left the store, and ordered both to put their hands against the wall of a nearby building even though neither had broken any law. In the absence of any probable cause or reasonable articulable suspicion of having done anything other than exercise their constitutionally-protected right to criticize the police, the pair were searched, in violation of the Fourth Amendment. Of course, nothing inculpatory was found, as the pair had committed no crime. Still, Plaintiff was arrested, because the police did not like what she had to say. The Officers ignored Plaintiff's repeated requests that they articulate the basis of her arrest. Complaint ¶¶ 14-15. Neither before, during, nor after the term of her unlawful arrest was Plaintiff belligerent or disorderly. Instead, she was unconstitutionally arrested simply for exercising her right to criticize police practices. Complaint ¶¶ 14-15.

The Officers demanded the payment of $25 collateral from Mr. Marsoni on the street in exchange for Plaintiff's immediate release, but when he held out two twenty-dollar bills, they demanded exact change.[1] Although they observed Marsoni go back into the 7-Eleven to get exact change, the Officers gratuitously whisked Plaintiff off to the Third District station before he had a chance to return. A short time later, Mr. Marsoni arrived at the Third District Station and paid the $25 collateral to secure Plaintiff's

---

[1]  Through the "post-and-forfeit" procedure, the arrestee "posts" $25 or $50 as collateral securing his appearance at trial, and then agrees to forfeit any right to recoup that collateral. D.C. Code § 5-335.01. The police, in turn, agree not to press charges against the arrestee. "Post-and-forfeit" is a

3

release. Three hours after she had entered the 7-Eleven, Plaintiff was handed her release papers. But to maximize the intended punitive effect of their unlawful arrest, the Officers insured that she be held for four more hours. Inconsistent with its intent to accelerate release, this manipulation of the post-and-forfeit procedure perversely caused Plaintiff to sit in jail for seven hours without probable cause. Further illustrating the animus that fueled her arrest, Plaintiff was told that her release would come sooner if she would simply sit down and "cry like a good girl." Complaint ¶¶ 16-22.

Consistent with the overall thrust of Plaintiff's allegations – that the MPD uses the statutory "post-and-forfeit" procedures as a way to improperly punish individuals whom they dislike but do not have a legitimate basis to arrest – Plaintiff has specifically alleged, among other things, that there was no probable cause for her arrest; that her arrest and detention were based upon unjustified animus directed towards those who criticize police activity; that the Officers and the District never had any intention of filing any charges against her and could not legitimately do so; that the treatment afforded her was different than treatment afforded to those arrested with probable cause in an effort by the District and the Officers to evade scrutiny for unlawful arrests; that the treatment afforded to her constituted punishment prior to trial; and that the fine charged was excessive. Complaint ¶¶ 31-35, 69-74, 77. She has alleged that the actions of the Officers and the District constituted assault and battery, false arrest, intentional infliction of emotional distress, and violations of Plaintiff's Fourth, Fifth and Eighth Amendment rights.

---

legal fiction; in all practical effect the arrestee has paid a fine to end his confinement and dispose of the charges.

**ARGUMENT**

"Dismissal for failure to state a claim is appropriate only it if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chandler v. D.C. Dep't of Corr.*, 145 F.3d 1355, 1360 (D.C. Cir. 1998) (internal citations and quotations omitted) (allowing Eighth Amendment claim based on verbal threat to go forward); see also *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (noting that "the complaint need only set forth 'a short and plain statement of the claim'" and that the complaint need not even "allege every legal element or fact that must be proven") (citation omitted). A motion to dismiss is not an opportunity to evaluate the sufficiency of the evidence supporting the complaint's allegations, and "the court must construe the complaint in the light most favorable to the plaintiff." *Vincent v. Anderson*, 621 A.2d 367, 372 (D.C. 1993). Similarly, where, as here, no discovery has commenced in a matter, a party moving for summary judgment bears a "heavy burden" in demonstrating the absence of genuine issues of fact. See *Tripp v. Dep't of Defense*, 193 F. Supp. 2d 229, 235 (D.D.C. 2002).

