UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                   )
LINDSAY SMITH                         )
                                                 )
             Plaintiff,      )
                                                 )
   v.                                          )
                                                 )
THREE UNKNOWN MPD OFFICERS,   )
   *et al.*,                           )     Case No.: 06-1871 (HHK)
                                               )
            Defendants.    )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO ENLARGE TIME**

Plaintiff Lindsay Smith respectfully opposes the District of Columbia's Motion to Enlarge Time ("Motion").

Since being served with Plaintiff's Complaint on or about December 19, 2006, the District has filed only one substantive motion in this matter – a motion to dismiss, or alternatively, for summary judgment. But it was not until March 15, 2007 – after Plaintiff had consented to ***two*** requests for extensions (an additional 60 days) – that the District filed that motion. Without any extensions of time, Plaintiff timely filed an Opposition to the Motion to Dismiss on March 29, 2007. The next day, the District requested Plaintiff's consent for ***yet another*** extension: this time to file its Reply.

Struggling to remain collegial while still protecting Plaintiff's rights, undersigned counsel struck the following balance: Plaintiff would consent one last time to an extension and, thereafter, only in an absolute emergency (essentially, a three-strike rule). Plaintiff's consent was, in fact, conditioned upon the District's expressly disclosing that

1

limitation in its motion in order to clearly communicate to the Court that Plaintiff would tolerate no more delay.  Pretending its behavior is perfectly normal, now the District blithely asks for ***a fourth extension***( and indeed, an extension of the very date *it chose* in its third request for enlargement).  The Court should deny the motion and preclude the District from filing any more motions to enlarge time barring a *bona fide* emergency.

The District bases its motion on two, equally unpersuasive grounds:  first, that counsel is faced with a number of overlapping deadlines for dispositive motions in unrelated cases; and second, that Plaintiff "presented several novel legal arguments in her opposition brief that have required addition [sic] research."  Motion at 2.  As to its first excuse, it proves too much; every actively-employed lawyer could cite that excuse for extended any filing deadline since numerous deadlines and overlapping responsibilities always exist.  In fact, the District is double-dipping, for those scheduling conflicts were *precisely* the reason that the District's counsel requested, and Plaintiff's counsel consented to, the first extension to file its Reply (and third extension overall).

The District's second rationale is equally unavailing.  The arguments in Opposition (and indeed, the claims raised in the Complaint) were not seen by the District for the first time yesterday.  Rather, counsel must have read Plaintiff's Opposition before yesterday, and most likely would have known about Plaintiff's "novel" arguments two weeks ago, when it requested consent for its ***third*** extension.  But even more broadly, the issues are hardly new to the District.  The District's unconstitutional arrests and use of "post-and-forfeit" release procedures were litigated by the very same parties to this case, before the very same judge.  See *Ricks* v. *Barnes, et al.*, Civ. No. 05-cv-01756-HHK.  And the District's Motion to Dismiss those claims was denied by this very Court.  It is

simply disingenuous of the District to claim now – on the date the Reply is due – that it is surprised by the novelty of Plaintiff's arguments, when counsel had read the arguments weeks ago (prior to requesting consent for its last extension) and when many of these arguments have been raised by undersigned counsel, and defended by Defendant's counsel, several times before.

## CONCLUSION

The District's failure to abide by reasonable time limits has become a chronic issue, and is not a matter of excusable neglect.[1]  As such, it should not be tolerated.  For all these reasons, the District's motion should be DENIED and the District should be precluded from filing any more such requests, barring *bona fide* emergencies.  There is simply no other way to quash the District's contempt for the rules and keep litigation on track.

Respectfully submitted

/s/

| | |
|---|---|
| Arthur B. Spitzer (DC Bar #235960) | John Moustakas (DC Bar # 422076) |
| Frederick V. Mulhauser(DC Bar # 455377) | Joshua Ian Rosenstein (DC Bar # 482585) |
| American Civil Liberties Union | Goodwin \| Procter LLP |
| of the National Capital Area | 901 New York Avenue |
| 1400 20th St., NW, Suite 119 | Washington, DC 20001 |
| Washington, DC 20036 | (202) 346 – 4000 |
| (202) 457-0800 | (202) 346 – 4444 (fax) |
| (202) 452-1868 (fax) | |

Attorneys for Plaintiff Lindsay Smith

April 20, 2007

---

[1] In another case involving some of the same undersigned counsel, when the District made a belated request for extra time in which to oppose a fee petition, Judge Kollar-Kotelly noted that: "***The only conclusion that the Court can reach is that the defense counsel in this case and the Attorney General's Office have little regard for court orders and deadlines***." See *Heard* v. *District of Columbia*, No. 02-296 (CKK) (Order, 10/6/05).