IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSAY SMITH )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>THREE UNKNOWN MPD OFFICERS )<br>)<br>*and* )<br>)<br>THE DISTRICT OF COLUMBIA )<br>)<br>)<br>      Defendants, )<br>) | Civil No. 06-1871 (HHK) |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO THE DISTRICT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Defendant District of Columbia ("the District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 56, hereby responds to the plaintiff's opposition to the District of Columbia's Motion for Motion to Dismiss or, Alternatively, for Summary Judgment ("Motion"):

**1.   THE NOVEMBER 16, 2005, ARREST/PROSECUTION REPORT DOES NOT SATISFY THE MANDATORY NOTICE PROVISIONS OF D.C. CODE § 12-309.**

In her Opposition, plaintiff requests that the Court deny the District's Motion for Summary Judgment with regard to Counts: IX (False Arrest), X (Intentional Infliction of Emotional Distress), and XI (Assault and Battery). As the sole basis for her request, the plaintiff maintains that she should be permitted to conduct discovery into the sufficiency of the police report before the Court grants the District's motion with respect plaintiff's common law claims. (Plaintiff's Opposition, Page 14.) However, the Metropolitan Police Department Arrest/

1

Prosecution Report ("Police Report") in this matter was insufficient to provide the District with notice of potential civil liability, and therefore, does not satisfy the mandatory notice provision of D.C. Code § 12-309.  (Exhibit A, Police Report).

In some situations, a police report can provide sufficient notice to satisfy the requirements of D.C. Code § 12-309.  Pursuant to the statute, "[a] report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section."

However, it is well-settled in the District of Columbia that, for a police report to satisfy the statutory notice provisions, it must contain the same elements required of a written notice to the Mayor.  The D.C. Court of Appeals wrote that:

> The provision in the statute that permits reports by the police to serve as an alternative form of notice is based on the idea that written notice by a claimant should not be a prerequisite to legal action if, in fact, *actual notice* in the form of a police report has been received by the District.  However, we have recognized that the existence of a police report does not necessarily mean that the District has received the type of actual notice which § 12-309 contemplates—that is, information as to the time, place, cause and circumstances of the injury or damage which is the basis of the claim.

*Allen v. District of Columbia*, 533 A.2d 1259, 1262 (D.C. 1987) (emphasis in original, internal footnotes omitted).  Furthermore, the police report must "recite facts from which it could be reasonably anticipated that a claim against the District might arise." *Id.* (quoting *Pitts v. District of Columbia*, 391 A.2d 803, 808-09 (D.C. 1978)).

In *Allen*, the plaintiff brought a claim against the District for false arrest, negligence, and assault and battery in connection with an undercover operation.  *Id.* at 1260.  He argued that the notice requirements of § 12-309 had been met by the police reports filed at the time of the plaintiff's detention and during the subsequent investigation.  *Id.* at 1262.  In its decision, the D.C. Court of Appeals identified a key issue in determining whether a police report satisfies §

12-309, writing, "In effect, we ask if the District should have anticipated, as a consequence of receiving the police reports, that a complaint by Allen would be forthcoming." *Id.*

The court concluded that the trial court had properly dismissed the claims, holding that "the details of Allen's arrest were not sufficient in and of themselves to signal the likelihood that this incident, more than any other, would generate legal action against the District." *Id.* at 1263; *see also Washington v. District of Columbia*, 429 A.2d 1362, 1366 (D.C. 1981) (*en banc*) ("The … police report must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence."); *Miller v. District of Columbia*, 330 A.2d 250, 252 (D.C. 1974) ("a police report must do more than merely report the happening of an event or accident; it must also report—give notice of—any then apparent injury … which later forms the basis of the claim.") (footnote omitted).

