UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LINDSAY SMITH                       )
                                    )
            Plaintiff,              )
                                    )
    v.                              )
                                    )
THE DISTRICT OF COLUMBIA,           )
    *et al.*,                       )   Case No.: 06-1871 (HHK)
                                    )
            Defendants.             )
_____ )

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME

Plaintiff's Amended Complaint was docketed on May 8, 2007, and instantly served electronically on the District of Columbia. Pursuant to Federal Rule of Civil Procedure 15(a), the District of Columbia had ten days in which to file a response. Falling back into its utterly predictable pattern of unnecessary delay, the District, on the very day its response was due, moved this Court for an extension of time within which to file its respond - its *fifth* such motion in as many months. The Court should deny the District's latest attempt at unjustified delay.

Since Plaintiff filed her original Complaint on November 2, 2006, the District has faced but three deadlines: (i) to file a response to Plaintiff's original Complaint; (ii) to file a reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, and now, (iii) to file a response to Plaintiff's Amended Complaint. Yet the District has requested a total of *five* extensions of time for these three deadlines, in each case waiting until the eleventh hour to file its motion. Plaintiff agreed to the District's first three requests, but expressly noted

1

that consent to any further requests for extensions of time would require a showing of some legitimate need. Nevertheless, despite knowing that Plaintiff's patience was wearing very thin, the District persists in its unjustified dilatory tactics, now requesting a **14-day** extension of the **10-day** period to respond to an amended pleading. The characteristic late timing and weakness of the District's request only serves to amplify the District's arrogant expectation that such extensions are a matter of right, rather than a privilege for which adequate justification must be shown. The District's behavior in this case is part of a larger pattern of deliberate disregard for the rules of this court,[1] and as such, should not be tolerated.

First, the District's Motion should be denied because the District has no adequate justification for the delay.[2] The District bases its Motion largely on the ground that it has not yet had the opportunity to confer with the individually-named officers regarding Plaintiff's Amended Complaint. This claim is not credible. After Plaintiff filed her initial Complaint, the District identified the unnamed police officers. We know this because (1) it filed a motion to dismiss which required it to talk to the officers; and (2) it attached police reports to its Reply brief that identified the officers. In short, it is disingenuous for the District to claim that it needs *now* to confer with the officers in order to respond to Plaintiff's Amended Complaint, since it has *already conferred* with the

---

[1] The District's dilatory conduct has not been limited to this case alone. In another case involving the undersigned counsel, when the District made a belated request for extra time in which to oppose a fee petition, Judge Kollar-Kotelly noted that: "***The only conclusion that the Court can reach is that the defense counsel in this case and the Attorney General's Office have little regard for court orders and deadlines***." See Heard v. District of Columbia, No. 02-296 (CKK) (Order, 10/6/05). This likewise has been the District's standard procedure in a case pending before this very Court. <u>Ricks v. Barnes</u>, 05-1756 HHK.

[2] The District seems once again to have a misunderstanding of the need for a meet-and-confer concerning motions such as this one. While the District did request consent of Plaintiff to its motion, it never explained fully *why* it needed an extension. Nor has it done so in the Motion itself.

individual officers concerning the factual allegations in the original complaint, which are nearly identical to the allegations raised here.[3]  Indeed, there are only two possibilities: either the District has already conferred with the Officers (whose names the District knew long ago) in order to investigate its arguments in its motion to dismiss; or the District filed its previous motion in bad faith, without conferring with relevant witnesses or conducting a thorough investigation into the claims.  In either scenario, the District should not now be awarded for its conduct, and no extension of time  is warranted.[4]

Relatedly, Plaintiff only came to know the names of the individual officers when the District filed the Plaintiff's arrest report on April 25, 2007 as an Exhibit to its Reply Brief in support of its Motion to Dismiss.  The District therefore has known the identities of the previously-unidentified Defendant officers since at least that date (and probably considerably longer) and has had ample opportunity to confer with the individual Defendants.  Even assuming the District had failed to confer with the Officers prior to filing its Motion to Dismiss, it has now had well over a month to conduct its internal investigation.  The District's failure to do so in a timely and efficient manner is a result of its own neglect, and the Court should not reward the District for its actions.

Finally, the District has claimed that Plaintiff will not be prejudiced by granting its request for an extension of time.  It has argued similarly each of the *five* previous instances it has made such a request.  Apparently, the District believes that no delay

---

[3]  The Amended Complaint names the individual officers, tweaks some factual allegations concerning police practices and procedures, and raises new constitutional and common law claims.  However, with respect to the circumstances surrounding Plaintiff's arrest, the allegations remain largely unchanged.

[4]  Additionally, as the District knows, the fact that the individual officers have not yet been served is irrelevant.  Indeed, it filed its Motion to Dismiss the initial complaint without waiting for its co-defendants to be served.

3

would ever prejudice a Plaintiff.  This clearly is untrue, both legally and factually.  Ms. Smith deserves her day in court and must be allowed to seek redress for the wrongs committed against her by the District and its officers.

## CONCLUSION

For the reasons indicated above, the Court should deny Defendant's Motion.

                                  Respectfully submitted

                                     /s/  Joshua Ian Rosenstein
John Moustakas (DC Bar # 422076)
Joshua Ian Rosenstein (DC Bar # 482585)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346 – 4000
(202) 346 – 4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser, (DC Bar # 455377)
American Civil Liberties Union
  of the National Capital Area
1400 20th St., NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Smith

May 22, 2007