IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSAY SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 06-1871 (HHK) |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| ) | |
| Defendants, ) | |
| ) | |

**DISTRICT OF COLUMBIA'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT 1**

Defendant District of Columbia, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) hereby asks this Court to dismiss Count XII and XIII of the plaintiff's Amended Complaint for the following reasons: 1) Ms. Smith was not denied Due Process of Law or Equal Protection under the Law and 2) Ms. Smith was not subjected to excessive bail or fines. A Memorandum of Points and Authorities and a proposed order is attached hereto.

Pursuant to Local Rule 7, the defendant is not required to seek the plaintiff's consent to a dispositive motion.

                                                                Respectfully submitted,

                                                                LINDA SINGER
                                                                Attorney General for the District of Columbia

                                                               GEORGE C. VALENTINE
                                                               Deputy Attorney General
                                                               Civil Litigation Division

---

1 On May 7, 2007, the plaintiff filed her Amended Complaint, naming individually three officers of the Metropolitan Police Department. A review of the Court's docket reveals that there has been no Affidavit of Proof of Service filed with the Court as of this date. Until such time as these officers are properly served, no response on their behalf is due. Defendants do not waive any of their rights to proper service in the above styled matter, by filing this motion.

                    /s/
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III


                    /s/
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY SMITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>)<br>Defendants, )<br>_____) | Civil No. 06-1871 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT OF COLUMBIA'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant District of Columbia, by and through undersigned counsel, hereby submits the instant memorandum of points and authorities in support of its motion to partially dismiss the plaintiff's Amended Complaint. Accordingly, the District states as follows:

*Background*

Plaintiff Lindsay Smith brings this lawsuit against the District of Columbia (hereinafter "the District") to recover for alleged damages arising out of her arrest for disorderly conduct in the District of Columbia on November 15, 2005. On November 2, 2006, plaintiff filed a complaint against the District, and three unknown Metropolitan Police Department (hereinafter "MPD") officers, alleging, among other things, that on November 15, 2005, she was wrongfully arrested on a charge of disorderly conduct by three unknown MPD officers and that her Fifth and Eighth Amendment rights had been violated. (Complaint). On March 15, 2007, the Distinct of Columbia filed its Motion to Dismiss, or Alternatively, for Summary Judgment. On May 7, 2007, the plaintiff filed her Amended Complaint, naming the three previously unnamed officers

as defendants. (Amended Complaint, Page No. 2). On May 8, 2007, the Court issued its Minute Order denying the District's motion as moot.

According to the Amended Complaint, plaintiff was arrested on a charge of disorderly conduct on November 15, 2005. (Amended Complaint at ¶ 14.) Upon her arrest, plaintiff was taken to the Third District Police Station where she was allowed to "Post and forfeit," a procedure "the police *can* offer certain misdemeanor arrestees." (Amended Complaint at ¶ 23.)(emphasis added.) Plaintiff alleges that she was given her release form noting "that at 2:50 a.m., the $ 25 collateral had been paid…" and that ..."[t]hough she had been holding her release papers for over 4 hours, [she] was not released from custody until approximately 7:00 a.m." (Amended Complaint at ¶'s 19 and 21.)

However, plaintiff was not offered "citation release," "another procedure the police *can* offer to eligible persons arrested for certain misdemeanors." (Amended Complaint at ¶ 25.)(emphasis added.) Consequently, plaintiff alleges that she was unconstitutionally denied the right to be offered "citation release." (Amended Complaint at ¶'s 108 and 109.)

Ms. Smith's Amended Complaint identifies several counts against the District and the recently named (but as yet unserved) MPD police officers. Among these counts are Count "XII: Violation of Fifth Amendment Rights (Defendant District of Columbia)" and Count "XIII Violation of Eighth Amendment Rights (Defendant District of Columbia)." In Count XII, plaintiff alleges that the District, in violation of the Fifth Amendment, has a custom, practice and policy of offering post and forfeit to arrestees without offering citation release when officers have no probable cause to arrest. According to the plaintiff, MPD officers engage in this practice so that their unlawful arrests can evade judicial review since the arrestees are never informed of their right to seek judicial review. Plaintiff also alleges that the District's failure to train and

supervise officers on the proper use of "post and forfeit" reflects deliberate indifference. In Count XIII, the plaintiff argues that the District violated the Eighth Amendment when its officers arrested her without probable cause, and the unlawful arrest caused her to pay an unnecessary, excessive and illegal fine.

### *Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant, therefore, is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Under this burden of proof, Mr. Smith's claims against the District cannot stand. Therefore, the instant motion should be granted.

