UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                              )
LINDSAY SMITH                                 )
                                              )
                    Plaintiff,                )
                                              )
         v.                                   )
                                              )
THE DISTRICT OF COLUMBIA,                     )
    *et al.,*                                 )     Case No.: 06-1871 (HHK)
                                              )
                    Defendants.               )
———————————————————————)

MOTION FOR EXTENSION OF TIME
TO SERVE PROCESS

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to Rule 4(m) of

the Federal Rules of Civil Procedure and Local Rule 7, and respectfully Moves for an extension

of sixty (60) days, or until November 4, 2007, to serve process upon Defendant Officer J.

Morales.  The grounds for this Motion, as fully explained in the accompanying Memorandum of

Points and Authorities, are as follows:

1.       Despite best efforts by Plaintiff to serve Defendant Morales, Plaintiff has thus far

been unable to locate the Defendant.

2.       Plaintiff has attempted to obtain consent to serve the MPD General Counsel's

Office on behalf of Officer Morales, but has been informed that the MPD and Defendant District

of Columbia cannot locate Officer Morales.

3.      Plaintiff has attempted to serve Officer Morales numerous times at his assigned duty station but has been met with evasive tactics by the MPD aimed at shielding Officer Morales from lawful service.

4.      Plaintiff attempted a property records search to locate Officer Morales's home address, which revealed over 180 potential locations in Washington, D.C. alone; the District has ignored requests for additional information concerning Officer Morales (including, for example, the Officer's first name), and therefore it will prove inordinately difficult to serve Officer Morales without an extension of time.

Respectfully submitted

_____/s/  Joshua Ian Rosenstein_____
John Moustakas (DC Bar # 422076)
Joshua Ian Rosenstein (DC Bar # 482585)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346 – 4000
(202) 346 – 4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser, (DC Bar # 455377)
American Civil Liberties Union
    of the National Capital Area
1400 20th St., NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Huthnance

August 30, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LINDSAY SMITH                            )
                                         )
                                         )
                    Plaintiff,           )
                                         )
            v.                           )
                                         )
THE DISTRICT OF COLUMBIA,                )
        *et al.,*                        )      Case No.: 06-1871 (HHK)
                                         )
                    Defendants.          )
_____)


[PROPOSED] ORDER

      Upon consideration of the Plaintiff's Motion for Extension of Time to serve Defendant Officer Morales, and for good cause shown, it is hereby ORDERED that:

      The Plaintiff's Motion is GRANTED.  Plaintiff shall have an additional sixty (60) days, or until November 4, 2007, to serve process upon Officer Morales.

Dated: _____


                                    _____

                                    Henry H. Kennedy, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|                              |     |                         |
|------------------------------|-----|-------------------------|
| LINDSAY SMITH                | )   |                         |
|                              | )   |                         |
| Plaintiff,                   | )   |                         |
|                              | )   |                         |
| v.                           | )   |                         |
|                              | )   |                         |
| THE DISTRICT OF COLUMBIA,    | )   |                         |
| *et al.,*                    | )   | Case No.: 06-1871 (HHK) |
|                              | )   |                         |
| Defendants.                  | )   |                         |

_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE ON DEFENDANT OFFICER J. MORALES

Plaintiff Lindsay Huthnance submits this memorandum in support of her motion to extend the deadline for service of process upon Defendant Officer J. Morales (Badge Number 273) by sixty days, until November 4, 2007. An extension is warranted because, despite best efforts, Plaintiff has been unable to locate Defendant Morales to effect service upon him.[1]

After learning the identities of three Metropolitan Police Department ("MPD") officers who unlawfully and unconstitutionally detained, searched and arrested her, Plaintiff filed an Amended Complaint with the Court on May 8, 2007, naming as defendants MPD Officers L. Acebal (Badge Number 1313), J. Morales (Badge Number 273), and J. Antonio (Badge Number 4409). Pursuant to Fed. R. Civ. P. 4(m), she then had 120 days in which to serve the newly-named defendants. Plaintiff employed a

---

[1] In response to a request for consent to the relief sought herein pursuant to LcVR 7(m), Counsel for Defendant District of Columbia has indicated that the District takes no position on the disposition of this motion.

professional process service company located in the District of Columbia to effect service upon the Officers.

