**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LINDSAY SMITH** )<br>)<br>    **Plaintiff,** )<br>)    **Civil Action No. 1:06–1871 (HHK)**<br>    **v,** )<br>)<br>)<br>**THE DISTRICT OF COLUMBIA,** *et al.,* )<br>)<br>    **Defendants.** )<br>————————————————————) | |

**ANSWER OF DEFENDANTS DISTRICT OF COLUMBIA, OFFICER L. ACEBAL
AND OFFICER J. ANTONIO TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW defendants District of Columbia, Officers L. Acebal and J. Antonio, by

and through counsel, and answers the Complaint herein as follows:[1]

**<u>First Defense</u>**

The Complaint fails to state a claim upon which relief can be granted.

**<u>Second Defense: Parties and Facts</u>**

The defendants admit that the involved officers were on duty, performing a police

function, but deny any inference that the policies and customs of the District of Columbia were

unconstitutional or that they were violated by the involved officers and further answer that the

defendant officers reasonably believed they had probable cause to arrest and charge the plaintiff.

Defendants specific responses to the numbered paragraphs are as follows:

1.      The defendants are without sufficient information to admit or deny the allegations

in paragraph 4.

2.      Defendants admit the allegations in paragraph 5.

3.      Defendants admit the allegations in paragraph 6.

---

[1] Defendant Officer J. Morales has not yet been served with the Amended Complaint and Summons.

4.      Defendant District of Columbia admits that allegations in paragraph 7.

5.      Defendant District of Columbia admits the allegations in paragraph 8.

6.      Defendants are without sufficient information to admit or deny the allegations in paragraph 9.

7.      Defendants are without sufficient information to admit or deny the allegations in paragraph 10.

8.      Defendants are without sufficient information to admit or deny the allegations in paragraph 11.

9.      Defendants are without sufficient information to admit or deny the allegations in paragraph 12.

10.     Defendants are without sufficient information to admit or deny the allegations in paragraph 12.

11.     Defendants deny the allegations in paragraph 13, except that defendants admit plaintiff and Mr. Marsoni were directed to put their hands against the wall of the building north of the 7-Eleven.

12.     Defendants admit the allegations in the first sentence of paragraph 14, and deny the remaining allegations in paragraph 14.

13.      Defendants are without sufficient information to admit or deny the allegations in paragraph 15 as to Mr. Marsoni, but admit that defendants advised plaintiff of the procedure for securing her immediate release.

14.      Defendants admit the plaintiff was transported to the Third District station, but defendants are without sufficient information to admit or deny the remainder of the allegations in paragraph 16.

15.     Defendants are without sufficient information to admit or deny the allegations in paragraph 17.

16.     Defendants are without sufficient information to admit or deny the allegations in paragraph 18 as to Mr. Marsoni, but Defendant District of Columbia admits that the $25 collateral to obtain Ms. Smith's release was paid.

17.     Defendants admit the allegations in the first sentence of paragraph 19, but are without sufficient information to admit or deny the remaining allegations.

18.     Defendants deny the allegations in paragraph 20.

19.     Defendant District of Columbia admit the allegations in paragraph 21, but defendant Officers Acabel and Antonio are without sufficient knowledge to admit or deny the allegations in paragraph 21.

20.     Defendants are without sufficient information to admit or deny the allegations in paragraph 22.  If an answer is required, it is denied.

21.     The allegations in paragraph 23 call for a legal conclusion for which no response is required.

22.     The allegations in paragraph 24 call for a legal conclusion for which no response is required.

23.     The allegations in paragraph 25 call for a legal conclusion for which no response is required.

24.     Defendants deny the allegations in paragraph 26.

25.     Defendants deny the allegations in paragraph 27.

26.     The allegations in paragraph 28 call for a legal conclusion for which no response is required.

27.     The allegations in paragraph 29 call for a legal conclusion for which no response is required.

28.     Defendants deny the allegations in paragraph 30 – 39.

29.     The allegations in paragraph 40 - 46 call for a legal conclusion for which no response is required.

30.    Paragraph 47 incorporates preceding paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

31.    Defendants deny the allegations in paragraphs 48 – 49.

32.    The allegations in paragraph 50 calls for a legal conclusion for which no response is required.

33.    Paragraph 51 incorporates preceding paragraphs. The defendant incorporates their responses as if separately set forth.

34.    Defendants deny the allegations in paragraph 52.

35.    Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 53.

36.    The allegations in paragraph 54 call for a legal conclusion for which no response is required.

37.    Paragraph 55 incorporates the preceding paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

38.    The allegations in paragraph 56 are denied.

39.    Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 57.

40.    Defendants deny the allegations of paragraph 58.

41.    The allegations in paragraph 59 call for a legal conclusion for which no response is required.

42.    Paragraph 60 incorporates the previous paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

43.    Defendants deny the allegations in paragraph 61 that Defendants did not provide to plaintiff the information to which she was entitled, and the remainder of the allegations of paragraph 61 call for a legal conclusion for which no response is required.

44.     Defendants deny the allegations of paragraph 62 that defendants were negligent per se, and defendants without sufficient knowledge to admit or deny the remaining allegations.

45.     Paragraph 63 incorporates the preceding paragraphs and defendants incorporate their responses to the preceding paragraphs.

