### THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDSAY SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:06–1871 (HHK)** |
| **v,** ) | |
| ) | |
| ) | |
| **THE DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### ANSWER OF DEFENDANTS OFFICER J. MORALES,
### TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW defendant, Officer J. Antonio (hereinafter "the Defendant"), by and through counsel, and answers the Amended Complaint herein as follows:

### <u>First Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

### <u>SECOND DEFENSE</u>

In response to the specifically numbered paragraphs set forth in the Complaint, the defendants responds in like-numbered paragraphs as follows:

1.-3. The defendant acknowledge the statutory authorities cited in paragraphs 1, 2 and 3 of the Amended Complaint, but denies that jurisdiction and venue are necessarily conferred therefrom.

4.     The defendant is without sufficient information to admit or deny the allegations in paragraph 4.

5.     The defendant is without sufficient information to admit of deny the allegations in paragraph 5

6.     The defendant is without sufficient information to admit or deny the allegations in paragraph 6.

7.     The defendant admits the allegations in paragraph 7.

8.     The defendant admits the allegations in paragraph 8 in that the District is a municipality, an he is employed by the District.  This defendant lacks sufficient information to either admit or deny the remaining allegations.

9.     The defendant is without sufficient information to admit or deny the allegations in paragraph 9.

10.     The defendant is without sufficient information to admit or deny the allegations in paragraph 10.

11.     The defendant is without sufficient information to admit or deny the allegations in paragraph 11.

12.     The defendant is without sufficient information to admit or deny the allegations in paragraph 12.

13.     The defendant admits that upon being arrested, the plaintiff was instructed to put her hands against the wall.  The defendant denies the remaining allegations in paragraph 13.

14.     The defendant admits upon being arrested, plaintiff was instructed to put her hands against the wall and that subsequent to her arrest, she was handcuffed and  her property was searched.  The defendant denies the remaining allegations in paragraph 14.

15.     The defendant admits that plaintiff was told that she could obtain immediate release if paid the $25.00 post and forfeit charge.  The defendant denies the remaining allegations in paragraph 15.

16.     The defendant admits the plaintiff was transported to the Third District station, but the defendant is without sufficient information to admit or deny the remainder of the allegations in paragraph 16.

17.     The defendant is without sufficient information to admit or deny the allegations in paragraph 17.  To the extent a response is required, this defendant denies the allegations.

18.     The defendant admits the allegations in paragraph 18.

19.     The defendant is without sufficient information to admit or deny the allegations in paragraph 19.  To the extent a response is required, this defendant denies the allegations.

20.     The defendant is without sufficient information to admit or deny the allegations in paragraph 19.  To the extent a response is required, this defendant denies the allegations.

21.     The defendant is without sufficient knowledge to admit or deny the allegations in paragraph 20.   To the extent a response is required, this defendant denies the allegations.

22.     The defendant is without sufficient information to admit or deny the allegations in paragraph 22.  To the extent a response is required, this defendant denies the allegations.

23.     The allegations in paragraph 23 call for a legal conclusion for which no response is required.

24.     The allegations in paragraph 24 call for a legal conclusion for which no response is required.

25.     The allegations in paragraph 25 call for a legal conclusion for which no response is required.

26.     The defendant denies the allegations in paragraph 26.

27.     The defendant denies the allegations in paragraph 27.

28.     The allegations in paragraph 28 call for a legal conclusion for which no response is required.  To the extent a response is required, this defendant admits that at all times he was acting within the scope of his employment.

29.     The allegations in paragraph 29 call for a legal conclusion for which no response is required.  To the extent a response is required, this defendant admits that at all times he was acting within the scope of his employment.

30.- 33. The defendant denies the allegations in paragraphs 30 through 34.

34.-39.  The allegations in paragraph 34 through 39 are not directed to this defendant and call for a legal conclusion for which no response is required.  To the extent a response is required, this defendant denies the allegations.

40.- 46. The allegations in paragraph 40 through 46 call for a legal conclusion for which no response is required.

## CLAIMS FOR RELIEF

### I:  False Arrest
(Defendants Acebal, Antonio and Morales)

47.     This defendant incorporates his responses to paragraphs 1 through 46 as if fully set forth herein.

48. – 50. The defendant denies the allegations in paragraph 48 through 50.

### II.  Intentional Infliction of Emotional Distress
(Defendants Acebal, Antonio and Morales)

51.     This defendant incorporates his responses to paragraphs 1 through 50 as if fully set forth herein.

52..-54.  The defendant denies the allegations in paragraphs 52 through 54.

### III.  Assault and Battery
(Defendants Acebal, Antonio and Morales)

55.     This defendant incorporates his responses to paragraphs 1 through 54 as if fully set forth herein.

56.-59.   The defendant denies the allegations of paragraphs 56 through 59.

### IV.  Negligence Per Se
(Defendants Acebal, Antonio and Morales)

60.     This defendant incorporates his responses to paragraphs 1 through 59 as if fully set forth herein.

61.-62. The defendant denies the allegations in paragraphs 61 and 62.

