# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LINDSAY HUTHNANCE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | Civil Action No.  06-CV-1871 (HKK) |
| **v.** | ] | |
| | ] | |
| **DISTRICT OF COLUMBIA, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

_____

## PARTIES' JOINT LOCAL RULE 16.3 REPORT

Pursuant to this Court's Order Setting Initial Status Conference, Local Civil Rule 16.3

and Fed. R. Civ. P. 26(f), the attorneys for Plaintiff and defendants conferred up to and including

January 7, 2008, and hereby submit the following:

**TOPIC NO. 1:**  Whether the case is likely to be disposed of by dispositive motion; and whether if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**POSITION OF PARTIES:**  The defendants believe that this case may be resolved by

dispositive motion.  However, the parties have not yet engaged in any discovery which would

support the filing of a dispositive motion at this time.

**TOPIC NO. 2:** (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

**POSITION OF PARTIES:** (a) At the present time, the parties do not plan to join

additional parties or amend the pleadings.  However, once discovery has begun, there may then

be a need to join other parties or to amend the pleadings.  Defendants propose that all requests

for joinder or amendment of the pleadings shall be filed no later than February 10, 2008, subject

to the other parties right to object. Plaintiffs propose that all requests for joinder or amendment

of the pleadings shall be filed no later than thirty days prior to the proposed close of discovery,

or April 9, 2008; (b) The parties agree that there are not yet any factual or legal issues that can be

agreed upon or narrowed.

**TOPIC NO. 3:** Whether this case should be assigned to a magistrate judge for all
purposes, including trial.

**POSITION OF PARTIES:** The parties do not consent to having the case assigned to a

magistrate judge for all purposes. The defendants do not object to having this matter assigned to

a magistrate judge for purposes of discovery disputes and/or for mediation.

**TOPIC NO. 4:** Whether there is a realistic possibility of settling the case.

**POSITION OF PARTIES:** It is premature to predict whether there is a realistic

possibility of settling this case.

**TOPIC NO. 5:** Whether the case could benefit from the Court's alternative dispute
resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so,
which procedure should be used and whether discovery should be stayed or limited pending
completion of ADR.

**POSITION OF PARTIES:** At present, Plaintiff does not believe that the case could

benefit from the Court's ADR procedures. The defendants believe that the Court's ADR may be

appropriate after the close of discovery.

**TOPIC NO. 6:** Whether the case can be resolved by summary judgment or motion to
dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and
replies; and proposed dates for a decision of the motions.

**POSITION OF PARTIES:** The defendants believe that after the close of discovery, this

case may be able to be resolved by dispositive motion. The parties have proposed various

deadlines under Topic No. 8.

**TOPIC NO. 7:** Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

**POSITION OF PARTIES:** The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures and shall proceed with discovery as outlined by this court in its scheduling order.

**TOPIC NO. 8:** The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**POSITION OF PARTIES:** The parties agree that, pursuant to Fed. Rule 33, each party should be limited to 25 interrogatories. The parties further agree that the each party should be limited to ten (10) depositions, and that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties propose a slightly modified version of the Track Two schedule contained in Appendix I of Judge Kennedy's December 11, 2007, Order be followed. The following schedule is proposed:

| | |
|---|---|
| January 10, 2008: | Initial Scheduling Conference. |
| February 9, 2008: | Exchange Witness Lists. |
| February 25, 2008: | Deadline for Post-Rule 26(a) discovery requests. |
| March 25, 2008: | Plaintiff's Rule 26(a)(2) statements due. |
| April 24, 2008: | Defendants' Rule 26(a)(2) statements due. |
| May 9, 2008: | All Discovery Closed. |
| May 29, 2008 : | Deadline for filing Dispositive Motions. |

3

June 29, 2008:       Deadline for filing Opposition to Dispositive Motions

July 14, 2008:       Deadline for filing Replies, if any.

In addition to the above, defendants propose that the deadline for joinder and amendment of pleadings be February 10, 2008. Plaintiff proposes that the deadline for joinder and amendment of pleadings be April 9, 2008.

Each parties' Proposed Scheduling Order is attached hereto as Appendices 1 & 2.

