## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| LINDSAY HUTHNANCE, *et al.,* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case Number: 06-1871 (HKK) |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO THEIR INTERROGATORIES

Defendants Liliana Acebal, Jose Morales, James Antonio, and the District of Columbia, by and through counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 37, to compel Plaintiff's responses to their Interrogatories. Plaintiff has failed to satisfy the requirements of Fed. R. Civ. P. 26, and 33, by providing incomplete, and in some instances no response, to the Defendants' discovery requests. More detailed grounds for this motion are set forth in the attached memorandum of points and authorities in support thereto.

Respectfully submitted:

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____Eric S. Glover_____
ERIC S. GLOVER [83200]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6295
(202) 727-3625 (fax)
E-mail: Eric.glover @dc.gov

## **Local Rule 7m Certification**

On May 5, 2008, the undersigned sent plaintiff a letter seeking more responsive answers to her discovery responses.  By letter, dated May 5, 2008, plaintiff indicated that she believed no supplement was necessary to her responses, but would determine whether she could answer any of the contention interrogatories at this stage.  On June 11, 2008, having received no supplement to discovery, undersigned emailed plaintiff about these Defendants' intent to move to compel those responses.  The Defendants have satisfied their good faith efforts to resolve the parties' discovery dispute, and Plaintiff is on notice of their intent to seek relief.


_____
ERIC S. GLOVER [83200]
Assistant Attorney General

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| LINDSAY HUTHNANCE, *et al.,* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case Number: 06-C1871 (HKK) |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DDEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF'S RESPONSES TO THEIR INTERROGATORIES

### I. Facts

On November 15, 2006, Plaintiff filed the instant complaint against Defendants District of Columbia, and several unnamed D.C. Metropolitan Police Department officers because she was arrested on November 2, 2005, at a 7-Eleven Convenience Store and charged with disorderly conduct. See Complaint, at Docket Entry #1. On May 7, 2007, plaintiff amended her Complaint and added L. Acebal, J. Antonio, and J. Morales as party defendants. Plaintiff avers that her arrest was unlawful and in violation of her First, Fourth, Fifth, and Eighth Amendment rights, and that the Defendants committed an assault and battery, and intentionally inflicted emotional distress on her. See Docket Entry, #13.

On May 15, 2008, the Defendants forwarded their Interrogatories to Plaintiff. Plaintiff forwarded her responses to those interrogatories on or about March 10, 2008. See Plaintiff's Objections and Responses to Defendants District of Columbia,

Officers L. Acebal, J. Antonio and J. Morales' Interrogatories to Plaintiff, hereto attached as Exhibit A.

In a letter, dated May 5, 2008, the Defendants, in good faith, asked Plaintiff to supplement her discovery responses because of their deficiencies. See May 5, 2008, letter, hereto attached as Exhibit B. By letter, dated May 5, 2008, Plaintiff responded that it was hard for her to take the noted "criticisms seriously in light of their opportunistic timing," but would consider whether she could answer any of the contention interrogatories at this stage, hereto attached as Exhibit C. As of the filing of this motion, Plaintiff has not supplemented her responses.

As set forth below, these Defendants are entitled to an Order compelling discovery.

## II.    Argument

Fed. R. Civ. P. 37(a)(1) provides that a party, on notice to other parties and all affected persons, may apply for an order compelling disclosure or discovery. According to Rule 37(a)(2), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Rule 37(a)(3)(B) provides that the motion may be made if a party fails to answer an interrogatory submitted under Rule 33. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer or respond." *See* Rule 33(a)(4).

Plaintiff has filed various common law and constitutional claims against these Defendants. In an effort to ascertain the exact nature of her claims and alleged proof, and in an effort to defend themselves in this litigation, these Defendants sent Plaintiff their First Set of Interrogatories. Although Plaintiff responded to these interrogatories on or about March 10, 2008, her responses were deficient and/or incomplete. *See* Exhibit A. By letter, dated May 5, 2008, these Defendants, in good faith, conveyed to Plaintiff the deficiencies in her responses and attempted to resolve the dispute without Court intervention. *See* Exhibit B. Plaintiff responded that she could not take the Defendants' criticisms seriously, and would determine whether she could answer any of the contention interrogatories at this stage of the litigation. See Exhibit C. As of the filing of this motion, no supplemental discovery responses have been received by these Defendants.

The Defendants asked Plaintiff the following questions and received the following discovery responses:

INTERROGATORY NO. 7:

>State in your own words exactly and in detail how the incident that is the subject of this litigation occurred (e.g. your observations of the physical movements of each person or object involved, what each person said and to whom each statement was made (if you do not recall exact wording, state the content of such statement), the exact wording of all statements made by yourself and the identity of the person to whom said statements were made, your physical movements and the time that each of the above actions and/or statements occurred).

RESPONSE TO INTERROGATORY NO. 7:

In addition to all General Objections, Plaintiff objects to this Interrogatory as exceeding the requirements of the Federal Rules of Civil Procedure insofar as it seeks a response "in [plaintiffs'] own words." Defendants may obtain Plaintiff's narrative

statement regarding the events that are subject of the instant litigation by deposing Plaintiff.

Subject to and without waiving any objections, Plaintiff refers Defendants to the detailed account of events in the First Amended Complaint.

**Defendants' Basis for Objection:** Plaintiff's discovery response, or lack thereof, is clearly in contravention to Rules 26, and 33. Plaintiff failed to answer the interrogatory posed. Instead, she objected that the request violated the Federal Rules of Civil Procedure, and did not answer the interrogatory. Instead, plaintiff stated that these Defendants may obtain her answers through deposition, and referred these Defendants to the allegations in her First Amended Complaint. See Response #7.

Plaintiff seems to suggest that the only way these Defendants can obtain answers to their interrogatories in Plaintiff's "own words" is to depose her. See Response #7. Contrary to Plaintiff's claim, the interrogatory does not violate any of the federal rules, and requires Plaintiff to provide the required response to the interrogatory. While discovery may be obtained through deposition, the Defendants have the option to obtain discovery through interrogatories, and does not have to wait to depose Plaintiff. See Fed. R. Civ. P. 33. In fact, Rule 33 provides that "each interrogatory **shall be answered** separately and **fully** in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Plaintiff has failed to fully answer the interrogatory. Instead, she has referred these Defendants to the allegations set forth in her unverified First Amended Complaint that is signed by her counsel. See Docket Entry #13. While Rule 33 allows a party to refer to records, it must be the party's business record, and

reference to the record must be specific to enable the interrogating party to locate and identify them as readily as the responding party could. See Rule 33(d)(1). The First Amended Complaint is not a business record, and Plaintiff's reference to it violates the meaning and spirit of Rule 33. Accordingly, these Defendants are entitled to an Order compelling Plaintiff to provide a full statement in writing under oath to Interrogatory #7.