**A. Plaintiff Has Stated A Claim Under the Fifth Amendment.**

The District attacks Plaintiff's Fifth Amendment claims on two grounds. First, it mischaracterizes her injury as the deprivation of a privilege and not a right in an effort to render the deprivation inconsequential. Second, it contends that, even if there had been a deprivation of a right, any such deprivation was insufficient to support a substantive due process claim. See Motion to Dismiss at 9. But as we now show, the District is wrong; Plaintiff's Complaint states at least two distinct claims under the Fifth Amendment sufficient to survive a motion to dismiss.

    1.    <u>The Complaint Alleges an Equal Protection Violation.</u>

The District first contends that there can be no Fifth Amendment violation because Plaintiff was not entitled to "citation release," which was a "privilege" and not a "right."[2] But this argument ignores the nature of the Fifth Amendment right asserted: here, that the Officers and the District violated her right to equal protection of the law.[3] For equal protection purposes, the distinction between rights and privileges is immaterial. For example, a person suffers an equal protection violation when the government erects a barrier that makes it more difficult to obtain a benefit due to her membership in one group than it would be if she belonged to another group. See, *e.g.*, *Ne. Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). To be sure, not every deprivation of a privilege or benefit rises to the constitutional level. But when the government's refusal to confer a benefit is based on an unlawful classification or is without a legitimate purpose, it results in an equal protection violation. *Id*.

Here, Plaintiff alleges that MPD officers arrested her without probable cause and for no other reason than to punish her and to dissuade her from ever criticizing the police again. Because this was not a legitimate basis for taking away Plaintiff's liberty, the officers could not afford to have their lawless arrest exposed to either the United States Attorney's Office, whose personnel would be called upon to decide whether to "paper" the case (*i.e.*, authorize it for prosecution), or to a Superior Court Judge. There was one

---

[2]     D.C. Code Section 23-1101(b)(1) provides for "citation release," a procedure by which an officer who arrests an individual for a misdemeanor may, without taking him into custody, "issue a citation requiring the person to appear before" an MPD official acting as a Superior Court clerk at a subsequent date to answer for the charges.

way to avoid such exposure and evade review by the probing eyes of the United States Attorney's Office and the Superior Court: by offering "post-and-forfeit" release.

While post-and-forfeit release and citation release both permit an arrestee to be promptly released, post-and-forfeit release results in dismissal of the case before it is ever seen by prosecutors and the Court, while citation release keeps the case against the arrestee alive, but merely delays its presentation to the court. It is undisputed that if Plaintiff's arrest for being "loud and boisterous" – a highly subjective offense subject to easy abuse – had been legitimate, it would have fallen within the class of cases for which citation release is appropriate. That it was not offered in this case is telling.

The Complaint alleges that the Officers and District had two distinct policies. When there is probable cause to believe that a misdemeanor has been committed, the MPD makes citation release available to arrestees, because it knows that charges are valid and will survive scrutiny. Thus, there is no need to avoid third-party review of its unjustified arrest. By contrast, when the police intentionally make unlawful arrests to illegitimately punish individuals, they do not offer citation release. Since the arrestees are never presented in court there is no reason for either prosecutors or judges to review the officers' arrest, and by granting post-and-forfeit release to individuals who are falsely arrested, police avoid detection of their unlawful conduct. Complaint ¶¶ 28, 31, 32, 34, 69. From this abuse of the post-and-forfeit system, a rational jury could affirmatively infer a design to impose illegitimate punishment without facing the consequences of unlawful arrests.

---

3   The Due Process Clause of the Fifth Amendment, as opposed to the Fourteenth Amendment, imposes equal protection requirements upon the federal government and the District of Columbia. *Calloway v. District of Columbia*, 216 F.3d 1, 6 (D.C. Cir. 2000).