In the case at hand, the Report fails to meet this standard. The "statement of facts" section of the Police Report states:

> I observed a white Female, D-1 yelling at police officers inside of the listed location. As D-1 exited the listed location I observed her turn around face the location and extend her middle finger and yelled to the officers "fuck you mother fuckers." At that time D-1 was advised to move along at which time she continued to curse at officers. D-1 was stopped for identification purposes so she could be issued a 61 D (citation). During the stop D-1 turned around and yelled in my face "I want your fucken badge number." I advised D-1 to turn around and place her hands on the wall for my safety. I advised D-1 for the third and final time to refrain from screaming and her response was "fuck you little bitch." At that time a breach of the peace occurred and D-1 was placed under arrest for disorderly conduct….

(Exhibit A, p. 2)

Noticeably absent from this narrative is any mention of extreme and outrageous conduct on the part of any of the involved police officers. The absence of such facts negates any possible inference that the District had received notice of a possible claim of Intentional Infliction of Emotional Distress. Similarly absent are any references to a harmful or offensive

3

touching of the plaintiff by any of the involved officers or facts that tend to show that the plaintiff was even in reasonable apprehension of such a touching. The District therefore clearly was not put on notice of the plaintiff's Assault and Battery claim. Finally, the narrative clearly demonstrates facts tending to show that a public breach of the peace had occurred due to the plaintiff's loud and boisterous behavior. This fact, coupled with the plaintiff's voluntary decision to post and forfeit, as reflected in the same police report (Exhibit A, page 1), demonstrates that the District did not receive any notice that the plaintiff intended to file a claim of Common Law False Arrest.

The Metropolitan Police Department processes thousands of traffic police reports each year, a substantial portion of which involve arrests for Disorderly Conduct. Without any indication as to why *this particular* incident would give rise to liability on the part of the District, the report cannot satisfy the statutory notice provisions of § 12-309. The police report did not give the District any reason to believe that the matter warranted further investigation, nor did the Report provide the District with actual notice of plaintiff's Common Law claims against it, and as such these claims are barred as a matter of law.

**2.    THE PLAINTIFF HAS NOT STATED A CLAIM THAT HER CONSTITUTIONAL RIGHTS WERE VIOLATED.**

In her opposition, plaintiff attempts to clarify her Fifth Amendment claim by alleging that her right to equal protection under the law and due process of law were violated by the District's improper use of its statutory authority to offer or withhold alternative arrest procedures. The plaintiff further alleges that her Eighth Amendment right to be free from excessive fines or bail was violated by virtue of the fact that the police officers allegedly arrested her without probable

4

cause. None of these allegations support a constitutional violation on which relief can be granted.

> A.  **The Plaintiff Does Not State a Claim that She was Denied Her Rights Under the Equal Protection Clause of the Fifth Amendment of the United States Constitution.**

In her opposition, plaintiff clarifies her Fifth Amendment claim as an Equal Protection claim, based on her allegation the Metropolitan Police Department's (MPD) officers knowingly arrested her without probable cause, and therefore the District's actions were not rationally related to a legitimate governmental interest.

Selectivity in the enforcement of criminal laws *is* subject to some constitutional constraints. The Equal Protection Clause prohibits selective enforcement "based upon an unjustifiable standard such as race, religion or other arbitrary classification." *Oyler v. Boles,* 368 U.S. 448, 456 (1962). The plaintiff's complaint, however, does not claim that the police employed such impermissible factors in exercising their discretion.[1] Rather, plaintiff alleges that the District's treatment of her violated the Fifth Amendment, because MPD officers knowingly arrested her without probable cause, and therefore, the District's actions were not rationally related to a legitimate governmental interest.

---

[1] The Plaintiff alleges in her Opposition that she had been the subject of governmental discrimination based on the government's desire to punish her for excising her First Amendment Rights, however, plaintiff's complaint does not even contain the terms "free speech" or "First Amendment", and plaintiff's opposition cites to no legal authority based on facts similar to those alleged in her complaint, much less holds that such a set of facts could give rise to a First Amendment claim.