*Argument*

1. **THE PLAINTIFF HAS FAILED TO STATE A CLAIM THAT SHE WAS DENIED A RIGHT IN VIOLATION OF THE FIFTH AMENDMENT.**

Plaintiff claims that the District's actions deprived her of her Fifth Amendment rights to due process and equal protection under the law by offering her post and forfeit relief and failing to offer her citation release after her arrest. (Count XII, Amended Complaint)

*a. Procedural Due Process.*

The Fifth Amendment to the United States Constitution states that no person shall be "…deprived of life, liberty, or property, without due process of law…." Plaintiff argues in her Amended Complaint that the failure of MPD officers to offer her citation release constituted a deprivation of her right to Due Process. (Amended Complaint ¶ 109.)

The first step in any due process analysis is "to determine whether constitutional safeguards apply at all, *i.e.*, whether a private party has a property or liberty interest that triggers Fifth Amendment due process protection." *Reeve Aleutian Airways, Inc. v. U.S.*, 982 F.2d 594 (D.C. Cir. 1993) (*citing Cleveland Bd. of Education v Loudermill*, 470 U.S. 532, 538–41 (1985). In this case, this analysis need go no further than this initial inquiry; plaintiff has not been deprived of *any* constitutionally protected rights.

Similar to post and forfeiture, citation release is not a procedural right, and the decision of whether or not to offer citation release to a potential arrestee is within the discretion of the arresting officer or designated MPD official: 2

---

2 The "post and forfeiture" procedure is not a right, but a privilege extended as a matter of pragmatic resolution of the vast corpus of cases coming before the superior courts. District of Columbia v. Baylor, 125 WLR 1665 (Super. Ct. 1997).

> An officer or member of the Metropolitan Police Department who arrests without a warrant a person for committing a misdemeanor *may,* instead of taking him into custody, issue a citation requiring the person to appear before an official of the Metropolitan Police Department designated under subsection (a) of this section to act as a clerk of the Superior Court.

D.C. Code § 23-1110(b)(1) (emphasis added.)

> Whenever a person is arrested without a warrant for committing a misdemeanor and is booked and processed pursuant to law, an official of the Metropolitan Police Department designated under subsection (a) of this section to act as a clerk of the Superior Court *may* issue a citation to him for an appearance in court or at some other designated place, and release him from custody.

D.C. Code § 23-1110(2) (emphasis added)

The plain meaning of these statutory sections demonstrate that the arresting officer, or other MPD official, *may*, elect to offer citation release, but no entitlement to this procedure is contemplated within these statutes. Because the plaintiff has failed to identify a right or liberty interest that she possesses but rather a alternative arrest procedure which is offered or withheld pursuant to the discretion of the arresting MPD officer or other MPD official, any claim that she has been denied a right without due process of law must fail.

### *b. Substantive Due Process*

As demonstrated above, there is no "right" to a citation release. Even assuming there is, however, plaintiff fares no better. "Once a property interest is found, however, the doctrine of substantive due process constrains only egregious government misconduct." *GWU*, 318 F.3d at 209 (*citing Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988) (doctrine prevents only "grave unfairness"), *cert. denied*, 488 U.S. 956 (1988));3 *Yates v. District of Columbia*, 324 F.3d

---

3. *Silverman* identified two ways by which plaintiffs might show such unfairness: "a substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights . . . ." *Silverman*, 845 F.2d at 1080. *See also GWU*, 318 F.3d at 209 (*quoting Silverman*).

7

724, 725 (D.C. Cir. 2003) (*per curiam*); *Butera*, 235 F.3d at 651 (to assert violation of substantive due process, plaintiff must "show that the District of Columbia's conduct was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'") (*quoting County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

In this matter, the plaintiff was not permitted to participate in an alternative arrest procedure ("citation release"), the applicability of which is within the discretion of the arresting officer or other MPD official. Nevertheless, plaintiff was permitted to post and forfeit in relation to a misdemeanor criminal charge, which carries with a potential penalty of up to $250 or imprisonment of up to 90 days, or both. *See* D.C. Code § 22-1321.

Plaintiff further alleges that after posting her $25.00 collateral payment, her release was delayed by four hours and that an MPD official implied that if plaintiff cried "like a good girl" she would expedite her release. However, such minor delays do not rise to the level of a Due Process violation. See, *e.g., Stepnes v. Hennepin County,* 153 Fed.Appx 410 (8th Cir. 2005) (on two separate occasions arrestee who had posted bond was not released until after a four to six-hour delay due to administrative processing. The Court held that the delays did not constitute deliberate indifference, and therefore, did not violate plaintiff Due Process rights); *Goldberg v. Hennepin County*, 417 F.3d 808 (8th Cir. 2005) (ten hour delay after posting bond due to temporary problems associated with a new computer system did not result in a violation of plaintiff's Due Process rights).

Finally, at the heart of plaintiff's Fifth Amendment claim is her contention that she was arrested and detained without probable cause. In *Albright v. Oliver,* 510 U.S. 266 (1994), the Court found that petitioner's incarceration, based on an arrest pursuant to a warrant obtained without probable cause, did not violate his substantive due process rights but implicated those under the

8

Fourth Amendment, if any. In his concurrence, Justice Souter concluded that substantive Due Process should be reserved for otherwise "homeless" substantial claims, and should not be relied upon when doing so would duplicate protection that a more specific constitutional provision already bestows.