During the months of June, July and August 2007, the process servers made numerous attempts to serve the three defendant Officers at the Third District Station, their assigned MPD station house. *See* Affidavit of Daniel F. Portnoy ("Portnoy Affidavit I") at 1; August 21, 2007 Affidavit of Daniel F. Portnoy ("Portnoy Affidavit II"), attached hereto as Exhibits A and B, respectively. During each attempt at service, the process servers were given misleading information concerning the officers' whereabouts, including one instance on the same day when the process servers were told that Defendant Acebal was both on duty (but on assignment) and off duty altogether for the day. *See* Portnoy Affidavit I. Unfailingly, however, with regards Defendants Antonio and Morales, the process servers have been told that the Officers were either not present or could not be located. *See* Portnoy Affidavit II.

After several unsuccessful attempts to serve Officer Acebal, Plaintiff conducted, at considerable expense, a property records search of the initial and name "L. Acebal" in the metropolitan area. The search revealed only one match, and based on that information, Plaintiff ultimately was able to serve process on Officer L. Acebal on August 2, 2007. *See* Docket Document No. 20, Affidavit of Service on Defendant Acebal.[2]

Plaintiff, faced with similar evasive tactics by the MPD in trying to effect service on Defendants Morales and Antonio at their assigned duty stations, conducted a property

---

[2]     On August 24, 2007, after learning that Defendant Acebal would "consent" to service being effected upon Ronald B. Harris, Assistant General Counsel for the MPD, Plaintiff transmitted a courtesy copy of the Amended Complaint, Summons and Affidavit of Service upon Mr. Harris, and agreed not to seek a default judgment against Officer Acebal until no fewer than twenty days from the date of the courtesy transmission.

records search.  Plaintiff's attempts to obtain the home addresses of the remaining

defendant officers have been unsuccessful, as a search for the first initial and last name of

each defendant – the only identifying information Plaintiff currently has – yielded 18

individuals named J. Antonio, and 189 individuals named J. Morales in the District of

Columbia alone.  *See* Exhibit C, Affidavit of Joshua Ian Rosenstein.

Faced with these difficulties, Plaintiff, through her counsel, contacted Counsel for

the District of Columbia to request additional identifying information about the defendant

officers, or, alternatively, to determine whether the officers would consent to Counsel

accepting service on their behalf.  The District of Columbia replied by informing Plaintiff

that Officer J. Antonio would consent to being served through the Metropolitan Police

Department's General Counsel's Office, but indicated that Officer J. Morales could not

be located in order to determine whether he would similarly consent.  *Id.*[3]

Plaintiff has not yet been able to serve Officer J. Morales as, despite repeated

requests, she has not received any additional identifying information about the defendant

that would allow her to narrow the list of 189 matching individuals in the District of

Columbia.  Concurrently, Plaintiff's process servers have continued to visit the Third

District Station in the hopes of serving Defendant Morales, but have continually been

subjected to diversionary tactics meant to frustrate service.  And inexplicably, the District

and the MPD General Counsel's office have somehow been unable to locate an MPD

officer to obtain consent for service upon the General Counsel as a substitute.

The Court has broad discretion under Rule 4(m) to extend the time for service.

See FED. R. CIV. P. 4 advisory committee's note, 1993 Amendments, subdiv. (m) (Rule

---

[3]     Officer J. Antonio was subsequently served via the Metropolitan Police Department's General
Counsel's Office.  *See* Docket Document No. 24, Affidavit of Service.

4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); *Tafler v. District of Columbia*, No. 05-1563, 2006 U.S. Dist. LEXIS 81714 (D.D.C. Nov. 8, 2006).

Given the considerable efforts undertaken by Plaintiff to locate Defendant Morales in the face of months of evasive tactics by the MPD, and given the inability or unwillingness of the District of Columbia to either provide identifying information about the Defendant or to locate one of its own MPD Officers to determine whether he will consent to substituted service, good cause exists for this Court to extend the deadline in which Plaintiff must effect service upon Officer Morales by sixty days.

## CONCLUSION

For the reasons indicated above, the Court should grant Plaintiff's motion for enlargement of time.