46.     Defendants deny the allegations of paragraph 64- 66.

47.     The allegations of paragraph 67 call for a legal conclusion for which no response is required.

48.     Paragraph 63 incorporates the previous paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

49.     Defendants deny the allegations of paragraphs 64 – 66.

50.     The allegations of paragraph 67 call for a legal conclusion for which no response is required.

51.     Paragraph 68 incorporates the previous paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

52.     Defendants deny the allegations of paragraphs 69 - 70.

53.     The allegations of paragraph 71 call for a legal conclusion for which no response is required.

54.     Paragraph 72 incorporates the previous paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

55.     Defendants deny the allegations of paragraph 73 – 74, 76 – 80.

56.     Defendants are without sufficient information to admit or deny the allegations of paragraph 75.

57.     The allegations of paragraph 81 call for a legal conclusion for which no response is required.

58.     Paragraph 82 incorporates the previous paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

59.    Defendants deny the allegations in paragraphs 83 – 84.

60.    The allegations in paragraph 85 call for a legal conclusion for which no response is required.

61.    Paragraph 86 incorporates the previous paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

62.    Defendant District of Columbia admits the allegation in paragraph 87 that the defendant officers acted within the scope of their employment as District of Columbia police officers, but denies the remaining allegations in paragraph 87.

63.    The allegations in paragraph 88 calls for a legal conclusion for which no response is required.

64.    Defendant District of Columbia admits the allegations in paragraph 89 of the existence of an arrest report for plaintiff, but further states the report speaks for itself.

65.    Defendant District of Columbia denies the allegations in paragraph 90.

66.    The allegations in paragraph 91 call for a legal conclusion for which no response is required.

67.    Paragraph 92 incorporates the previous paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

68.    Defendant District of Columbia denies the factual allegations in paragraph 93 and further states that paragraph 93 calls for legal conclusions for which no response is required.

69.    Defendant District of Columbia denies the allegations in paragraphs 94 – 96. contain factual allegations that Defendant District of Columbia denies, and further answers that the District of Columbia cannot be held liable on the plaintiff's federal claims based upon respondeat superior.

70.    Defendant District of Columbia denies the factual allegations in paragraph 97, and as to the allegations that call for a legal conclusion, no response is required.

71.    Defendant District of Columbia denies the factual allegations in Paragraph 98, and as to the allegations that call for a legal conclusion, no response is required.

72.    Defendant District of Columbia denies the factual allegations in Paragraph 98, and as to the allegations that call for a legal conclusion, no response is required.

73.    Defendant District of Columbia denies the allegations in paragraph 99 and further answers that the District of Columbia cannot be held liable on the plaintiff's federal claims based upon respondeat superior.

74.    Defendant District of Columbia denies the factual allegations in Paragraph 100, and as to the allegations that call for a legal conclusion, no response is required.

75.    Defendant District of Columbia denies the allegations in paragraph 101 – 106.

76.    The allegations in paragraph 107 call for a legal conclusion for which no response is required.

77.    Defendant District of Columbia denies the allegations in paragraph 108 and further answers that the defendant officers had probable cause to arrest and charge plaintiff, and that the District of Columbia cannot be held liable on the plaintiff's federal claims based upon respondeat superior.

78.    The allegations in paragraph 109 call for a legal conclusion for which no response is required.

79.    Paragraph 110 incorporates the previous paragraphs, and defendants incorporate their responses to the preceding paragraphs as if separately set forth.

80.    The allegations in paragraph 111 call for a legal conclusion for which no response is required.

### Third Defense

Defendants deny all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

Defendants, their agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of her own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the acts of a person or persons other than Defendants, their agents, employees, and/or servants acting within the scope of their employment.

### Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Eighth Defense

If plaintiff was arrested for any offense, it was based on probable cause.

**Ninth Defense**

If plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than Defendants, their agents, employees or servants acting within the scope of employment.

**Tenth Defense**

Defendants' interpretations of all applicable contractual, statutory, regulatory, constitutional, and common law requirements are rational and reasonable; are not arbitrary and capricious; and are otherwise in accordance with the law.

**Eleventh Defense**

At all times relevant herein, Defendants, their employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**Twelfth Defense**

Defendants assert immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Thirteenth Defense**

Acts or omissions of Defendants, their employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**Fourteenth Defense**

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (1981).

### Fifteenth Defense

Plaintiff may have failed to mitigate her damages.

### Sixteenth Defense

Plaintiff's claims are barred by collateral estoppel and res judicata.

### Seventeenth Defense

Plaintiff may have failed to fully exhaust administrative remedies pursuant to the Prisoner Litigation Reform Act.

### Eighteenth Defense

Plaintiff is not entitled to punitive damages.

### Nineteenth Defense

Plaintiff is not entitled to attorney's fees.

### Twentieth Defense

Plaintiff may have filed this action outside the time limits imposed by the Statute of Limitations.

Defendant reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Jury Demand

Defendants hereby demand a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendants pray that same be dismissed, and that they recover their costs of suit expended herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /S/  Patricia A. Jones                                        _
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV

 /S/    Sally L. Swann                          
SALLY L. SWANN[2]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202)724–6519; (202)727-6295

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants District of Columbia, Officer L. Acebal and Officer J. Antonio's Answer to Plaintiff's Amended Complaint was served on the following counsel at the following address using the court's electronic e-service system:

John Moustakas, Esquire
Goodwin and Procter LLP
901 New York Avenue, NW
Washington, D.C. 20001
Counsel for Plaintiff

Arthur B. Spitzer, Esquire
Frederick V. Mulhauser

---

[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

American Civil Liberties Union
 of the National Capital Area
1400 20th St., NW, Suite 119
Washington, D.C. 20036
Counsel for Plaintiff

 /s/
SALLY L. SWANN
Assistant Attorney General