### V.  Violation of First Amendment Rights
(Defendants Acebal, Antonio and Morales)

63.     This defendant incorporates his responses to paragraphs 1 through 62 as if fully set forth herein.

64.-67.   The defendant denies the allegations in paragraphs 64 through 67.

### VI.  Violation of Fourth Amendment Rights
(Defendants Acebal, Antonio and Morales)

64.     This defendant incorporates his responses to paragraphs 1 through 62 as if fully set forth herein.

65.-67.   The defendant admits the allegations in paragraphs 65 through 67.

### VI.  Violation of Fourth Amendment Rights
(Defendants Acebal, Antonio and Morales)

68.     This defendant incorporates his responses to paragraphs 1 through 67 as if fully set forth herein.

69.-71.   The defendant denies the allegations of paragraphs 69 through 71.

<u>VII:  Violation of Fifth Amendment Rights</u>
(Defendants Acebal, Antonio and Morales)

72.    This defendant incorporates his responses to paragraphs 1 through 71 as if fully set forth herein.

73.-81.  The defendant denies the allegations of paragraph 73 through 81.

<u>VIII:  Violation of Eighth Amendment Rights</u>
(Defendants Acebal, Antonio and Morales)

82.    This defendant incorporates his responses to paragraphs 1 through 82 as if fully set forth herein.

83.-85.  The defendant denies the allegations of paragraphs 83 and 85.

<u>IX:  False Arrest</u>
(*Respondeat Superior* Liability of the District of Columbia)

86.    This defendant incorporates his responses to paragraphs 1 through 85 as if fully set forth herein.

87.-88.  The defendant denies the allegations of paragraphs 87 and 88.

89.    The defendant admits existence of an arrest report for plaintiff, but further states the report speaks for itself.

90.-91. The allegations in paragraphs 90 and 91 are not directed toward this defendant, and are the legal conclusions of the pleader to which no response in required.

<u>X:  Violation of First Amendment Rights</u>
(Defendant District of Columbia)

92.    This defendant incorporates his responses to paragraphs 1 through 91 as if fully set forth herein.

93.-97.  The allegations in paragraphs 93 through 97 are not directed toward this defendant, and are the legal conclusions of the pleader to which no response in required.

XI:  Violation of Fourth Amendment Rights
(Defendant District of Columbia)

98.     This defendant incorporates his responses to paragraphs 1 through 97 as if fully set forth herein.

99-100.   The allegations in paragraphs 99 through 100 are not directed toward this defendant, and are the legal conclusions of the pleader to which no response in required.

XII:  Violation of Fifth Amendment Rights
(Defendant District of Columbia)

101.     This defendant incorporates his responses to paragraphs 1 through 100 as if fully set forth herein.

102.-109.  The allegations in paragraphs 102 through 100 are not directed toward this defendant, and are the legal conclusions of the pleader to which no response in required.

XIII:  Violation of Eighth Amendment Rights
(Defendant District of Columbia)

110.     This defendant incorporates his responses to paragraphs 1 through 109 as if fully set forth herein.

111.     The allegations in paragraph 111 is not directed toward this defendant, and are the legal conclusions of the pleader to which no response in required.

Further answering, the defendant denies all allegations not specifically admitted herein or otherwise responded to.

**Third Defense**

The defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

The defendant has performed his obligations, if any, towards plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

The defendant asserts qualified immunity, privilege and absence of bad faith.

### Sixth Defense

This action may be barred by the applicable statute of limitations and/or by laches.

### Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Eighth Defense

If plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than the defendant.

### Ninth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of her own intentional, illegal and/or otherwise wrongful conduct.

### Tenth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the acts of a person or persons other than the defendant.

### Eleventh Defense

At all times relevant herein, the defendant has acted in good faith and with the reasonable belief that his actions were lawful under the circumstances.

### Twelfth Defense

Plaintiff may have failed to mitigate her damages.

### Thirteenth Defense

Plaintiff may have failed to fully exhaust administrative remedies.

### Fourteenth Defense

Plaintiff is not entitled to punitive damages.

### Fifteenth Defense

Plaintiff is not entitled to attorney's fees.

Defendant reserves the right to amend his Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Jury Demand

Defendant hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant prays that same be dismissed, and that they recover their costs of suit expended herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ _____

PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV


/s/ _____

ERIC S. GLOVER [1]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295



## CERTIFICATE OF SERVICE


I hereby certify that on this 7th day of December 2007, a copy of the foregoing Answer to Plaintiff's Complaint was served via CaseFile Xpress to:

Sarah Keast, Esq.
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 2000
Phone: (202) 346-2001
Fax: (202) 346-4444

Arthur B. Spitzer (D.C. Bar # 235960)
Fredrick V. Mulhauser (D.C. Bar # 455377)
American Civil Liberties Union of the
National Capitol Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Phone: (202) 457-0800


/s/ Eric S. Glover _____

ERIC S. GLOVER[2]
Assistance General Counsel
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.
[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.