**TOPIC NO. 9:** Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

**POSITION OF PARTIES:** Plaintiff agrees to make all expert witnesses available for deposition. Prior to the depositions, plaintiff agrees to exchange expert reports pursuant to Rule 26(a)(2), except that Plaintiff agrees to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the expert witness shall provide said list of cases at the time of his/her deposition. Defendants request that plaintiff designate his expert(s) on or before March 25, 2008, and that the Reports be provided at the time of designation. Defendants will designate their expert(s) on or before April 24, 2008, and will provide the Reports at the same time.

**TOPIC NO. 10:** In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**POSITION OF PARTIES:** Not applicable.

**TOPIC NO. 11:** Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

4

**POSITION OF PARTIES:** Plaintiff asserts that trial should not be bifurcated.

Defendants do not seek bifurcation at this time; however they reserve the right to seek

bifurcation at the close of discovery, if appropriate.

**TOPIC NO. 12:** The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**POSITION OF PARTIES:** Plaintiff requests a pretrial conference in August 2008. The

Defendants request that the Pretrial Conference be scheduled at least 30 days after the Court's

ruling on any filed dispositive motion. If no motion is filed, the pretrial conference shall be set

for 30 days after the close of discovery.

**TOPIC NO. 13:** Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**POSITION OF PARTIES:** The Plaintiff prefers that a firm trial date be set at the first

scheduling conference. The Defendants request that a firm trial date be set at the pre-trial

conference.

**TOPIC NO. 14:** Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**POSITION OF PARTIES:** The parties have no other matters that they believe need to

be included in the scheduling order at this time.

**STATEMENT OF THE CASE:**

    A.    <u>Plaintiff's version</u>:

This is a civil rights case arising from Plaintiff Lindsay Huthnance (nee Smith) wrongful

arrest and detention in retaliation for Plaintiff's criticism of the police.

Plaintiff Lindsay Huthnance claims that there was no probable cause for her arrest; that

her arrest and detention were based upon unjustified animus directed towards those who criticize police activity; that the officers and the District never had any intention of filing any charges against her; that the treatment afforded her was different than treatment afforded to those arrested with probable cause in an effort by the District and the Officers to evade scrutiny for unlawful arrests; that the treatment afforded to her constituted punishment prior to trial; and that the fine charged was excessive. Plaintiff Smith alleges that the actions of the Officers and the District constituted assault and battery, false arrest, intentional infliction of emotional distress, and violations of Ms. Smith's First, Fourth, Fifth and Eighth Amendment rights.

       B.    <u>Defendants' version</u>:

The Plaintiff claims that on November 15, 2005, she was arrested by Defendants Officer L. Acebal, Officer J. Antonio and Officer J. Morales, members of the D.C. Metropolitan Police Department, without probable cause. Defendants claim that there was ample probable cause for plaintiff's arrest and thus deny that the plaintiff's arrest was based upon any unjustified animus. Defendants further deny that the plaintiff's treatment was different than treatment afforded to those arrested with probable cause. Additionally, Defendants deny that the plaintiff's forfeiture charge was excessive and further denies that their actions against the plaintiff constituted assault and battery, false arrest, intentional inflection of emotional distress and any violation of the plaintiff's First, Fourth and Eight Amendment Rights.

**STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES**:

    A.    Plaintiff's version:

    The statutory basis for the Plaintiff's cause of action is Ms. Smith brings this action to redress the deprivation of rights secured to her by the United States Constitution, as made actionable under 42 U.S.C. § 1983. Plaintiff further claims that Defendants violated the notice provision D.C. Code § 5-335.01. Plaintiff's remaining claims under the laws of the District of Columbia are common law claims. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. In addition, this Court has supplemental jurisdiction to adjudicate claims under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the conduct giving rise to this action occurred in the District of Columbia.

    B.    Defendants' version:

    Defendants deny that Plaintiff was deprived of any right secured to her by the United States Constitution, as made actionable by 42 U.S.C § 1983 or common law. Defendants further claim that it did not violate the notice provision of D.C. Code § 5-335.01. The Defendants further rely upon all defenses set forth in their Answer to Plaintiff's Complaint.