INTERROGATORY NO. 9:

Describe in detail your basis for suing Officers Acebal, Antonio and Morales in their official and/or individual capacity and describe each action that Officers Acebal, Antonio and Morales took related to the occurrence in question that subjects them to liability. Attach all documents that relate to this interrogatory.

RESPONSE TO INTERROGATORY NO. 9:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6] and specifically states that discovery and Plaintiff investigation are ongoing.

INTERROGATORY NO. 13:

Describe in detail the basis of your claim that the defendants Officers Acebal, Antonio and Morales falsely arrested you November 15, 2005, as alleged in Count I of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 13:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise,

this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing

her factual support.

INTERROGATORY NO. 14:

Describe in detail the basis of your claim that the defendants Officers Acebal, Antonio and Morales intentional inflicted emotional distress upon you on November 15, 2005, as alleged in Count 11 of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 14:

Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit

A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].

Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is

still developing her factual support.

INTERROGATORY NO. 15:

Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales assaulted and battered you on November 15, 2005, as alleged in Count III of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the evidence to support your claim that you were falsely imprisoned, the witnesses you intend to call to support this claim and the substance of their likely testimony and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 15:

Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A

to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this

Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her

factual support.

INTERROGATORY NO. 16:

>  Describe in detail the basis of your claim that the defendants Acebal, Antonio
>  and Morales were negligent in there interactions with you on November 15, 2005,
>  as alleged in Count IV of your complaint including but limited to the factual
>  support you intend to introduce to prove this claim, the witnesses you intend to
>  call to support this claim and the substance of their likely testimony, and the
>  exhibits that you intend to introduce to support these claims. Attach all
>  documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 16:

Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit

A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].

Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is

still developing her factual support.

INTERROGATORY NO. 17:

>  Describe in detail the basis of your claim that the defendants Acebal, Antonio
>  and Morales violated your First Amendment rights on November 15, 2005, as
>  alleged in Count I of your complaint including but limited to the factual support
>  you intend to introduce to prove this claim, the witnesses you intend to call to
>  support this claim and the substance of their likely testimony, and the exhibits
>  that you intend to introduce to support these claims. Attach all documents related
>  to this interrogatory.

RESPONSE TO INTERROGATORY NO. 17:

Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A

to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise,

this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing

her factual support.

INTERROGATORY NO. 18:

>Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales violated your Fourth Amendment Rights on November 15, 2005, as alleged in Count VI of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 18:

>Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A

to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise,

this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing

her factual support.

INTERROGATORY NO. 19:

>Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales violated your Fifth Amendment rights on November 15, 2005, as alleged in Count VII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 19:

>Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit

A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].

Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is

still developing her factual support.

INTERROGATORY NO. 20:

> Describe in detail the basis of your claim that the defendants Acebal, Antonio
> and Morales violated your Eight Amendment rights on November 15, 2005, as
> alleged in Count VIII of your complaint including but limited to the factual
> support you intend to introduce to prove this claim, the witnesses you intend to
> call to support this claim and the substance of their likely testimony, and the
> exhibits that you intend to introduce to support these claims. Attach all
> documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 20:

Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit

A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].

Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is

still developing her factual support.

INTERROGATORY NO. 21:

> Describe in detail the basis of your claim that the defendant the District of
> Columbia
> is liable to you under the theory of Respondeat Superior, as alleged in Count IX of
> your complaint including but limited to the factual support you intend to introduce
> to prove this claim, the witnesses you intend to call to support this claim and the
> substance of their likely testimony, and the exhibits that you intend to introduce to
> support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 21:

Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit

A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].

Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is

still developing her factual support.

INTERROGATORY NO. 22:

> Describe in detail the basis of your claim that the defendant District of
> Columbia violated your First Amendment rights on November 15, 2005, as
> alleged in Count X of your complaint including but limited to the factual
> support you intend to introduce to prove this claim, the witnesses you intend to
> call to support this claim and the substance of their likely testimony, and the
> exhibits that you intend to introduce to support these claims. Attach all
> documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 22:

> Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to

Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this

Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her

factual support.

INTERROGATORY NO. 23:

> Describe in detail the basis of your claim that the defendant District of Columbia
> violated your Fourth Amendment rights on November 15, 2005, as alleged in Count
> XI of your complaint including but limited to the factual support you intend to
> introduce to prove this claim, the witnesses you intend to call to support this claim
> and the substance of their likely testimony, and the exhibits that you intend to
> introduce to support these claims. Attach all documents related to this
> interrogatory.

RESPONSE TO INTERROGATORY NO. 23:

> Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as

Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].

Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is

still developing her factual support.

INTERROGATORY NO. 24:

> Describe in detail the basis of your claim that the defendant District of Columbia violated your Fifth Amendment rights on November 15, 2005, as alleged in Count XII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 24:

> Subject to all General Objections, Plaintiff refers Defendants to the First

Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit

A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].

Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is

still developing her factual support.

INTERROGATORY NO. 25:

> Describe in detail the basis of your claim that the defendant District of Columbia violated your Eighth Amendment rights on November 15, 2005, as alleged in Count XIII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 25:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to

Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this

Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

**<u>Defendants' Basis for Objection:</u>**    Plaintiff's Responses to Interrogatories Nos. 9, and 13 through 25 suffer from the same deficiencies.  While Plaintiff claims that these Defendants have flouted the discovery rules, she has decided that the rules simply do not apply to her. Plaintiff has not provided a response to any of these questions.  Instead, in clear violation of Rule 33, Plaintiff has referred these Defendants to the allegations set forth in her First Amended Complaint, and to the Arrest Report.  *See* Responses 9, and 13 through 25.  Additionally, in her May 5, 2008, letter to these Defendants, Plaintiff claimed that she has a right to defer her responses to contention interrogatories.  According to Rule 33, "an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but **the court may order** that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."  These Defendants have a right to know the factual basis for Plaintiff's claims against them.  While Rule 33(d) allows a party to respond to an interrogatory by specifying the party's **business record** that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could, Plaintiff reference to the First Amended Complaint and the Arrest Report violates Rule 33(d).  The First Amended Complaint nor the Arrest Report are **Plaintiff's** business records.  Moreover, Plaintiff has not specifically identified any portions of those documents that answer the requested interrogatory.  *See* Responses 9, and 13 through 25.  These Defendants asked Plaintiff to supplement her responses to these interrogatories on May 5, 2008.  One month has

elapsed and Plaintiff has not provided these Defendants with any supplemental responses.