7

Generally, the Fifth Amendment prohibits differential treatment, whether in the dispensing of a right, a privilege, or a benefit, absent a sufficient governmental interest. See *Tele-Communications of Key West, Inc. v. United States*, 757 F.2d 1330, 1340 (D.C. Cir. 1985) ("Under equal protection doctrine, differential treatment of parties is constitutional only if adequately related to a sufficient governmental interest."). Where the form of release offered depends on the legality of some individuals' arrests, an equal protection violation has been stated because the government had no legitimate basis upon which to draw its distinction. In *Key West*, this Circuit held that a cable company that had been banned from competing for customers on an Air Force base stated a valid equal protection claim by claiming that there was no rational basis for its exclusion. See *Id.*

Because there is no legitimate government interest in permitting post-and-forfeit release to be used punitively to extend the length of an unlawful detention, and, simultaneously, to shield the arrest from meaningful review, the Officers' abuse of the post-and-forfeit procedures in this and other cases cannot withstand constitutional muster. See, *e.g.*, *Bolling v. Sharpe*, 347 U.S. 497, 500 (1954) (due process violated because racial segregation was not legitimate government interest); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 447 (1985) (discrimination against politically unpopular group is illegitimate aim); *Hooper v Bernalillo Cty Assessor*, 472 U.S. 612, 618 (1985) (distinguishing between new immigrants and long-time residents in the distribution of benefits violates equal protection); *Zobel v Williams*, 457 U.S. 55 (1982).

In addition, because Plaintiff's disparate treatment was based on her exercise of First Amendment rights to criticize the MPD, it likewise violates the Fifth Amendment. Complaint ¶¶ 31, 35, 74. Indeed, where a fundamental liberty (like the right to criticize

8

the government and its agents) has been denied to one group but not another, the government must show that its distinction between the two groups meets strict scrutiny – in other words, that it was narrowly tailored to achieve a compelling government interest. *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 102 n.9 (1972) (noting that content-based discrimination among pickets implicates fundamental liberty and violates the Equal Protection Clause of the Fourteenth Amendment). The Defendant can make no such showing here.

In short, Plaintiff's complaint clearly alleges that she was denied the benefit of being offered citation release, and this denial was the result of her being in the class of individuals falsely arrested for nonprosecutable, nonexistent offenses. Complaint ¶¶ 68-69. Whether viewed under the rational-basis rubric (for the government's unjustified distinction between types of arrestees) or under strict scrutiny (that the distinction was based on the government's desire to punish her for exercising her First Amendment rights) Plaintiff has alleged that she was refused a right, benefit or privilege on the basis of an unlawful distinction, and has consequently articulated a valid equal protection claim under the Fifth Amendment. *Tele-Communications of Key West, Inc.*, 757 F.2d at 1340 (allegations that denial of access to cable customers sufficient to survive motion to dismiss under either rational basis test or under strict scrutiny, where First Amendment rights impacted by government action).

2. <u>The Complaint Alleges a Denial of Substantive Due Process.</u>

Plaintiff has also stated a valid substantive due process claim. The Due Process Clause of the Fifth Amendment guarantees that "[no] person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. "The Supreme Court has repeatedly held that the Due Process Clause includes a substantive

9

component, which encompasses the right of individuals to be protected from arbitrary government action." *Turner v. District of Columbia*, 2006 U.S. Dist. LEXIS 12578, *12-13 (D.D.C. Mar. 7, 2006) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998); *Collins v. Harker Heights Tex.*, 503 U.S. 115, 126 (1992)).

Imposing punishment upon an arrestee prior to trial violates due process. See *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); *McMillian v. Johnson*, 88 F.3d 1554, 1557, 1564 (11th Cir. 1996) ("Due process prohibits a state from punishing a pretrial detainee at all until he is lawfully convicted of a crime.").