5

As authority for this proposition she cites to *Key West, Inc. v. United States,* 757 F.2d 1330 (D.C. Cir. 1985), a case concerning a cable company's claim that it had been denied its First and Fifth Amendment rights due to being banned from competing for customers on a United States Air Force base. However, plaintiff cites no authority that advances the plaintiff's novel theory asserted here, that it is the practice of MPD officers to unlawfully arrest innocent persons and then to offer post and forfeit as a means of evading judicial review of their unlawful activity.

The plaintiff cites no case that stands for the proposition that a matter solely within the law enforcement official's discretion–such as the decision to use a procedure such as "post and forfeit" or "citation release" (District's motion, page 9, citing to D.C. Code § 23-1110(b)(1) and (2))–can serve as the basis of an Equal Protection claim. Similarly, plaintiff cites to no authority to advance her contention that disparate treatment in the application of different alternatives to arrest processing can serve as the basis of an Equal Protection claim, particularly when no suspect classification is implicated. In essence, plaintiff has presented a novel legal theory without a shred of authority suggesting that such a claim is possible.

Moreover, the logic behind plaintiff's main argument is undercut by the voluntary actions of the plaintiff and the flexible nature of the post-and-forfeit statute. Plaintiff's theory is based on an assumption that, by arresting purportedly innocent citizens, then allowing them to post collateral payments, police officers have prevented review of the arrest for probable cause determination. However, the practice alleged by plaintiff would not allow police officers to avoid such review. First, the plaintiff could have elected to post bond and still challenged her arrest at trial. The statute provides that the:

> "post-and-forfeit procedure" shall mean the procedure enforced as part of the criminal justice system in the District of Columbia whereby a person with

6

> certain misdemeanors *may* simultaneously post and forfeit an amount as collateral (which otherwise would have served as security upon release to ensure the arrestee's appearance at trial) and thereby obtain full and final resolution of the criminal charge.

D.C. Code § 5-335.01(a)(emphasis added).

Then, having elected to post and forfeit her collateral payment, the plaintiff still could have had the opportunity to contest the validity of the arrest at trial by moving to set aside her forfeiture within 90 days. D.C. Code § 5-335.01(d). Therefore, the plaintiff's unifying theory– that the police arrested her without probable cause knowing she would be denied her ability to seek judicial review–is without merit, because it was the plaintiff's own decision to post and forfeit, and it was also plaintiff's own decision to not move to set aside the forfeiture. Finally, even if plaintiff had not moved to withdraw her forfeiture, the forfeiture would not bar a review of the validity of her arrest in civil court. D.C. Code § 5-335.01(d)(6).

Plaintiff has wholly failed to state a claim that her rights under the Equal Protection cause of the Fifth Amendment have been violated. Simply put, she has failed to provide any legal authority that her theory of liability can even constitute an Equal Protection claim. Further, even if she had provided a legal basis for her theory, she has failed to plead sufficient facts to state such a claim.

### B. The Plaintiff Does Not State a Claim that She was Denied Her Rights Under the Due Process Clause of the Fifth Amendment of the United States Constitution.

In her opposition the plaintiff alleges that the District violated her right to Due Process of law. However, the plaintiff's has not described any set of facts that could "shock the conscience" of the Court.

As argued in the District's motion to dismiss, to assert a violation of substantive due process, plaintiff must show that the District of Columbia's conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). The plaintiff has not alleged a set of facts that satisfy this high standard.

Plaintiff alleges that after posting her $25.00 collateral payment, her release was delayed by four hours. She also alleges that an MPD official implied that if plaintiff cried "like a good girl" she would expedite her release. These alleged facts do not reflect governmental actions that shock the contemporary conscience.