In this matter, the plaintiff contention that she was arrested without probable cause is properly analyzed under the more specific rubric of the Fourth Amendment, and should not be considered a viable claim under the Due Process clause of the Fifth Amendment.

### *c. Equal Protection*

In her Amended Complaint, plaintiff clarifies her Fifth Amendment claim as an Equal Protection claim, based on her allegation the Metropolitan Police Department's (MPD) officers knowingly arrested her without probable cause, and therefore the District's actions were not rationally related to a legitimate governmental interest.

Selectivity in the enforcement of criminal laws *is* subject to some constitutional constraints. The Equal Protection Clause prohibits selective enforcement "based upon an unjustifiable standard such as race, religion or other arbitrary classification." *Oyler v. Boles,* 368 U.S. 448, 456 (1962). The plaintiff's Amended Complaint, however, does not claim that the police employed such impermissible factors in exercising their discretion. Rather, plaintiff alleges that the District's treatment of her violated the Fifth Amendment, because MPD officers knowingly arrested her without probable cause, and therefore, the District's actions were not rationally related to a legitimate governmental interest.

However, there is no legal authority upon which plaintiff can base this novel theory of liability. Namely, that a matter solely within the law enforcement official's discretion–such as the decision to use a procedure such as "post and forfeit" or "citation release"–can serve as the

9

basis of an Equal Protection claim. Similarly, there is no authority to advance her contention that disparate treatment in the application of different alternatives to arrest processing can serve as the basis of an Equal Protection claim, particularly when no suspect classification is implicated. In essence, plaintiff has presented a novel legal theory without a shred of authority suggesting that such a claim is possible.

Plaintiff has wholly failed to state a claim that her rights under the Fifth Amendment have been violated.

### 2. THE PLAINTIFF HAS FAILED TO STATE A CLAIM THAT HER EIGHTH AMENDMENT RIGHT TO BE FREE FROM EXCESSIVE FINES WAS VIOLATED.

Plaintiff alleges in Count XIII of her Amended Complaint that "[t]he failure of the Officers or of the District of Columbia to promptly release [the plaintiff] upon receipt of her collateral caused plaintiff to be deprived of her rights under the Eight Amendment to the Constitution of the United States to be free of excessive bail and fines, as made actionable by 42 U.S.C. § 1983." (Complaint at ¶ 111.)

The plaintiff's fine was not excessive. To arrive at a judgment of excessiveness, the court must look at whether the fine is in proportion to the harm inflicted or the loss sustained. *Alexander v. United States*, 509 U.S. 544 at 559, 113 S.Ct. 2766 at 2776 (fine must be "grossly disproportionate" to crime to violate Eighth Amendment). A gross disproportionality test must be applied to determine constitutional excessiveness, that is, "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of the defendant's offence." *United States v. Bajakajian,* 524 U.S. 321, 118 S.Ct. 2028.

Again, in this matter, the plaintiff was permitted to post and forfeit the sum of $25 in

relation to a disorderly conduct criminal charge that carries with it a potential penalty of up to $250 or imprisonment of up to 90 days, or both. *See* D.C. Code § 22-1321. Therefore, plaintiff fails to allege facts in her complaint that could give rise to a reasonable conclusion that her collateral payment was at all, much less grossly disproportionate, to the gravity of the defendant's offense.

Finally, as with plaintiff's Due Process claim above, the plaintiff's allegation that MPD officers did not have probable cause to arrest her is at the heart of her claim. However, this alleged lack of probable cause cannot somehow transform itself from a Fourth Amendment claim into a claim under the Eighth Amendment. Allegations of insufficient probable cause are properly analyzed under the more specific rubric of the Fourth Amendment, and therefore, the Court should grant the District's Motion to Dismiss with regard to Count XIII of the plaintiff's Amended Complaint.

## CONCLUSION

The District's actions here do not violate any of the fundamental principles of the Constitution or local law. For the foregoing reasons, the District respectfully moves to dismiss Counts XII and XIII of the plaintiff's Amended Complaint. Proposed Orders are attached hereto.

WHEREFORE, the District respectfully requests the relief sought herein.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General

Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 06-1871 (HHK) |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

**ORDER GRANTING DISTRICT OF COLUMBIA'S MOTION TO PARTIALLY DISMISS THE PLAINTIFF'S AMENDED COMPLAINT**

Upon consideration of the Defendant District of Columbia's Motion to Partially Dismiss Plaintiff's Amended Complaint, any opposition thereto, and the facts and law considered, it is this ____ day of _____, 2007,

HEREBY ORDERED that the Defendant's Motion is GRANTED; and it is further

ORDERED that Counts XII and XIII of the plaintiff's Amended Complaint are DISMISSED.

_____
The Honorable Henry H. Kennedy
United States District Court for the District of Columbia