Respectfully submitted

_____/s/  Joshua Ian Rosenstein_____
John Moustakas (DC Bar # 422076)
Joshua Ian Rosenstein (DC Bar # 482585)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346 – 4000
(202) 346 – 4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser, (DC Bar # 455377)
American Civil Liberties Union
   of the National Capital Area
1400 20th St., NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Huthnance

August 30, 2007

EXHIBIT A

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA


Lindsay Smith

                              Case No. 06-CA-1871 (HHK)

The District of Columbia, et al.


                    DECLARATION OF REASONABLE DILIGENCE


STATE OF DISTRICT OF COLUMBIA
CITY OF WASHINGTON


    I, DANIEL F. PORTNOY, having been duly authorized to make service of
the Summons and Amended Complaint in the above entitled case, hereby
depose and say:

    That my date of birth is 11-26-1971.

    That my business address is 1827 18th Street, N.W., Washington, D.C.
20009.

    That I am not a party to or otherwise interested in this suit.

    That after due search, careful inquiry and diligent attempts, I have
been unable to serve the defendant, Officer L. Acebal, Badge Number
1313, with the above named process.

    That on the 22nd day of June, 2007 at 1:41 o'clock p.m., I attempted
to serve the defendant, Officer L. Acebal, Badge Number 1313 at
Metropolitan Police Department, Third District Station, 1620 V Street,
NW, Washington, DC 20009. On this occasion, I was told by an officer,
Badge Number 3217, that Ms. Acebal was not in. In addition, I was told
that Ms. Acebal works the midnight shift and is off Tuesday and
Wednesday.

    That on the 22nd day of June, 2007 at 2:55 o'clock p.m., I attempted
to serve the defendant, Officer L. Acebal, Badge Number 1313 at
Metropolitan Police Department, Third District Station, 1620 V Street,
NW, Washington, DC 20009. On this occasion, I was told that Ms. Acebal
was on assignment at the Third District sub-station.

    That on the 28th day of June, 2007 at 3:37 o'clock p.m., I attempted
to serve the defendant, Officer L. Acebal, Badge Number 1313 at
Metropolitan Police Department, Third District Station, 1620 V Street,
NW, Washington, DC 20009. On this occasion, I was told at the
sub-station that Ms. Acebal was on assignment and due back at 11:00
o'clock p.m.

    That on the 29th day of June, 2007 at 2:39 o'clock p.m., I attempted
to serve the defendant, Officer L. Acebal, Badge Number 1313 at

Metropolitan Police Department, Third District Station, 1620 V Street, NW, Washington, DC 20009. On this occasion, I was informed that Ms. Acebal would not be in roll call until 3:30 o'clock p.m. At 3:40 o'clock p.m., I was told that Officer Acebal was not in the station.

That on the 1st day of July, 2007 at 2:45 o'clock p.m., I attempted to serve the defendant, Officer L. Acebal, Badge Number 1313 at Metropolitan Police Department, Third District Station, 1620 V Street, NW, Washington, DC 20009. On this occasion, I was told that Ms. Acebal was not in.

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

DANIEL F. PORTNOY
Private Process Server

Subscribed and Sworn to before me this 24th day of July , 2007.

Notary Public
My commission expires: 01-14-09
dil189920.lab

EXHIBIT B

**U.S. DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**LINDAY SMITH**

**V.**                                    **CASE NO. 06CA1871 HHK**

**THE DISTRICT OF COLUMBIA**
**ET AL.**

### AFFIDAVIT OF DANIEL PORTNOY

I, Daniel Portnoy, hereby depose and say:

That my place of employment is  Capitol Process/Investigator Services, 1827 18th Street, N.W., Washington, D.C. 20009.

That I am not a party to or otherwise interested in this case.

That the following details the efforts made to serve the defendant in this case, Officer J. Morales.

On August 11, at 2:41 p.m., I attempted to serve Officer Morales at the stationhouse at 1620 V Street, N.W., Washington, D.C. 20009.  I was told by the front desk officer that Officer Morales was working on the streets. The front desk officer indicated that he would not call Officer Morales. He indicated to me that I could wait by the doors of the stationhouse and deliver the service papers to Officer Morales if I saw him.

On August 13, at 9:59 a.m.., I was told by an officer at the stationhouse on V Street that Officer Morales works out of the police sub station at 750 Park Road, N.W., Washington, D.C.