                Respectfully submitted,

                _____

                John Moustakas (DC Bar # 422076)
                /s/ Sarah Keast (DC Bar # 493632)
                Goodwin | Procter LLP
                901 New York Avenue, NW
                Washington, DC 20001
                (202) 346 – 4000
                (202) 346 – 4444 (fax)

                Arthur B. Spitzer (DC Bar #235960)

Frederick V. Mulhauser (DC Bar # 455377)
American Civil Liberties Union
   of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Huthnance

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /S/  _____
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV

  /S/  _____
ERIC S. GLOVER 1
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9754

Attorneys for Defendants District of Columbia,
Officer L. Acebal, Officer J. Antonio and Officer
J. Morales

Dated: January 7, 2008

---

1 Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LINDSAY HUTHNANCE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | Civil Action No.  06-CV-1871 |
| (HKK) | | |
| **v.** | ] | |
| | ] | |
| **DISTRICT OF COLUMBIA, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

## DEFENDANTS DISTRICT OF COLUMBIA, OFFICER L. ACEBAL'S, OFFICER J. ANTONIO'S and OFFICER J. MORALES' PROPOSED SCHEDULING ORDER

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, its is on this _____ day of _____, 2008, hereby

ORDERED that the following schedule shall govern the proceedings of this case:

1.      All additional parties shall be joined and all amendments to pleadings completed

within 30 days of the Scheduling Conference, or on or before February 10, 2008.

2.      All discovery shall be completed by May 9, 2008.

3.      Each side may conduct 10 depositions, and propound 25 interrogatories to the

other side.

4.      Expert discovery shall be completed by the close of discovery as follows:

(a)      Plaintiff's experts shall be identified and expert reports disclosed as described by

Fed. R. Civ. P. 26(2)(B) on or by March 25, 2008.

(b)      Rebuttal experts, as described by Fed. R. Civ. P. 26(2)(C) shall be identified and

rebuttal reports disclosed 30 days after plaintiff's disclosures of experts, or by April 25,

2008.

(c)     Depositions of all experts shall be completed by May 9, 2008, the close discovery.

5.     Any motions for summary judgment shall be filed by no later than 30 days after the close of discovery, or by June 9, 2008, whichever is the later.  Any opposition shall be filed no later than 30 days after filing of the initial motion.  A reply, if any, shall be filed by no later than 15 days after the filing of any opposition.

6.     The pretrial conference shall be held within 30 days of the Court's ruling on a motion(s) for summary judgment.  If no motion for summary judgment is filed, the pretrial conference shall be held within 30 days after the close of discovery.

7.     The trial date shall be scheduled at the Pretrial Conference.

IT IS SO ORDERED

_____
HENRY H. KENNEDY
United States District Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LINDSAY HUTHNANCE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | Civil Action No.  06-CV-187 (HKK) |
| **v.** | ] | |
| | ] | |
| **DISTRICT OF COLUMBIA, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

**PLAINTIFF LINDSAY HUTHNANCE'S PROPOSED SCHEDULING ORDER**

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, its is on this _____ day of _____, 2008, hereby

ORDERED that the following schedule shall govern the proceedings of this case:

1.      All discovery shall be completed by May 9, 2008.

2.      All additional parties shall be joined and all amendments to pleadings completed 30 days prior to the close of discovery, or on or before April 9, 2008.

3.      Each side may conduct 10 depositions, and propound 25 interrogatories to the other side.

4.      Expert discovery shall be completed by the close of discovery as follows:

(a)      Plaintiff's experts shall be identified and expert reports disclosed as described by Fed. R. Civ. P. 26(2)(B) on or by March 25, 2008.

(b)      Rebuttal experts, as described by Fed. R. Civ. P. 26(2)(C) shall be identified and rebuttal reports disclosed 30 days after plaintiff's disclosures of experts, or by April 24, 2008.

(c)      Depositions of all experts shall be completed by May 9, 2008, the close discovery.

5.      Any motions for summary judgment shall be filed by no later than 30 days after the close of discovery, or by June 9, 2008, whichever is the later.  Any opposition shall be filed no later than 30 days after filing of the initial motion.  A reply, if any, shall be filed by no later than 15 days after the filing of any opposition.

IT IS SO ORDERED

_____
HENRY H. KENNEDY
United States District Court