Instead, she has indicated that she can not take these Defendants' criticisms seriously,

and has otherwise ignored her discovery obligations.  See Exhibit C.

WHEREFORE, the Defendants request the Court to enter an Order compelling

Plaintiff's responses to these Defendants' interrogatories, and for other appropriate relief,

including sanctions, fees and/or costs.

Respectfully submitted:

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____Eric S. Glover_____
ERIC S. GLOVER [83200]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6295
(202) 727-3625 (fax)
E-mail:  Eric.glover@dc.gov

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LINDSAY HUTHNANCE, *et al.*,        )
                                    )
            Plaintiffs              )
                                    )
        v.                          )        Case Number:  06-C1871 (HKK)
                                    )
DISTRICT OF COLUMBIA, *et. al.*     )
                                    )
            Defendants.             )

<u>ORDER</u>

Upon consideration of Defendants _____ Acebal, _____ Morales,

_____ Antonio, and the District of Columbia's Motion to Compel Discovery,

Plaintiff's Opposition thereto, if any, and the record herein, it is this ___ day of

_____, 2008,

ORDERED:  that the Motion is hereby GRANTED for the reasons set forth in the

Motion, and it is,

FURTHER ORDERED:  that Plaintiff shall serve her full responses to the

Defendants' Interrogatories Nos. 7, 9, and 13 through 25 within 10 days of this Court's

Order; and it is,

FURTHER ORDERED:  that the following sanctions and costs are hereby

awarded in an amount to be determined upon the Defendants' filing of a motion for costs

SO ORDERED:


                                    _____
                                    Judge Henry Kennedy
                                    U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDSAY HUTHNANCE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.* | ) | Case No. 1:06CV01871 (HKK) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANTS DISTRICT OF COLUMBIA, OFFICERS L. ACEBAL, J. ANTONIO
AND J. MORALES' INTERROGATORIES TO PLAINTIFF**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff hereby

submits these objections and responses to defendants District of Columbia, Officers L. Acebal, J.

Antonio, and J. Morales' Interrogatories to Plaintiff ("Interrogatories").

GENERAL OBJECTIONS

1.      These responses are made solely for the purposes of this action. Each response is

without waiver or limitation of Plaintiff's right to object on grounds of competency, relevance,

materiality, privilege, admissibility as evidence for any purpose, or any and all grounds to the use

of any documents or information in any subsequent proceeding in, or trial of, this or any other

action. Plaintiff hereby reserves the right to raise and rely upon such other and further objections

as may become apparent during the course of responding to discovery.

2.      Plaintiff objects to each Interrogatory to the extent that it expressly or impliedly

seeks information protected from discovery by the attorney-client privilege, the work product

doctrine, or any other privileges or reasons for non-production. The Interrogatories will be

construed as not seeking such information. Inadvertent disclosure of privileged information is

not intended to be, and may not be construed as, a waiver of any applicable privilege.

       3.     Plaintiff objects to each Interrogatory to the extent that it is inconsistent with or

purports to require Plaintiff to take measures above and beyond the requirements of the Federal

Rules of Civil Procedure.

       4.     Plaintiff objects to the Interrogatories to the extent that Defendants have

propounded compound interrogatories exceeding the limit of twenty-five interrogatories

"including all discrete subparts" contained in Federal Rule of Civil Procedure 33(a).

       5.     Subject to all Objections contained herein, Plaintiff answers these Interrogatories

to the best of her knowledge at the present time, based upon her investigation to date. Plaintiff's

factual and legal investigation of this matter is ongoing, and Plaintiff therefore reserves the right

to supplement and amend these responses when and if it becomes necessary.

       6.     Each of these General Objections is incorporated into Plaintiff's responses to each

of the Interrogatories as though fully set forth therein. Plaintiff will not respond to the

Interrogatories to the extent to which they are objected.

### SPECIFIC RESPONSE AND OBJECTIONS

<u>INTERROGATORY NO. 1:</u>

     State your full name, residence addresses since age 21, date and place of birth, social
     security number, driver's license number, all names by which you have been known, and
     the reasons for the name changes.

<u>RESPONSE TO INTERROGATORY NO. 1:</u>

     In addition to all General Objections, Plaintiff objects to this Interrogatory as overbroad

and unduly burdensome. Subject to and without waiving any objections, Plaintiff responds that

her full name is Lindsay Pierce Huthnance. She was born in Hinsdale, Illinois on August 27,

1978. Plaintiff's social security number is 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, and her driver's license number, issued

- 2 -

by the District of Columbia, is DC 1509647.    Plaintiff's current address is 2400 41st Street NW

#515, Washington, DC 20007.  Prior to living in this residence, Plaintiff resided at 3305 18th

Street NW, Basement, Washington, DC 20010 from the ages of 26 to 28. From the ages of 24 to

26, Plaintiff resided at 3359 18th Street NW, Basement, Washington, DC 20010.  From the ages

of 22 to 24, Plaintiff's residence was located at 6 West Chicago Avenue, Chicago, IL 60610.

From the ages of 21 to 22, Plaintiff resided at 29 Rue Réné Schickèlé, Strasbourg, Alsace, Bas-

Rhin, France.

      Plaintiff's maiden name was Lindsay Pierce Smith and was changed to Lindsay Pierce

Huthnance in January 2007 when she was married.

INTERROGATORY NO. 2:

> If you have ever been arrested, detained and/or convicted or adjudicated for the alleged
> commission of a felony, crime, offense or misdemeanor (including juvenile and traffic
> offenses), please state all the details of such incident (e.g., the time, date and location of
> each such arrest or detention; the specific charges for which you were arrested or
> detained on each such occasion; the court action number and the particular court where
> the action was filed; the particular charges which were the subject of each such court
> action; and the disposition of each).

RESPONSE TO INTERROGATORY NO. 2:

      In addition to all General Objections, Plaintiff objects to this Interrogatory to this as

overbroad and unduly burdensome.  Plaintiff further objects that the information sought is

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiving any objections, Plaintiff responds that aside from her

arrest on November 15, 2006, which is the subject of the instant action, Plaintiff has never been

arrested, detained, or convicted for any felony, crime, offense, or misdemeanor.  Plaintiff further

responds that, to the best of her recollection, she has received one traffic citation for a speeding

violation in 1998, in Chapel Hill, North Carolina.  The traffic citation was disposed of upon the payment of a fine.