The circumstances surrounding Plaintiff's arrest and detention are sufficient to permit a jury to infer that the arrest constituted punishment prior to trial. Plaintiff was arrested because the police wanted to teach her a lesson. The Complaint is replete with allegations of the Officers' and the District's improper motives. These motives, and the resultant punishment, can be seen in the Officers' and the District's abuse of post-and-forfeit release, and in the gratuitous way they toyed with Mr. Marsoni by whisking Plaintiff away precisely when he left to retrieve the exact change they required. They are also manifest in the Officers' calculated efforts to delay Plaintiff's release by thwarting that release at the scene, by conditioning her release upon her crying "like a good girl," by delaying that release an extra four hours beyond the completion of her release papers, and by inexplicably causing a routine release to extend some seven hours. Complaint ¶¶ 12, 16-22, 31-33, 74. And because the District and its Officers wanted to ensure that their unlawful arrest would go undetected, Plaintiff was never informed that, after posting

10

collateral, she could move the Superior Court to withdraw her post and stand trial. Complaint ¶ 27.

Plaintiff alleges that it was the District of Columbia's "policy, custom, or practice . . . and the failure to adequately train or supervise" officers which directly resulted in the deprivation of her constitutional right to be free of punishment prior to trial. Complaint ¶¶ 73-75. These allegations clearly point to actions by the District and the Officers that were intended to inflict as much punishment as was possible on Plaintiff prior to trial and while she was in custody – since the Officers knew, from the moment of her unlawful arrest, that there could never be a prosecution. This is enough to state a claim for violations of Plaintiff's substantive due process rights. See, *e.g.*, *Gaylor v. Does*, 105 F.3d 572, 577-78 (10th Cir. 1997) (policy of failing to notify arrestee that bail could be posted to end detention was punitive and thus violated due process); *McMillian*, 88 F.3d at 1564 ("A showing of an intent to punish suffices to show unconstitutional pretrial punishment . . . . An intent to punish may be inferred when a condition of pretrial punishment is not reasonably related to a legitimate governmental goal.").

**B. The Use of "Post & Forfeit" Under These Circumstances Constitutes an Excessive Fine and an Excessive Bond Under the Eighth Amendment.**

The District has also urged the Court to dismiss Plaintiff's Eighth Amendment claims because the "fine was not excessive," in that it was not "grossly disproportionate[] to the gravity of [Plaintiff's] offense." Motion to Dismiss at 10-11.[4]

---

[4] The Eighth Amendment protects against three types of governmental abuse: (1) inflicting "cruel and unusual punishment"; (2) requiring "excessive bail"; and (3) imposing "excessive fines." U.S. Const. amend. VIII.

11

The problem with the District's analysis is what it ignores: that no offense was actually committed. Because the "gravity of [Plaintiff's] offense" was zero, Motion to Dismiss at 11, any fine is, by definition, disproportionate.

The Complaint alleges, *inter alia*,

- That Smith was arrested without probable cause, for doing nothing more than voicing her complaints against the MPD. Complaint ¶¶ 31, 74.

- That the Officers and the District knew that there was no probable cause to arrest or detain Smith but did so anyway, based on their animus against those who criticize the MPD and in order to teach her a lesson. *Id.*

- That the Officers and the District never intended to bring charges against her, and had no grounds to do so. Complaint ¶¶ 34, 69.

- That the District, through its failure to adequately train and supervise its officers in the proper use of post-and-forfeit release, routinely demands the payment of collateral from arrestees for whom there is no probable cause to arrest and against whom the District never intended to file charges, so as to evade review of these unjustified arrests. Complaint ¶¶ 72—75.