Furthermore, as authority for her Due Process claim, plaintiff cites two cases that have to do with the treatment of *pre-trial detainees.* (Opposition, page 10, citing to *Bell v. Wolfish*, 441 U.S. 520 (1979) and *McMillian v. Johnson*, 88 F.3d 1554) These cases are distinguishable from the one at bar. In these cases, the detainees' right to be release had not yet accrued, because they had not posted bond or resolved the criminal matter. In this matter, the plaintiff had posted her collateral payment but experienced a brief delay in her release. Neither case addresses minor processing delays upon release. Such minor delays do not rise to the level of a Due Process violation. See, *e.g., Stepnes v. Hennepin County,* 153 Fed.Appx 410 (8th Cir. 2005) (on two separate occasions arrestee who had posted bond was not released until after a four to six-hour delay due to administrative processing. Court held that the delays did not constitute deliberate indifference, and therefore, did not violate plaintiff Due Process rights); *Goldberg v. Hennepin County*, 417 F.3d 808 (8th Cir. 2005) (ten hour delay after posting bond due to temporary problems associated with a new computer system did not result in a violation of plaintiff's Due Process rights). The authority upon which the plaintiff relies is, therefore, inapplicable.

8

Finally, at the heart of plaintiff's Fifth Amendment claim is her contention that she was arrested and detained without probable cause. In *Albright v. Oliver,* 510 U.S. 266 (1994), the Court found that petitioner's incarceration, based on an arrest pursuant to a warrant obtained without probable cause, did not violate his substantive due process rights but implicated those under the Fourth Amendment, if any. In his concurrence, Justice Souter concluded that substantive Due Process should be reserved for otherwise "homeless" substantial claims, and should not be relied upon when doing so would duplicate protection that a more specific constitutional provision already bestows.

In this matter, the plaintiff contention that she was arrested without probable cause is properly analyzed under the more specific rubric of the Fourth Amendment, and should not be considered a viable claim under the Due Process clause of the Fifth Amendment.

### C.  The Plaintiff Does Not State a Claim that She was Denied Her Rights Under the Eighth Amendment to the United States Constitution.

The plaintiff alleges in her opposition that she was denied her Eighth Amendment right to be free from excessive fines or bail. Again, at the heart of this argument is plaintiff's contention that she was arrested without probable cause. She maintains that she never actually committed the offense that she was arrested for, and therefore, the seizure of *any* fine money was excessive.

However, in this matter, plaintiff voluntarily elected to post-and-forfeit her collateral payment. Plaintiff could have elected to use the same $25.00 to post bond and challenge the charge against her at trial. D.C. Code § 5-335.01(a) Therefore, plaintiff's $25.00 collateral payment was not excessive, as it was the same amount she would have paid for bond had she not elected to resolve this matter without contesting the evidence against her at trial.

Finally, as with plaintiff's Due Process claim above, the plaintiff's allegation that MPD officers did not have probable cause to arrest her cannot somehow transform itself from a Fourth Amendment claim into a claim under the Eighth Amendment. The tortured nature of this claim is obvious in that plaintiff attempts to argue by analogy that her Eighth Amendment rights have been violated by citing to three cases having to do with excessive force claim. (Plaintiff's Opposition, P.13).

Allegations of insufficient probable cause are properly analyzed under the more specific rubric of the Fourth Amendment, and therefore, the Court should grant the District's Motion to Dismiss with regard to plaintiff's Eighth Amendment claim.

### *Conclusion*

The MPD Police Report in this matter was insufficient to provide the District with notice of potential civil liability, and therefore, does satisfy the mandatory notice provision of D.C. Code § 12-309. Therefore, the Court must summarily dismiss plaintiff's common law claims.

Further, plaintiff has failed to provide sufficient legal authority that her theory of liability under the Equal Protection clause of the Fifth Amendment can constitute an Equal Protection claim, and even if she had provided a legal basis for her theory, she has failed to plead sufficient facts to state such a claim. Thus, plaintiffs Equal Protection claim must fail.