On August 15, at 11:52 a.m., I attempted to serve Officer Morales at the substation at 750 Park Road. I was told that Officer Morales was not in. It was indicated to me, however, that Officer Morales did work at the stationhouse at 750 Park Road.

On August 16, at 12:29 p.m., however, I was informed by a desk officer at the address at 750 Park Road that Officer Morales was in "training" all week.

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

Daniel Portnoy

Subscribed and Sworn to before me this 21st day of August, 2007.

Notary Public

My commission expires: 01-14-09

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDSAY SMITH | ) |
| Plaintiff, | ) |
| vs. | ) |
| THE DISTRICT OF COLUMBIA, *et al.* | ) Case No. 06-CIV-1871 (HHK) |
| Defendants. | ) |

**DECLARATION OF JOSHUA IAN ROSENSTEIN IN SUPPORT OF
PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO EFFECT SERVICE ON DEFENDANT J. MORALES**

I, the undersigned, do hereby state and affirm as follows:

1.      I am over the age of 18, and if called to testify, I could and would testify to the contents of this declaration.

2.      I am an attorney at Goodwin | Procter LLP, which represents Lindsay Huthnance ("Plaintiff") in the above-captioned litigation.  I have personal knowledge of the following facts.

3.      On July 16, 2007, I requested a search be conducted for the home address of Officer L. Acebal, Badge Number 1313, of the Third District Station of the District of Columbia Metropolitan Police Department, located at 1620 V Street, Northwest, in Washington, D.C., 20009.  The search for the home address of Officer L. Acebal in Virginia, Maryland, and the District of Columbia, yielded one result:  Liliana E. Acebal of 4620 21st Street in Mount Ranier, Maryland 20712.

4.      On August 16, 2007, after learning from my process servers that their attempts to serve Officers Antonio and Morales at the Third District Station were unsuccessful, I requested a

search be conducted for the home addresses of Officer J. Morales, Badge Number 273, and

Officer J. Antonio, Badge Number 4409, both thought to be stationed at the Third District

Station of the District of Columbia Metropolitan Police Department, located at 1620 V Street,

Northwest, in Washington, D.C., 20009. The search for the home address of Officer J. Antonio

yielded 18 unique individuals residing in the District of Columbia with a first initial "J" and the

last name "Antonio." The search for the home address of Officer J. Morales yielded 189 unique

individuals residing in the District of Columbia with a first initial "J" and the last name

"Morales."

     5.     On August 10, 2007, via e-mail, I requested assistance in obtaining service for the

defendant Officers from Phillip A. Lattimore, Chief, Civil Litigation Division, for the District of

Columbia's Office of the Attorney General, and counsel for Defendant District of Columbia in

the instant case. A true and correct copy of the aforementioned e-mail is included as Exhibit 1 to

this declaration.

     6.     On August 13, 2007, I sent correspondence, via electronic mail, to Mr. Phillip A.

Lattimore requesting a reply to my previous email of August 10, 2007. A true and correct copy

of the e-mail is included as Exhibit 2 to this declaration.

     7.     On August 15, 2007, Mr. Phillip A. Lattimore replied to my e-mail of August 13,

2007, and stated that the new counsel for the District of Columbia in the instant case was Ms.

Sally Swann. Mr. Lattimore further stated that Ms. Swann had been informed of the issues

related to serving Defendant-Officers J. Antonio and J. Morales and would soon be in contact

with the Metropolitan Police Department to determine whether the Defendant-Officers would

agree to accept service or authorize a representative from the District of Columbia Attorney

General's Office to accept service on their behalf. A true and correct copy of the e-mail sent by Mr. Lattimore is included as Exhibit 3 to this declaration.

8.    On August 20, 2007, I called Ms. Swann at the number provided to me by Mr. Lattimore and left a message requesting an update on whether the Defendant-Officers would agree to accept service or authorize a representative from the District of Columbia Attorney General's Office to accept service on their behalf.

9.    On August 28, 2007, Ms. Swann transmitted an e-mail indicating that Officer Antonio had consented to service upon the MPD General Counsel's Office.

10.    On August 28, 2007, I e-mailed Ms. Swann to inform her that Officer Antonio had been served through substituted service and to inquire about the status of obtaining consent for substituted service for Officer Morales. That email is attached as Exhibit 4.

11. On August 28, 2007, Ms. Swann transmitted an e-mail stating that attempts to reach Officer Morales had been unsuccessful. See Exhibit 5.