INTERROGATORY NO. 3:

> Beginning in November 15, 2003, list your entire employment history and other income producing activities in chronological order, with the full name, address and telephone number of each employer or other business relationship, your duties and responsibilities, average weekly wages or earnings, whether you were disciplined for any reason, and the reason each employment or other business relationship was terminated. Execute the attached authorization form.

RESPONSE TO INTERROGATORY NO. 3:

In addition to all General Objections, Plaintiff objects to this Interrogatory as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory insofar as it refers to an "attached authorization form" that did not accompany Defendants' Discovery Requests and which Plaintiff has never received and because, in any event, execution of such a form goes beyond that which is required by the Federal Rules of Civil Procedure.

Subject to and without waiving any objections, Plaintiff responds that from 2003 until 2004, she served as an unpaid research intern at the Brookings Institution, located at 1775 Massachusetts Avenue NW, Washington, D.C. 20036, phone number (202) 797-6165.  During the same time period, Plaintiff also served as a server and bartender at Zola Private Dining, located at 800 F Street NW, Washington, D.C. 20004, phone number (202) 654-0999.  Plaintiff earned approximately $400 a week during her employment with Zola Private Dining.

From 2004 until 2005, Plaintiff served as a bartender at the DC Sofitel Lafayette Square, located at 806 15th Street NW, Washington, DC 20005, phone number (202) 737-8800.  Plaintiff earned approximately $500 a week during her employment with the DC Sofitel Lafayette Square.

- 4 -

From 2005 until the present date, Plaintiff has worked at the Moroccan American Center, located at 1101 Vermont Avenue NW #411, Washington, DC 20005, phone number (202) 587-0855. Plaintiff joined the Moroccan American Center as a Program Coordinator, and was promoted in June 2007 to the position of Manager of Research and Special Projects. Plaintiff currently earns approximately $825 a week.

Plaintiff has never faced any disciplinary actions during her employment with any of the aforementioned employers.

INTERROGATORY NO. 4:

If you have ever been physically or mentally ill or suffered any other physical mental disability or injury, including treatment of use, dependency or abuse of alcohol or drugs, prior to or subsequent to the date of the occurrence mentioned in the complaint, describe each illness, disability or injury in detail (e.g., the nature of the illness, disability or injury and the date or dates during which such illness, disability or injury existed; the circumstances surrounding the occurrence of such illness, disability or injury; the names, addresses and telephone numbers of all doctors, surgeons, psychiatrists, chiropractors, optometrists, dentists, counselors or podiatrists who may have seen, examined or treated you for such illness, disability or injury; and, if x-rays were taken of any portion of your body, which have not been the subject of answers to other interrogatories of this set, state the date when said x-rays were taken and the names and addresses of the persons or institutions conducting said x-ray examination). Execute the attached authorization form.

RESPONSE TO INTERROGATORY NO. 4:

In addition to all General Objections, Plaintiff objects to this Interrogatory on the basis that it is unlimited in temporal scope, and therefore could be read to call for the identification of every physical or mental illness during the entirety of her lifetime, rendering the request overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory insofar as it refers to an "attached authorization form" that did not accompany Defendants' Discovery Requests and which Plaintiff has never received and because, in any event, execution of such a form goes beyond that which is required by the Federal Rules of Civil Procedure.

- 5 -

Subject to these objections, Plaintiff refers Defendants to her responses to Interrogatories

10, 11, or 12 as providing answers to the only relevant portions of this request.

INTERROGATORY NO. 5:

Aside from the specific claims asserted in this lawsuit, describe completely any
claim or lawsuit, including claims for worker's compensation or other benefits, you have
ever made or filed, or which was made or filed on your behalf, whether or not arising out
of personal injury (e.g. the nature and amount of the claim: the identity(s) of the party(s)
against whom the claim was made; the year, month (and day, if available) of the claim; if
a lawsuit, the court and caption; and, the disposition of the claim). Provide copies of all
documents relating to such claims or lawsuits.

RESPONSE TO INTERROGATORY NO. 5:

In addition to all General Objections, Plaintiff objects to this Interrogatory as overbroad

and unduly burdensome.  Plaintiff further objects that the information sought is irrelevant and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving any objections, Plaintiff responds that, aside from the specific claims asserted in this

lawsuit, she has not filed any worker's compensation claims or any other lawsuits.

INTERROGATORY NO. 6:

If you consumed any alcoholic beverages and/or drugs at any time during the
twenty-four (24) hour period preceding the occurrence described in the complaint, please
state all details of such consumption (e.g., the type of beverage and/or drug(s); the
quantity consumed; the time or times each type of beverage or drug was consumed; the
location where each beverage or drug was consumed; and the identities and addresses of
any persons who could corroborate your response).

RESPONSE TO INTERROGATORY NO. 6:

In addition to all General Objections, Plaintiff objects to this Interrogatory as seeking

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.  Subject to and without waiving any objections, Plaintiff responds that in the four-hour

period starting at approximately 7:00 p.m. on the night of November 15, 2006, Plaintiff shared

one bottle of wine with three other individuals, and consumed two or three twelve-ounce beers.

- 6 -

Plaintiff consumed the alcohol at her apartment, located at 3305 18th Street NW, Basement,

Washington, DC 20010, and at the Raven Grill, located at 3125 Mt. Pleasant Avenue NW,

Washington, DC 20010. Plaintiff did not consume any other alcohol or drugs during the twenty-

four hour period.

Subject to and without waiving any objections, Plaintiff identifies Adrien Marsoni, Blake

Elyse Hinderyckx, and Sabri [Last Name Unknown] as individuals who can corroborate her

response to this Interrogatory. Plaintiff is in the process of obtaining contact information for

these individuals and specifically reserves the right to supplement and amend this response when

and if it becomes necessary.

INTERROGATORY NO. 7:

State in your own words exactly and in detail how the incident that is the subject of
this litigation occurred (e.g. your observations of the physical movements of each person
or object involved, what each person said and to whom each statement was made (if you
do not recall exact wording, state the content of such statement), the exact wording of all
statements made by yourself and the identity of the person to whom said statements were
made, your physical movements and the time that each of the above actions and/or
statements occurred).