These Eighth Amendment violations are sufficient to survive a motion to dismiss. Despite the District's attempts to argue otherwise, Plaintiff does not assert that $25 would never be a fair amount to pay for "a disorderly conduct criminal charge that carries with it a potential penalty of up to $250 or imprisonment of up to 90 days, or both." Motion to Dismiss at 11. Indeed, it is one thing for the government to accept forfeited collateral as a fine when it otherwise could go forward with criminal charges,[5] but is quite another to purposefully offer post-and-forfeit release in order to coerce a $25 collateral payment where charges cannot legitimately be brought. When it relates to an offense knowingly

---

[5] We do not dispute that there may be times when the use of post-and-forfeit release is a legitimate means of resolving an arrest. For example, in violent mass-protest type cases, where police have a legitimate interest in removing people from the scene quickly to protect public safety, the use of such procedures may be warranted. But where the police rely on post-and-forfeit release for improper purposes, and to evade review of bad arrests, the procedures are abused – as they were here.

12

and maliciously fabricated to mete out extrajudicial punishment, even an otherwise modest $25 fine is excessive, just as *any* amount of force used by the police without probable cause and based on animus would constitute excessive force. See, *e.g.*, *Thornton v. City of Macon*, 132 F.3d 1395, 1400 (11th Cir. 1998) ("Under the circumstances [absence of probable cause], the officers were not justified in using any force . . . . Therefore, the district court properly denied the officers' motions for summary judgment.") (emphasis omitted); *United States v. Harrison*, 671 F.2d 1159 (8th Cir. 1982), cert. denied, 459 U.S. 847 (1982); *Agee v. Hickman*, 490 F.2d 210, 212 (8th Cir.1974), cert. denied, 417 U.S. 972 (1974).

Accordingly, the District's motion to dismiss Count VIII of the Complaint must fail.

### C. Summary Judgment Should Not Be Granted on the Common Law Counts Before Discovery Has Commenced.

Finally, the District argues that Plaintiff's alleged failure to give notice pursuant to Section 12-309 of the D.C. Code automatically requires dismissal of her common-law claims (Counts IX, X, and XI). Plaintiff admits she filed no notice letter pursuant to Section 12-309. Nevertheless, this shortcoming is irrelevant if the District had notice of her claim by way of police reports in its custody. Because Plaintiff has had no opportunity for discovery on the existence of such notice (or even as to the Officers' identities), summary judgment should be denied pursuant to Fed. R. Civ. P. 56(f).[6]

---

[6] Rule 56(f) permits courts to "deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Doe v. United States Dep't of Labor*, 451 F. Supp. 2d 156, 164 (D.D.C. 2006) (quoting *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989)).

13

D.C. Code § 12-309 provides that "[a] report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section." "The police report is an alternative form of notice added to '[take] care of those instances in which *actual notice* is had by the District of Columbia from the police department, although technical notice may not have been filed by the person injured.'" *Miller v. Spencer*, 330 A.2d 250, 252 (D.C. 1974), quoting H.R. REP. No. 2010, 72d Cong., 2d Sess. 2 (1933) (emphasis in original).

Courts have denied summary judgment in order to afford plaintiffs the opportunity to conduct discovery into the sufficiency of police reports under Section 12-309. For example, in *Thorne v. District of Columbia*, 2006 U.S. Dist. LEXIS 91438 (D.D.C. Dec. 19, 2006), the Plaintiff had submitted a deficient § 12-309 notice concerning potential claims, yet summary judgment was denied because discovery into the existence and contents of police reports had not yet been taken.[7] The justification for denying a motion for summary judgment at this time is even stronger here since plaintiff has yet to ascertain the identities of the Doe Defendants.

In this case, there has been no opportunity by Plaintiff to conduct any discovery whatsoever. Accordingly Plaintiff cannot adequately respond to the District's motion on the issue of 12-309 notice. See Affidavit of Joshua Ian Rosenstein, attached as Exhibit A. Accordingly, summary judgment on Counts IX, X, and XI should be denied.

## CONCLUSION

For the reasons indicated above, the Court should deny defendants' motion to dismiss.

---

[7] See also *Gross v. District of Columbia*, 734 A.2d 1077, 1082 (D.C. 1999).