Finally, allegations of insufficient probable cause are properly analyzed under the more specific rubric of the Forth Amendment, and therefore the Court should grant the District's Motion to Dismiss with regard to plaintiff's Substantive Due Process claim and her Eighth Amendment claim.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the
District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov

# Exhibit A

## METROPOLITAN POLICE DEPARTMENT
### Washington, D. C.
ARREST/PROSECUTION REPORT
163 Rev. 5/2002          G.O. 401.5

IT-ARREST NO. 03050...

| Field | Value |
|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE — UNIT - DATE/TIME - NCIC NO. (ID ONLY) | |
| 2. ID NUMBER (ID ONLY) | |
| 3. DEFENDANT'S TRUE NAME - LAST, FIRST, MIDDLE (ID ONLY) | |
| 4. CID NUMBER | |
| 6. DEFENDANT'S NAME - LAST, FIRST, MIDDLE (At time of arrest) | Smith, Lindsay Pierce |
| 7. DEA LAB NUMBER | |
| 8. Arresting Officer's Name | Acebal, L |
| Rank | OFC |
| Badge # | 1313 |
| Agency | MPD |
| 9. TYPE OF RELEASE | ☐ CITATION ☐ BOND ☒ COLLATERAL |
| 10. NICKNAME / ALIAS | None given |
| 11. PHONE NUMBER | 786-390-6176 |
| 12. COURT DATE | N/A |
| 13. ADDRESS | 1748 Willard Street NW #2 |
| 14. TIME IN D.C. | 2 years |
| 15. ☐ CHILD ABUSE ☐ GANG ☐ HATE SPECIAL INTELLIGENCE ☐ SENIOR CITIZEN ☐ DOMESTIC VIOLENCE | |
| 16. SEX | Female |
| 17. RACE | White |
| 18. BIRTHDATE | 8/27/78 |
| 19. SOCIAL SECURITY NUMBER | 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 |
| 20. NEED INTERPRETER | ☐ YES ☒ NO |
| 21. HEIGHT | 6-2 |
| 22. WEIGHT | 160 |
| 23. HAIR | Brn |
| 24. EYES | Gre |
| 25. COMPLEX | Light |
| 26. PERMIT NO/ST | 1509647 / DC |
| 27. BIRTHPLACE | Illinois |
| 28. CO-DEFENDANTS: Number 0 | |
| 29. IMPERSONATOR? | ☐ M ☒ F ☐ NO |
| 30. ETHNICITY | White |
| 31. CAUTION | N/A |
| 32. SCARS/MARKS/TATTOOS | Lower middle back and right/left ankle |
| 33. HAT | N/A |
| 34. JACKET | N/A |
| 35. PANTS | Blue |
| 36. COAT | N/A |
| 37. SHIRT | Blk |
| 38. SKIRT/DRESS | N/A |
| CHECK MADE BY (Name) | Morales |
| 39. WALES/NCIC CHECK — NCIC NUMBER | 63564 |
| WARRANT ON FILE | Yes ☐ No ☒ |
| 40. LOCATION OF OFFENSE | 3100 Block of Mt Pleasant NW |
| DATE OF OFFENSE | 11/16/05 |
| TIME OF OFFENSE | 0145 |
| 40. LOCATION OF ARREST | 3100 Block of Mt. Pleasant NW |
| DATE OF ARREST | 11/15/05 |
| TIME OF ARREST | 0155 |
| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | Antonio, J, 4409, OFC, MPD |
| ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | Morales, J, 273, OFC, MPD |
| 43. DEFENDANT ADVISED OF RIGHTS — DATE | 11/1/2005 |
| TIME | 0203 |
| LOCATION | 3D |
| OFFICER'S NAME - ADVISING / COMPLETING PD FORM 47/47A | Acebal, L |
| BADGE NO. | 1313 |
| UNIT | 3D |

44. COMPLAINANTS / WITNESSES

| | NAME - LAST, FIRST, M.I. | ADDRESS | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|---|
| V-1 | Public/Society | | N/A | | |
| V-2 | | | | | |

| 45. SPEC. OPS | 46. TACTICS | 47. PREMISES | 48. SCHOOL ZONE / PUBLIC HOUSING |
|---|---|---|---|
| None | 1 - Routine Patrol | 1 - Street | ☐ ☐ |

| CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA/BOND RECEIPT NO |
|---|---|---|---|---|
| 1. Disorderly Conduct (Loud & Boisterous) | | 155750 | Elect to Forfeit | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

50. PROPERTY RECOVERY / ITEMS OF EVIDENCE

PROPERTY BOOK/ PAGE NO. | CSES NO.