I declare under the penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Joshua Ian Rosenstein

Dated:  August 30, 2007

3

EXHIBIT 1

## Rosenstein, Joshua Ian

| | |
|---|---|
| **From:** | Rosenstein, Joshua Ian |
| **Sent:** | Friday, August 10, 2007 11:45 AM |
| **To:** | 'phillip.lattimore@dc.gov' |
| **Cc:** | Mohapatra, Manas |
| **Subject:** | Smith v. DC, 06-CV-1871 |

**Attachments:**    Smith doc.pdf

Mr. Lattimore:

Thank you for your call this morning. I understand that Jim Vricos has rotated into a different division, and that you will be handling this matter in the interim.

As you are aware, we represent Lindsay Smith in an action against the District and three individual MPD Officers arising out of Ms. Smith's unlawful and unconstitutional search, arrest and detention in November 2005. The Complaint also alleges unconstitutional procedures involving the MPD's use of post-and-forfeit release.

We filed an Amended Complaint with the Court on May 8, 2007. Our Process Servers, in attempting to serve the arresting officer (Officer L. Acebal, Badge Number 1313), made 5 attempts during June and July, and at each attempt were told inconsistent and incorrect information concerning Officer Acebal's whereabouts, all in an effort by the MPD to shield Officer Acebal from service. At considerable expense to my client, we conducted a localized property search and obtained what we believe to be Officer Acebal's home address. Our process servers served an individual at that address, but to date we have not received confirmation that the individual served is, in fact, the correct L. Acebal. I am attaching to this email a copy of the declaration of reasonable diligence so that you will understand more fully the difficulties faced by the Process Servers in attempting to serve Officer Acebal. Note, each time the Process Servers made an unsuccessful attempt, our client was charged for that attempted (but failed service); likewise, the charges for obtaining the home address of Officer Acebal were significant, and, we believe, unnecessary.

Our process servers are currently attempting to serve the remaining Defendants: Officer J. Antonio (Badge Number 4409), and Officer J. Morales (Badge Number 273). We do not have first names for these individuals, and given the Process Servers' recent difficulties in trying to serve Officer Acebal, we are not optimistic that service will be accomplished easily or in short order. Pursuant to Federal Rule 4(m), we have only until September 4, 2007 to serve the individually-named officers. During our conversation this morning, you indicated that you had no objection, if we were still unable to serve those officers by September 4, to our Motion for an Extension of Time for Service; your agreement is much appreciated.

That said, however, we would like to be able to avoid filing that Motion at all. Accordingly, I write to request your assistance in serving the Officers. In our view, this could best be accomplished if your office would agree to accept service on behalf of the Officers. Short of that, we would like to obtain a date certain and time certain when our Process Servers can serve either the Officers individually, or a commanding officer authorized to accept service on their behalf. At an absolute <u>minimum</u>, if the MPD is unwilling to accommodate us, we request the Officers' full names and home addresses so that service might be made there.

As you know, problems with service of process on MPD officers have been plaguing civil plaintiffs in the District for quite some time; the City Council and Mayor responded, by passing the Metropolitan Police Department Amendment Act of 2006 (the "Act"), D.C. Law 16-223, 53 D.C. Register 10221, which requires the Chief of Police to establish a simple, uniform manner in which service can be effected upon sworn members of the MPD in actions arising out of their performance of duty, and to impose penalties upon officers who refuse to comply. The MPD has yet to finalize regulations to accomplish the law's goal, yet it is undeniable that the issues faced by Ms. Smith are not isolated. And similarly, given the allegations in the Amended Complaint concerning the MPD's wanton disregard for the rights of citizens, the MPD's delay tactics are particularly telling of the Department's attitudes and practices.

Please let me know as soon as possible whether you will arrange for accept service of process on the Officers' behalf, or if you can provide us a date and time when service can be accomplished on the Officers (or commanders) directly. In the meantime, our Process Servers are continuing their attempts to serve the officers at their duty stations.