RESPONSE TO INTERROGATORY NO. 7:

In addition to all General Objections, Plaintiff objects to this Interrogatory as exceeding

the requirements of the Federal Rules of Civil Procedure insofar as it seeks a response "in

[plaintiffs'] own words." Defendants may obtain Plaintiff's narrative statement regarding the

events that are subject of the instant litigation by deposing Plaintiff.

Subject to and without waiving any objections, Plaintiff refers Defendants to the detailed

account of events in the First Amended Complaint.

INTERROGATORY NO. 8:

Identify by name, address and telephone number of each witness to the event, (or

- 7 -

describe the person if the identity is unknown), including but not limited to law enforcement officers (with badge number), your companions or associates, any uninvolved witnesses on the scene, and furnish the exact words (or, if you cannot recall, the content of statements made) and actions taken by each such witness shortly before, during and after the incident.

RESPONSE TO INTERROGATORY NO. 8:

Subject to and without waiving any objections, Plaintiff refers Defendants to the individuals identified in response to Interrogatory Number 6 and to the individuals identified in Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Plaintiff also states that an unidentified employee of the Seven-11 and an unidentified witness outside of the Seven-11 witnessed the event. Plaintiff further refers Defendants to the detailed account of events in the First Amended Complaint in regards to the words and actions taken by the witnesses before, during, and after the incident. Plaintiff's investigation of this matter is ongoing, and Plaintiff therefore specifically reserves the right to supplement and amend this response when and if it becomes necessary.

INTERROGATORY NO. 9:

Describe in detail your basis for suing Officers Acebal, Antonio and Morales in their official and/or individual capacity and describe each action that Officers Acebal, Antonio and Morales took related to the occurrence in question that subjects them to liability. Attach all documents that relate to this interrogatory.

RESPONSE TO INTERROGATORY NO. 9:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6] and specifically states that discovery and Plaintiff investigation are ongoing.

INTERROGATORY NO. 10:

If you suffered any injury as a result of the incident referred to in the complaint,

- 8 -

describe fully the injury(s). If you are claiming that any such injuries are permanent, give complete details (e.g., the nature of said permanency and the disability claimed to result therefrom; the physical activities you are now prevented from performing as the result of said injuries and which injury limits each of the referred to physical activities; and the name, address and telephone number of the person or persons you intend to rely upon to support the allegations of permanency). Provide copies of all documents, which relate to the injury and your claim of permanency.

RESPONSE TO INTERROGATORY NO. 10:

In addition to all General Objections, Plaintiff objects to the term "injury" as undefined

and susceptible to multiple meanings.  Plaintiff interprets this term as referring to physical

injuries.  Subject to and without waiving any objections, Plaintiff states that she did not suffer

any physical injuries as a result of the incident.

INTERROGATORY NO. 11:

List in detail any psychological examinations, care or treatment you have received which you attribute to the incident in question, the name, address and telephone number of each therapist, psychologist, counselor or the like, results of any tests, diagnosis, course and dates of treatment, course of treatment, date you reached an endpoint, and when and whether you have been released from care.

RESPONSE TO INTERROGATORY NO. 11:

Subject to and without waiving any objections, Plaintiff states that she did not receive

any psychological examinations, care or treatment to which she attributes to the subject matter of

the instant action.

INTERROGATORY NO. 12:

Itemize all medical, hospital, doctor, physical therapy, health care provider and counseling bills and expenses, lost wages and earnings, and any other past or future losses, expenses, and other out-of-pocket payments attributable to the event.

RESPONSE TO INTERROGATORY NO. 12:

In addition to all General Objections, Plaintiff objects to the term "losses" as undefined

and susceptible to multiple meanings.  Subject to and without waiving any objections, Plaintiff

states that she did not incur any medical, hospital, doctor, physical therapy, health care provider

and counseling bills and expenses or lost wages and earnings that are attributable to the subject

matter of the instant action.

<u>INTERROGATORY NO. 13:</u>

> Describe in detail the basis of your claim that the defendants Officers Acebal,
> Antonio and Morales falsely arrested you November 15, 2005, as alleged in Count I of
> your complaint, including but limited to the factual support you intend to introduce to
> prove this claim, the witnesses you intend to call to support this claim and the substance
> of their likely testimony, and the exhibits that you intend to introduce to support these
> claims. Attach all documents related to this interrogatory.

<u>RESPONSE TO INTERROGATORY NO. 13:</u>

> Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

<u>INTERROGATORY NO. 14:</u>

> Describe in detail the basis of your claim that the defendants Officers Acebal,
> Antonio and Morales intentional inflicted emotional distress upon you on November 15,
> 2005, as alleged in Count 11 of your complaint including but limited to the factual
> support you intend to introduce to prove this claim, the witnesses you intend to call to
> support this claim and the substance of their likely testimony, and the exhibits that you
> intend to introduce to support these claims.  Attach all documents related to this
> interrogatory.

RESPONSE TO INTERROGATORY NO. 14:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 15:

Describe in detail the basis of your claim that the defendants Acebal, Antonio and
Morales assaulted and battered you on November 15, 2005, as alleged in Count III of
your complaint, including but limited to the factual support you intend to introduce to
prove this claim, the evidence to support your claim that you were falsely imprisoned, the
witnesses you intend to call to support this claim and the substance of their likely
testimony and the exhibits that you intend to introduce to support these claims. Attach all
documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 15:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 16:

Describe in detail the basis of your claim that the defendants Acebal, Antonio and
Morales were negligent in there interactions with you on November 15, 2005, as alleged
in Count IV of your complaint including but limited to the factual support you intend to
introduce to prove this claim, the witnesses you intend to call to support this claim and
the substance of their likely testimony, and the exhibits that you intend to introduce to
support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 16:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

- 11 -

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 17:

> Describe in detail the basis of your claim that the defendants Acebal, Antonio and
> Morales violated your First Amendment rights on November 15, 2005, as alleged in
> Count I of your complaint including but limited to the factual support you intend to
> introduce to prove this claim, the witnesses you intend to call to support this claim and
> the substance of their likely testimony, and the exhibits that you intend to introduce to
> support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 17:

> Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 18:

> Describe in detail the basis of your claim that the defendants Acebal, Antonio and
> Morales violated your Fourth Amendment Rights on November 15, 2005, as alleged in
> Count VI of your complaint including but limited to the factual support you intend to
> introduce to prove this claim, the witnesses you intend to call to support this claim and
> the substance of their likely testimony, and the exhibits that you intend to introduce to
> support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 18:

> Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 19:

> Describe in detail the basis of your claim that the defendants Acebal, Antonio and