       Respectfully submitted

       _____/s/_____
       John Moustakas (DC Bar # 422076)
       Joshua Ian Rosenstein (DC Bar # 482585)
       Goodwin | Procter LLP
       901 New York Avenue, NW
       Washington, DC 20001
       (202) 346 – 4000
       (202) 346 – 4444 (fax)

       Arthur B. Spitzer (DC Bar #235960)
       Frederick V. Mulhauser, (DC Bar # 455377)
       American Civil Liberties Union
          of the National Capital Area
       1400 20th St., NW, Suite 119
       Washington, DC 20036
       (202) 457-0800
       (202) 452-1868 (fax)

       Attorneys for Plaintiff Lindsay Smith

March 29, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSAY SMITH<br><br>Plaintiff,<br><br>v.<br><br>THREE UNKNOWN MPD OFFICERS,<br>  *et al.*,<br><br>Defendants. | Case No.: 06-1871 (HHK) |

**RULE 56(f) DECLARATION OF JOSHUA IAN ROSENSTEIN**

I, the undersigned, do hereby state and affirm as follows:

1. I am over the age of 18, and if called to testify, I could and would testify to the contents of this affidavit, which are personally known to me.

2. I am an attorney at Goodwin Procter LLP, which represents Lindsay Smith ("Plaintiff") in the above-captioned litigation. I am a member of the Bars of the District of Columbia and the Commonwealth of Virginia and have been duly admitted to practice before this Court.

3. Plaintiff has filed a Complaint against the District of Columbia and three unknown officers of the Metropolitan Police Department alleging breaches of both common law duties and constitutional rights. The District of Columbia moved for summary judgment of the common-law counts in the Complaint in the above-referenced matter because it claims that Plaintiff failed to satisfy the notice requirements set forth in D.C. Code § 12-309.

5. Smith does not contest that she failed to submit her own notice under section 12-309. Nevertheless, further discovery in this case is necessary to rebut the allegations raised in

the Motion to Dismiss and for Summary Judgment filed by Defendant District of Columbia. Such discovery is not available through affidavit testimony.

6. I am unaware of whether the Metropolitan Police Department ("MPD") filed any police report concerning the arrest of Lindsay Smith that underlies the Complaint in this matter.

7. I am also unaware of the contents of any such reports, should they in fact exist.

8. I am also unaware of the identities of the Doe Defendants, whose names would likely appear on any existing police records concerning Ms. Smith's arrest.

9. Discovery has not yet commenced in this matter. There has been no scheduling conference, and Defendant has not yet filed an Answer.

10. During discovery, Plaintiff intends to request any and all relevant police records, reports, and other official documents from the District concerning the arrest of Lindsay Smith.

11. Without discovery as to the existence and contents of the police records, Plaintiff cannot adequately respond to the issue of whether the District was properly on notice of her common-law claims. Accordingly, without discovery, Plaintiff is unable to respond to the District's Motion for Summary Judgment.

I declare under the penalties of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of March, 2007.

Joshua Ian Rosenstein, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSAY SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THREE UNKNOWN MPD OFFICERS, ) | Case No.: 06-1871 (HHK) |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Upon consideration of the Defendant's Motion to Dismiss, Plaintiff's Opposition thereto, any Replies, and the facts and law presented, it is this ____ day of _____ , 2007:

HEREBY ORDERED that the Defendant's Motion to Dismiss is DENIED.

_____
The Honorable Henry H. Kennedy
United States District Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSAY SMITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THREE UNKNOWN MPD OFFICERS, )<br>*et al.*, )<br>)<br>Defendants. )<br>) | Case No.: 06-1871 (HHK) |

**ORDER DENYING DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

Upon consideration of the Defendant's Motion for Summary Judgment, Plaintiff's Opposition thereto, any Replies, and the facts and law presented, it is this ____ day of _____ , 2007 ,

HEREBY ORDERED that the Defendant's Motion for Summary Judgment is DENIED.

_____
The Honorable Henry H. Kennedy
United States District Court for the District of Columbia