51. INITALS - DATE - UNIT OF PERSON TAKING PRINT: 11/16/05

52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS: Hates Police

53. RIGHT THUMB PRINT

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor, Page 4, Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

| FROM –DATE –TO | EMPLOYER | 55. EMPLOYMENT HISTORY (List present employment if any, on Line 1) ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| 1. | Unemployed | | | |
| 2. | | | | |

| RELATIONSHIP | DOB/AGE | 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES (Begin with immediate family) NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| Fiancee | 25 | Adren Marsoni | 1748 Willard Street NW #2 | 786-390-6176 |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE ☐ YES ☒ NO ☐ REFUSED | 59. PHONE NUMBER |
|---|---|---|
| N/A | | |

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)

The event occurred on 11/16/05 at approximately 0145 at 3100 Block of Mt Pleasant NW in Washington DC.

While working an overtime detail as overtime 3, we were parked in front of 3146 Mt. Pleasant St NW. I observed a white female, D-1 yelling at police officers inside of the listed location. As D-1 exited the listed location I observed her turn around face the location and extended her middle finger and yelled to the officers "fuck you mother fuckers". At that time D-1 was advised to move along at which time she coutinue to curse at officers. D-1 was stopped for identification purposes so she could be issued a 61 D (citation). During the stop D-1 turned around and yelled in my face "I want your fucken badge number". I advised D-1 to turn around and place her hands on the wall and refrain from screaming. D-1 refused my commands, yelled again in my face and refused to place her hands on the wall for my safety. I advised D-1 for the third and final time to refrain from screaming and her response was "fuck you little bitch". At that time a breach of the peace occurred and D-1 was placed under arrest for disorderly conduct. I detected a strong smell of alcohol from D-1's person (breath). D-1 advised that she had just left the Raven bar on Mt. Pleasant Street NW.

D-1 was identified by a DC government issued driver's license as Lindsay Pierce Smith, DOB: 08/27/78.

D-1 was placed under arrest and transported to 3D for processing.

**DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)]

"uck you Bitch" "What a waste of my tax money!" " I am a citizen of this country!" " What are you going to arrest me for, being drunk ith a burrito!"

RECORD CLERK'S NAME
orales

| ARREST RECORD SUMMARY | | | | | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|---|
| | | 3. | | 5. | |
| | 2. | 4. | | 6. | |

BAIL REFORM ACT CASES: Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no
(If yes, include in Defendant's Version/Remarks Section above.)

PRINTED NAME – OFFICER MAKING STATEMENT
bal, L

SIGNATURE OF OFFICER MAKING STATEMENT

| BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL | | |
|---|---|---|---|---|
| 1313 | OFC | | | |
| UNIT | DATE | UNIT | | DATE |
| MPD | 11/16/2005 | 3D | | 11/16/05 |

PD 168 Revised 5/2002

# METROPOLITAN POLICE DEPARTMENT
## Court Case Review

Page __ of __

DEFENDANT'S TRUE NAME: (Last, First, Middle)

DEFENDANT'S NAME (AT TIME OF ARREST)
Smith, Lindsay Pierce

CCN NUMBER: 155750
DATE OF ARREST: 11/15/05
PROPERTY CONTROL NUMBER

POLICE CHARGES:
Disorderly Conduct (Loud & Boisterous)

DEA LAB NUMBER

CO-DEFENDANTS: (List name and arrest number)
1.
2.
3.
4.

| # | OFFICER/DETECTIVES NAMES | BADGE | UNIT | CASE INVOLVMENT (Use codes table from reverse side) | | |
|---|---|---|---|---|---|---|
| 1 | Acebal, L | 1313 | MPD | PC | | |
| 2 | Antonio, J | OFC | MPD | 2N | | |
| 3 | Morales, J | OFC | MPD | ST | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |

I HEREBY CERTIFY THAT THE ABOVE ___ LISTED MEMBERS PARTICIPATED IN THE INVESTIGATION OF THIS ARREST AND ARE INVOLVED POLICE WITNESSES.