Yours very truly,

Joshua Ian Rosenstein

Goodwin Procter LLP
901 New York Avenue, NW
Washington, D.C. 20001
Tel: 202-346-4278
Fax: 202-346-4444
jrosenstein@goodwinprocter.com



Smith doc.pdf (107
KB)

EXHIBIT 2

**Rosenstein, Joshua Ian**

| | |
|---|---|
| **From:** | Rosenstein, Joshua Ian |
| **Sent:** | Monday, August 13, 2007 3:20 PM |
| **To:** | 'phillip.lattimore@dc.gov' |
| **Subject:** | Smith v DC |

Mr. Lattimore:
I am just following up on my letter to you of last week, wherein I requested information and assistance obtaining service of process on the Defendant MPD Officers named in my client's Amended Complaint.  Have you had an opportunity to move on the issue?

Thanks very much,

Joshua Ian Rosenstein
Goodwin Procter LLP
901 New York Avenue, NW
Washington, D.C. 20001
Tel: 202-346-4278
Fax: 202-346-4444
jrosenstein@goodwinprocter.com

EXHIBIT 3

## Rosenstein, Joshua Ian

| | |
|---|---|
| **From:** | Lattimore, Phillip (OAG) [Phillip.Lattimore@dc.gov] |
| **Sent:** | Wednesday, August 15, 2007 4:15 PM |
| **To:** | Rosenstein, Joshua Ian |
| **Cc:** | Swann, Sally (OAG); Jones, Patricia (OAG/GL) |

**Subject:** RE: Lindsay Smith v DC

Mr. Rosenstein:

I have passed on your concerns to the necessary parties and immediately requested that they look into this matter, in particular whether the officers will either agree to accept service or authorize the appropriate people to accept service on their behalf. Please note that new counsel for the government (Sally Swann) will be entering her appearance in this case very soon, and she has been informed of this service issue and will be in contact with MPD soon to make sure your concerns are not overlooked and are addressed. In the future, please contact Ms. Swann at sally.swann@dc.gov. or you may call her at 727-6295.

Again, I thank you for your follow up.

Phillip A. Lattimore III
Chief, Civil Litigation Division
Section III

---

**From:** Rosenstein, Joshua Ian [mailto:JRosenstein@goodwinprocter.com]
**Sent:** Monday, August 13, 2007 3:20 PM
**To:** phillip.lattimore@dc.gov
**Subject:** Smith v DC

Mr. Lattimore:
I am just following up on my letter to you of last week, wherein I requested information and assistance obtaining service of process on the Defendant MPD Officers named in my client's Amended Complaint. Have you had an opportunity to move on the issue?

Thanks very much,

Joshua Ian Rosenstein
Goodwin Procter LLP
901 New York Avenue, NW
Washington, D.C. 20001
Tel: 202-346-4278
Fax: 202-346-4444
jrosenstein@goodwinprocter.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT 4

**Rosenstein, Joshua Ian**

| | |
|---|---|
| **From:** | Rosenstein, Joshua Ian |
| **Sent:** | Tuesday, August 28, 2007 10:25 AM |
| **To:** | 'Swann, Sally (OAG)' |
| **Cc:** | Mohapatra, Manas; Rosenstein, Joshua Ian |
| **Subject:** | Follow-up on Smith v DC, 06-1871 |

Sally,

I hope all is well with you. Today we were able to execute service on Officer Antonio, care of Ronald Harris. Our deadline for serving Officer Morales is rapidly approaching. Do you know if Mr. Harris has gotten permission to accept service on Morales's behalf?

We will need to file our Motion for extension of time this week if there is no progress on this front.

Josh

Joshua Ian Rosenstein
Goodwin Procter LLP
901 New York Avenue, NW
Washington, D.C. 20001
Tel: 202-346-4278
Fax: 202-346-4444
jrosenstein@goodwinprocter.com

# EXHIBIT 5

## Rosenstein, Joshua Ian

| | |
|---|---|
| **From:** | Swann, Sally (OAG) [Sally.Swann@dc.gov] |
| **Sent:** | Tuesday, August 28, 2007 10:55 AM |
| **To:** | Rosenstein, Joshua Ian |
| **Subject:** | RE: Follow-up on Smith v DC, 06-1871 |

As of late afternoon yesterday, attempts to reach Officer Morales were unsuccessful.  I'll check again and let you know by the end of the day.

Sally L. Swann
Assistant Attorney General
General Litigation Division, Section IV
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W.
Washington, D.C. 2001
Office: (202) 724-6519
Fax:  (202) 727-3625