Morales violated your Fifth Amendment rights on November 15, 2005, as alleged in Count VII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 19:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 20:

Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales violated your Eight Amendment rights on November 15, 2005, as alleged in Count VIII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 20:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 21:

Describe in detail the basis of your claim that the defendant the District of Columbia is liable to you under the theory of Respondeat Superior, as alleged in Count IX of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 21:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 22:

Describe in detail the basis of your claim that the defendant District of Columbia
violated your First Amendment rights on November 15, 2005, as alleged in Count X of
your complaint including but limited to the factual support you intend to introduce to
prove this claim, the witnesses you intend to call to support this claim and the substance
of their likely testimony, and the exhibits that you intend to introduce to support these
claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 22:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 23:

Describe in detail the basis of your claim that the defendant District of Columbia
violated your Fourth Amendment rights on November 15, 2005, as alleged in Count XI of
your complaint including but limited to the factual support you intend to introduce to
prove this claim, the witnesses you intend to call to support this claim and the substance
of their likely testimony, and the exhibits that you intend to introduce to support these
claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 23:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

- 14 -

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

<u>INTERROGATORY NO. 24:</u>

 Describe in detail the basis of your claim that the defendant District of Columbia
violated your Fifth Amendment rights on November 15, 2005, as alleged in Count XII of
your complaint including but limited to the factual support you intend to introduce to
prove this claim, the witnesses you intend to call to support this claim and the substance
of their likely testimony, and the exhibits that you intend to introduce to support these
claims. Attach all documents related to this interrogatory.

<u>RESPONSE TO INTERROGATORY NO. 24:</u>

 Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6].  Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

<u>INTERROGATORY NO. 25:</u>

 Describe in detail the basis of your claim that the defendant District of Columbia
violated your Eighth Amendment rights on November 15, 2005, as alleged in Count XIII
of your complaint including but limited to the factual support you intend to introduce to
prove this claim, the witnesses you intend to call to support this claim and the substance
of their likely testimony, and the exhibits that you intend to introduce to support these
claims. Attach all documents related to this interrogatory.

- 15 -

RESPONSE TO INTERROGATORY NO. 25:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended

Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants'

Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is

premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 26A[1]:

> To the extent not described in your answers to other interrogatories, state the actual wording or substance of all oral statements made by any employee or agent of the District of Columbia concerning the events alleged in the complaint, including in your answer the time and location of such statement, the identity of the person who made each such statement, the identity of the person(s) to whom each said statement was made, and, describe the circumstances under which each such statement was made.

RESPONSE TO INTERROGATORY NO. 26A:

In addition to all General Objections, Plaintiff objects to this Interrogatory on the grounds

that it exceeds the limit of twenty-five interrogatories set forth by the Court in its January 16,

2008 Scheduling Order [Doc. Id. #35]. Accordingly, no response is required.

INTERROGATORY NO. 26B:

> If you are making a claim for loss of wages or other income as a result of the occurrence referred to in the complaint: state the amount claimed and how that amount was calculated or arrived at, including the dates or periods to which the claim pertains; include the amount of money you have received on paid leave status and the amount of any money you expect to receive from any disability status, and, provide copies of any documents relating to said claim.

RESPONSE TO INTERROGATORY NO. 26B:

In addition to all General Objections, Plaintiff objects to this Interrogatory on the grounds

that it exceeds the limit of twenty-five interrogatories set forth by the Court in its January 16,

2008 Scheduling Order [Doc. Id. #35]. . Accordingly, no response is required.

---

[1] Defendants have misnumbered two Interrogatories as number 26. Plaintiff will refer to these as 26A and 26B respectively.

INTERROGATORY NO. 27:

If you have filed for disability compensation or worker's compensation as a result of the occurrence alleged in the complaint, state the complete details of such claim, including the date the claim was filed, who the claim was filed with, the amount of compensation you have received from this claim and the resolution of the claim.

RESPONSE TO INTERROGATORY NO. 27:

In addition to all General Objections, Plaintiff objects to this Interrogatory on the grounds that it exceeds the limit of twenty-five interrogatories set forth by the Court in its January 16, 2008 Scheduling Order [Doc. Id. #35]. Accordingly, no response is required.

INTERROGATORY NO. 28:

State the substance of all defenses you raised in the criminal matter that arose from this incident, including whether you filed any motions to suppress evidence.

RESPONSE TO INTERROGATORY NO. 28:

In addition to all General Objections, Plaintiff objects to this Interrogatory on the grounds that it exceeds the limit of twenty-five interrogatories set forth by the Court in its January 16, 2008 Scheduling Order [Doc. Id. #35]. Accordingly, no response is required.

INTERROGATORY NO. 29:

Identify by name and address each person whom you expect or intend to call as an expert witness at the trial of this action. For each identified person, please state:
    (a) His/her education, qualifications and background.
    (b) The subject matter on which he/she is expected to testify.
    (c) The substance of facts about which such expert will be expected to testify.
    (d) The contents of all opinions to which he/she will be expected to testify.
    (e) The costs for deposition.
    (f) And attach a completed and signed W-9 for each expert identified.

RESPONSE TO INTERROGATORY NO. 29:

In addition to all General Objections, Plaintiff objects to this Interrogatory on the grounds that it exceeds the limit of twenty-five interrogatories set forth by the Court in its January 16, 2008 Scheduling Order [Doc. Id. #35]. Accordingly, no response is required.

- 17 -

Respectfully submitted,

_____
John Moustakas (DC Bar # 422076)
/s/ Sarah Keast (DC Bar # 493632)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346 – 4000
(202) 346 – 4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser (DC Bar # 455377)
American Civil Liberties Union
    of the National Capital Area
    1400 20th Street, NW, Suite 119
    Washington, DC 20036
    (202) 457-0800
    (202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Huthnance

- 18 -

<u>Verification</u>

I declare under penalty of perjury under the laws of the United States of America that the foregoing Responses to Defendant District of Columbia's First Set of Interrogatories to Plaintiff are true and accurate to the best of my knowledge, information, and belief.