Preparing Officer (Last, First, MI)
Acebal, L

Preparing Officer's Signature

Badge No. 1313
Unit MPD

Reviewing Official (Last, First, MI)
Neal, Ralph A

Reviewing Official's Signature

Rank: Lt
Unit: 3D
Date: 11/16/05
Date: 11/16/05

USA/OCC Use Only

**Court Notification Form**

PD 67
REV. 7/25/04

**COLLATERAL/BOND RECEIPT**
**METROPOLITAN POLICE DEPARTMENT**
WASHINGTON, D.C. 20001-2188

19434

☒ **COLLATERAL**
You are eligible to elect to forfeit collateral for this charge. If you elect to forfeit the collateral amount assigned to the charge, you are agreeing to waive your right to a hearing in court, and the case against you will be concluded without an admission of guilt. However, you will have an arrest record of all charges for which you forfeited collateral.

Forfeiture is final unless you (or your attorney) file a "Motion To Set Aside Forfeiture" within 90 days from the date of the forfeiture. You may wish to file this motion if you decide to contest the charge at a later date.

The motion must be filed with the D.C. Superior Court (Traffic Clerk's Office, 500 Indiana Avenue NW, Room 4110). A copy of the motion must also be served on the prosecuting agency (Attorney General for the District of Columbia, Public Safety Division, 441 4th Street NW, Suite 450 North). **You MUST bring this form with you.**

By signing this form, you are acknowledging that it is your choice to elect to forfeit the collateral amount set for this charge, and that by doing so, you are agreeing to waive your right to a hearing in court.

☐ **BOND**
You are eligible to post bond for this charge. You may post a cash bond amount assigned to the charge, OR a bondsman licensed by the D.C. Superior Court may agree to post the bond amount for you.

You will be required to appear in D.C. Superior Court for an arraignment hearing, the date and time of which is recorded in Box Number 16 on this form. If you are convicted, you will have a criminal record in addition to your arrest record. If you fail to appear in court on the date and time indicated, a warrant will be issued for your arrest.

1. BOOKING DISTRICT: 3
2. DATE COLLATERAL/BOND POSTED: 11/16/05
3. TIME COLLATERAL/BOND POSTED: 2:50 P.M.
4. THIS IS TO CERTIFY THAT:
   LAST NAME: SMITH
   FIRST NAME: LINDSAY
   MIDDLE: 
5. ADDRESS: 1748 WILLARD ST #2 NW
6. HAS DEPOSITED: $25
7. ON CHARGE OF: DO LOUD + BOISTEROUS
8. PERMIT/LICENSE NUMBER: —
9. ARREST NUMBER: 035506 884
10. NOI/PD 61D NUMBER:
11. ARRESTING/ISSUING OFFICER/DISTRICT:
    LAST NAME: ACEBAL
    FIRST NAME: L
    DISTRICT: 3
12. COLLATERAL OR BOND DEPOSITED BY:
    LAST NAME: SMITH
    FIRST NAME: LINDSAY
13. ARRESTEE SIGN NAME TO ACKNOWLEDGE HE/SHE HAS READ AND UNDERSTANDS STATEMENT ON COLLATERAL OR BOND, AS APPLICABLE
    [signature]
14. STATION CLERK NAME/CAD ID:
    LAST NAME: LEE
    CAD ID: 6754

**FOR BOND CASES ONLY**
15. DATE AND TIME OF ARRAIGNMENT HEARING:

Distribution: White copy: Violator, Yellow copy: Superior Court Copy, Pink Copy: Police Department Copy