Lindsay Huthnance
Plaintiff


Executed on the ___10th___ day of ___MARCH___, 2008

- 19 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2008, I caused a copy of the foregoing

"Plaintiff's Objections and Responses to Defendants' Interrogatories to Plaintiff" to be served by

first-class mail to counsel for the defendants at the addresses indicated below:

Eric S. Glover
Assistant Attorney General, D.C.
441 Fourth Street, N.W., Sixth Floor North
Washington, D.C. 20001
Eric.glover@dc.gov


Manas Mohapatra

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of the Attorney General**

Civil Litigation Division
Section IV



May 5, 2008

Sarah Keast, Esq.
Goodwin | Proctor
901 New York Avenue
Washington, DC 20001

**Re: Hunthnance. District of Columbia, et. al., 2006 CA 001871 B**

Dear Ms. Keast:

I am writing concerning certain deficiencies in plaintiffs' responses to written discovery in this matter. Specifically, the following deficiencies exist:

- Interrogatory No. 7 – The Defendants asked the plaintiff to state in her own words exactly and in detail how the incident that is the subject of this litigation occurred (e.g. her observations of the physical movements of each person or object involved, what each person said and to whom each statement was made (if she do not recall exact wording, state the content of such statement), the exact wording of all statements made by herself, and the identity of the person to whom said statements were made, her physical movements and the time that each of the above actions and/or statements occurred). The plaintiff objected as exceeding the requirement of the Federal Rules. The defendants submit that this information sought is discoverable and not exceeding the requirements of the Federal Rules.

- Interrogatory No. 9 – The Defendants asked each plaintiff to describe in detail her basis for suing Officers Acebal, Antonio and Morales in their official and/or individual capacity and describe each action that Officers Acebal, Antonio and Morales took related to the occurrence in question that subjects them to liability and to attach all documents that relate to this interrogatory. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe the plaintiff's basis for suing the named defendants in their official and or individual capacities and it fails to describe what actions were taken by the named defendants in this matter to give rise to any liability in this matter. The information sought is discoverable and require a response.

- Interrogatory No. 13 - The Defendants asked the plaintiff to describe in detail the basis of her claim that the defendants Officers Acebal, Antonio and Morales falsely arrested her on November 15, 2005, as alleged in Count I of her complaint, including

but limited to the factual support she intend to introduce to prove this claim, the witnesses she intend to call to support this claim and the substance of their likely testimony, and the exhibits that she intended to introduce to support these claims and to attach all documents related to this interrogatory. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe the plaintiff's basis for alleging that the named defendants falsely arrested her. The information sought is discoverable and require a response.

- Interrogatory No. 14 – The Defendants asked the plaintiff to detail the basis of for her claim that the defendants Officers Acebal, Antonio and Morales intentional inflicted emotional distress upon her on November 15, 2005, as alleged in Count II of her complaint including but limited to the factual support she intend to introduce to prove this claim, the witnesses she intends to call to support this claim and the substance of their likely testimony, and the exhibits that she intends to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe the plaintiff's basis for alleging that the named defendants intentionally inflicted emotional distress upon her. The information sought is discoverable and require a response.

- Interrogatory No. 15 – The Defendants requested that the plaintiff describe in detail the basis of her claim that the defendants Acebal, Antonio and Morales assaulted and battered her on November 15, 2005, as alleged in Count III of her complaint, including but limited to the factual support she intend to introduce to prove this claim, the evidence to support her claim that she was assaulted and battered, the witnesses she intend to call to support this claim and the substance of their likely testimony and the exhibits that she intends to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe the plaintiff's basis for alleging that the named defendants assaulted and battered her. The information sought is discoverable and require a response.

- Interrogatory No. 16 - The Defendants requested that the plaintiff detail the basis of her claim that the defendants Acebal, Antonio and Morales were negligent in there interactions with she on November 15, 2005, as alleged in Count IV of her complaint and to include the factual support she intends to introduce to prove this claim, the witnesses she intends to call to support this claim and the substance of their likely testimony, and the exhibits that she intends to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the named defendants were negligent towards her. The information sought is discoverable and require a response.

- Interrogatory No. 17 - The Defendants requested that the plaintiff describe in detail the basis of her claim that the defendants Acebal, Antonio and Morales violated her First Amendment rights on November 15, 2005, as alleged in Count I of her complaint and to

the factual support she intends to introduce to prove this claim, the witnesses she intends to call to support this claim and the substance of their likely testimony, and the exhibits that she intend to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the named defendants violated her First Amendment Rights. The information sought is discoverable and require a response.

- Interrogatory No. 18 –The Defendants requested that the plaintiff describe in detail the basis of her claim that the defendants Acebal, Antonio and Morales violated her Fourth Amendment Rights on November 15, 2005, as alleged in Count VI of her complaint and to include factual support intend to introduce to prove this claim, the witnesses she intend to call to support this claim and the substance of their likely testimony, and the exhibits that she intend to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the named defendants violated her Fourth Amendment Rights. The information sought is discoverable and require a response.

- Interrogatory No. 19 – The Defendants requested that the plaintiff describe in detail the basis of her claim that the defendants Acebal, Antonio and Morales violated her Fifth Amendment rights on November 15, 2005, as alleged in Count VII of her complaint and include the factual support she intends to introduce to prove this claim, the witnesses she intends to call to support this claim and the substance of their likely testimony, and the exhibits that she intends to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the named defendants violated her Fifth Amendment Rights. The information sought is discoverable and require a response.

- Interrogatory 20 – The Defendants requested that the plaintiff describe in detail the basis of her claim that the defendants Acebal, Antonio and Morales violated her Eight Amendment rights on November 15, 2005, as alleged in Count VIII of her complaint including but limited to the factual support she intends to introduce to prove this claim, the witnesses she intends to call to support this claim and the substance of their likely testimony, and the exhibits that she intends to introduce to support these claims. In her response, plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the named defendants violated her Eighth Amendment Rights. The information sought is discoverable and require a response.

- Interrogatory 21 - Defendants requested that the plaintiff describe in detail the basis of her claim that the defendant the District of Columbia is liable to her under the theory of *Respondeat Superior*, as alleged in Count IX of her complaint including but limited to the factual support she intend to introduce to prove this claim, the witnesses she intend to call to support this claim and the substance of their likely testimony, and the exhibits that she intend to introduce to support these claims. In her response, the plaintiff

referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the defendant District of Columbia is liable to the plaintiff under the theory of *Respondeat Superior*. The information sought is discoverable and require a response.

- Interrogatory 22 -Defendants requested that the plaintiff describe in detail the basis of her claim that the defendant District of Columbia violated her First Amendment rights on November 15, 2005, as alleged in Count X of her complaint including but limited to the factual support she intend to introduce to prove this claim, the witnesses she intend to call to support this claim and the substance of their likely testimony, and the exhibits that she intend to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the defendant District of Columbia violated the plaintiff's First Amendment rights. The information sought is discoverable and require a response.

- Interrogatory 23 -Defendants requested that the plaintiff describe in detail the basis of her claim that the defendant District of Columbia violated her Fourth Amendment rights on November 15, 2005, as alleged in Count XI of her complaint including but limited to the factual support she intend to introduce to prove this claim, the witnesses she intend to call to support this claim and the substance of their likely testimony, and the exhibits that she intend to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the defendant District of Columbia violated the plaintiff's Fourth Amendment rights. The information sought is discoverable and require a response.

- Interrogatory 24 - Defendants requested that the plaintiff describe in detail the basis of her claim that the defendant District of Columbia violated her Fifth Amendment rights on November 15, 2005, as alleged in Count XII of her complaint including but limited to the factual support she intend to introduce to prove this claim, the witnesses she intend to call to support this claim and the substance of their likely testimony, and the exhibits that she intend to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the defendant District of Columbia violated the plaintiff's Fifth Amendment rights. The information sought is discoverable and require a response.

- Interrogatory 25 - Defendants requested that the plaintiff describe in detail the basis of her claim that the defendant District of Columbia violated her Eighth Amendment rights on November 15, 2005, as alleged in Count XIII of her complaint including but limited to the factual support she intend to introduce to prove this claim, the witnesses she intend to call to support this claim and the substance of their likely testimony, and the exhibits that she intend to introduce to support these claims. In her response, the plaintiff referred the defendants to an Arrest Prosecution Report. This response is insufficient because it fails to detail or describe how the defendant District of Columbia violated

the plaintiff's Eight Amendment rights. The information sought is discoverable and require a response.

The Defendants submit that these responses fail to comply with Fed. R. Civ. P. 33(b) as they do not separately and fully answer the interrogatory questions. As such, I am requesting that the plaintiff rectify these responses. Please consider this letter my good faith effort to resolve this matter short of filing a motion to compel.

Sincerely,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

BY:

ERIC S. GLOVER
Assistant Attorney General
(202) 442-9754

GOODWIN | PROCTER

John Moustakas
202.346.4236
jmoustakas@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
901 New York Avenue NW
Washington, DC 20001
T: 202.346.4000
F: 202.346.4444

May 5, 2008

Eric S. Glover, Esq.
Assistant Attorney General
    for the District of Columbia
441 4th Street, N.W.
6th Floor North
Washington, D.C. 20001

Re: ***Huthnance v. District of Columbia, et al., 06-1871 (HKK)***

Dear Mr. Glover:

As you will recall, immediately upon receiving the Defendants' responses to Ms. Huthnance's Interrogatories and Requests for Production of Documents ("RFP"), we contacted you to complain about the shortcomings in those responses – many of which had not been satisfied even ***after an additional two extensions of time were granted*** – and to schedule a time to "meet and confer." We began our telephonic "meet and confer" in the late afternoon of April 29, 2008 and resumed on the morning of April 30, 2008. We are writing to memorialize the substance of those discussions.

The need to memorialize these discussions is especially keen in this case. That is because at the conclusion of our "meet and confer," you indicated that you would be recasting our discovery requests and resubmitting them to the Metropolitan Police Department ("MPD") in a "simplified" form. As our requests were relevant, proper and clear, we took exception to the need to recast anything and expressed concern about counsel exercising any editorial power over our requests – not out of pride of authorship, but out of fear that a misconstruction of our requests might be the basis for yet another series of delays. This, quite plainly, would be intolerable.

As a compromise, we suggested that, before forwarding to MPD anything that purported to be an interpretation of Plaintiff's discovery requests, counsel send Plaintiff a copy to review as a way of insuring everyone is on the same page. You have apparently declined to do so. Although we cannot force you to confirm with us the accuracy of your summaries of our requests, Defendants can be held responsible for any additional delays occasioned by the failure to do so. In the end, your client remains responsible for giving full responses to Plaintiff's questions and requests, not your recapitulation of them.

GOODWIN | PROCTER

Eric S. Glover, Esq.
May 5, 2008
Page 7

possession, custody and control without justification. See Nos. 2 (*e.g.*, log entries, radio communications); 5 (MPD General Orders); 6 (*e.g.*, post-and-forfeit documents); 7 (*e.g.*, training materials re: disorderly conduct; 2003 OPC Report re: Disorderly Conduct Arrests); 10 (*e.g.*, annual OPC reports and MPD responses). For another four (4) responses (or 25%) you purport to withhold documents on specious and unsupportable grounds. See Nos. 4 & 16 (*e.g.*, Defendants disciplinary records purportedly withheld on privacy grounds); 11 (*e.g.*, annual reports Mayor required to file by statute); and 14 (*e.g.*, permissible "hold" times after posting deemed vague and ambiguous). In other words, you have made only a colorably proper production on 1 of 16 RFPs (or 6.25%).

On the heels of acceding to two requests for extensions, our client feels particularly aggrieved that the Defendants have chosen to take a third one without asking. You have indicated that you would inform us of your progress in filling the substantial holes in your discovery. We have heard nothing from you since we last spoke. We request that you contact us by the close of business on Wednesday, May 7, 2008 to inform us of your progress. Furthermore, we expect you to provide reasonable and complete responses by May 14, 2008, with materials being produced on a rolling basis in advance of that date as they become available. If there are any discovery requests you cannot respond to by May 14th, we expect an explanation as to why responsive documents and information cannot be obtained by that date and what is being done to obtain that information.

Although we submitted Plaintiff's discovery responses on March 10, 2008, it was not until after we contacted you about Defendants' inadequate responses that you, for the very first time, alleged shortcomings in Plaintiff's responses to contention interrogatories. (We deferred responses until receipt of the Defendants' discovery.) As you can imagine, it is hard for us to take these criticisms seriously in light of their opportunistic timing. As we explained, it is customary for contention interrogations to be deferred. And given the extremely detailed complaint that Plaintiff filed, we are confident that the Court would agree with us that Defendants would be hardly disadvantaged by a deferral of responses until we have had the Defendants discovery. That said, we will consider whether there are any contention interrogatories that can, at this stage, be answered.

GOODWIN | PROCTER

Eric S. Glover, Esq.
May 5, 2008
Page 8

We would prefer to resolve these issues without the need to file a Motion to Compel, but given the excessive delay and want of good faith that is sadly a hallmark of the OAG's practice of law, be assured that we will file a Motion to Compel and ask for sanctions to be imposed if you do not meet these reasonable requests.

Respectfully submitted,

John Moustakas /sks
John Moustakas
Sarah Keast