**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LINDSAY HUTHNANCE,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] **Civil Action No. 06-CV-1871 (HKK)** |
| **v.** | ] |
| | ] |
| **DISTRICT OF COLUMBIA,** *et al.,* | ] |
| | ] |
| **Defendants.** | ] |
| | ] |

<u>DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR PROTECTIVE ORDER</u>

Defendant District of Columbia, by counsel and pursuant to Fed. R. Civ. P.
26(c), moves this Court for the entry of a protective order which governs the disclosure
and use of confidential information, more specifically, the training records for the
individually named defendants, as well as for their supervisors.

The grounds for this Motion are more fully set forth in the accompanying
Memorandum of Points and Authorities, which is attached hereto and incorporated by
reference.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /s/
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV

/s/  Eric S. Glover_____
ERIC S. GLOVER
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295


## CERTIFICATE PURSUANT TO RULE 7(m)

I hereby certify that on June 20, 2008, contacted plaintiff's counsel to obtain

consent to the relief sought in this motion.  Plaintiff opposes the requested relief.


/s/  Eric S. Glover_____
Eric S. Glover
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LINDSAY HUTHNANCE,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ]    **Civil Action No.  06-CV-1871 (HKK)** |
| **v.** | ] |
| | ] |
| **DISTRICT OF COLUMBIA,** *et al.,* | ] |
| | ] |
| **Defendants.** | ] |
| | ] |

DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR PROTECTIVE ORDER

In support of its Motion for Protective Order, defendant District of Columbia (hereinafter "the District"), hereby states as follows:

1)     Plaintiff Lindsey Huthnance (formerly Smith) claims she was falsely arrested for disorderly conduct by defendants Officers Liliana Acebal, James Antonio and Jose Morales on or about November 15, 2007, at the 7-Eleven convenience store located at 3146 Mount Pleasant Street, N.W.  See First Amended Complaint, generally.  Plaintiff further avers that the defendants were negligent in their interaction with her, intentionally inflicted emotional distress upon her, assaulted and battered her, and violated her First, Fourth, Fifth and Eighth Amendment Rights.  *See* First Amended Complaint, at ¶¶ I through XIII.

2)     On February 5, 2008, the Plaintiff served the District with her First Set of Interrogatories and Requests for Production of Documents purportedly in an effort to establish a District custom, practice and/or policy for using the post-and-forfeit procedure indiscriminately.  While many of Plaintiff's discovery requests lack relevance, they

require the disclosure of confidential and/or privileged information, and/or seek overly broad, burdensome, and costly discovery for which this Defendant now seeks protection. See Plaintiff's Discovery Requests at Exhibit A.

3)     Fed. R. Civ. P. 26(b)(1) provides that "a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim . . ."      Plaintiff seeks the production of the individually named defendants' training records, as well as that of their supervisor(s).  The District believes that the records of these individuals are precluded from disclosure by this defendant absent the affected employees' consent and/or by Court Order, neither of which it has.  D.C. Official Code § 1-631.01 provides that all official personnel records of the District government shall be established, maintained, and disposed of in a manner designed to ensure the greatest degree of applicant or employee privacy….); § 1-631.03 (It is the policy of the District government to make personnel information in its possession or under its control available upon request to appropriate personnel and law-enforcement authorities, except if such disclosure would constitute an unwarranted invasion of personal privacy or is prohibited under law or rules and regulations issued pursuant thereto); § 2-534(a) (The following matters may be exempt from disclosure under the provisions of this subchapter: (2) Information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy).  *See also* D.C. Personnel Reg. § 31A District Personnel Manual 3111.6j.  Out of an abundance of caution, this defendant sought plaintiff's consent prior to the disclosure of the requested training records and plaintiff has opposed the relief sought.

4)     Fed. R. Civ. P. 26(c) provides that the Court may, for good cause, issue an order to protect a party from … undue burden or expense, including on or more of the following:

"…(B)   specifying terms, including time and place, for the disclosure or discovery…."

The District does not seek to preclude the disclosure, but to permit disclosure of the training records and to govern the use of those records.

WHEREFORE, defendant District of Columbia requests this Court to grant its motion for a protective order.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /s/_____ _____
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV

 /s/   Eric S. Glover_____
ERIC S. GLOVER
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LINDSAY HUTHNANCE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **Civil Action No.  06-CV-1871 (HKK)** |
| **v.** | ] | |
| | ] | |
| **DISTRICT OF COLUMBIA,** *et al.,* | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion for Protective Order, plaintiff's opposition thereto, and the entire record herein, it is this _____ day of _____, 2008, hereby:

ORDERED:  that the District's Motion is GRANTED for the reasons set forth therein, and it is,

FURTHER ORDERED: that this Order will govern Confidential Information, i.e. training records of District personnel whether produced by any party or non-party; and it,

FURTHER ORDERED:  that the District of Columbia is hereby allowed to produce the training records for its personnel that are relevant to the claims set forth in plaintiff's Amended Complaint; and it is,

FURTHER ORDERED:  that the information or documents relating to the training records of District personnel may only be designated as CONFIDENTIAL by the person who produced the information and/or documents to be designated as CONFIDENTIAL.

FURTHER ORDERED:  The inspection, copying and use of the training records, including documents or portions thereof, which are designated as CONFIDENTIAL in accordance with this Protective Order, shall be subject to this Protective Order, and access to and disclosure of such information shall be limited to:

(a) The Court, the Court's staff and such other personnel as the Court may authorize;

(b) The attorneys of record for the parties herein;

(c) Secretaries, paralegal assistants and clerical personnel who are engaged in assisting counsel in these actions;

(d) The named plaintiff and defendants;

(e) Any person identified as a signatory, author, addressee or recipient of such information;

(f) Qualified persons taking testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

(g) Consultants and experts consulted or retained by any party for the purpose of assisting in the conduct of this litigation, subject to such person's compliance with the provisions of Paragraph 7 of this Protective Order;

(h) Any deponent, witness or potential witness, provided that any such person shall be advised of the terms of this Protective Order and agree to be bound by it;

(i) Any insurer or indemnitor of a party or their counsel; and

(j) Any other person who has a need for the information as determined in writing by the party producing the information, or as the Court may order. The party producing the information will not unreasonably withhold consent.

FURTHER ORDERED:  Any information that has been designated CONFIDENTIAL, including any portion of a document that quotes Confidential material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words:

"CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO COURT ORDER"

FURTHER ORDERED:  Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, including but not limited to attorney-client, deliberative process and/or law enforcement privilege, and/or work product of counsel.

FURTHER ORDERED:  At the conclusion of this litigation, and after the exhaustion of any appeals, this Protective Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed or communicated and that has not properly become a matter of public record.  This Court

shall retain jurisdiction over the parties for enforcement of this Stipulation and Protective

Order.

       SO ORDERED.

                                             _____

                                           JUDGE,
                                           U.S. District Court for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDSAY HUTHNANCE, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )    Case No. **06-CV-1871 (HKK)** |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT DISTRICT OF COLUMBIA**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff hereby requests that Defendant

District of Columbia, within 30 days of service, produce the following documents for inspection

and copying at the offices of counsel for Plaintiff, Goodwin Procter LLP, Attn: Sarah Keast, 901

New York Avenue, N.W., Washington, D.C., 20001.

**Definitions**

A.      "Defendant" refers to any defendant named in the First Amended Complaint filed

in this action, and any successor in office to any individual defendant named in an official

capacity.

B.      "Document" is used in the broadest sense permissible under the Federal Rules of

Civil Procedure.  It means any writing (whether printed, typed, photocopied, handwritten,

recorded, stored, produced, or reproduced), any  tangible thing, or any other compilation of

information, whether created by the District of Columbia or any other Defendant, in the

possession, custody, or control of the District of Columbia, any other Defendant, or any

employee or official of the District of Columbia, including, without limitation, any:

(a) advisories, agreements, appointment books, articles, bills, binders, books, brochures, bulletins, calendars, charts, checks, circulars, communications (intra-office, inter-office, external, or other), computer printouts, confirmations, contracts, correspondence, desk-pads, diaries, drafts, drawings, e-mails, exhibits, facsimiles, financial statements, flyers, forecasts, graphs, guidelines, invoices, instructions, Internet printouts, letters, lists, logs, Lotus Notes, manuals, meeting minutes, memoranda, messages, microfiche, microfilm, notebooks, notes, outlines, pamphlets, periodicals and clippings from periodicals, pleadings, policies, post-it notes, projections, questionnaires, receipts, records, reports, rules, schedules, statements, studies, subscription agreements or pages, summaries, telecopies, telefaxes, telegrams, telephone messages, telexes, transcripts, translations, treaties, voicemail transcriptions, and worksheets;

(b) graphic or audio records or representation (including, without limitation, photographs, charts, drawings, graphs, microfiche, microfilm, videotapes, recordings, and motion pictures);

(c) electronic, Internet, magnetic, mechanical, or optical data, records, or representations (including, without limitation, tapes, cassettes, computer discs, recordings, computer memories, or other electronic data compilations); and (d) drafts and final versions and all originals and copies that differ from originals in any respect (including, without limitation, differences due to handwritten notes, editing, interlineations, blind copies, or other alterations).

      C.     "You" or "your" refers to the District of Columbia and subdivisions thereof, and to any employee of the District of Columbia.

      D.     "Post and forfeit" refers to the procedure defined in D.C. Code § 5-335.01 (2007).

      E.     "Individual Defendants" refers to Officer L. Acebal, Badge Number 1313; Officer J. Antonio, Badge Number 4409; and Officer J. Morales, Badge Number 273.

F.      "MPD" refers to the District of Columbia Metropolitan Police Department.

G.      "Plaintiff" refers to Lindsay Huthnance, formerly known as Lindsay Smith.

### Instructions

A.      You are to produce all responsive Documents in your possession, custody, or control.

B.      All uses of the conjunctive include the disjunctive (and vice versa). All words in the singular include the plural (and vice versa). All uses of the word "all" include "any" (and vice versa). All uses of the word "each" include "every" (and vice versa). The use of a verb in any tense encompasses the use of the verb in all tenses.

C.      Each request shall operate and be construed independently. Unless otherwise indicated, no paragraph limits the scope of any other paragraph.

D.      Each Document that in its original form was stapled, clipped, or otherwise attached to other Documents shall be produced in such form.

E.      If a request is made for production of Documents that are no longer in your possession, custody, or control, state the following: when such Documents were most recently in your possession, custody, or control; what disposition you made of them; who is the person or entity currently in possession, custody, or control of such Documents; and the identity of any persons or entities referred to in the Document or sent a copy of the Document. If the Documents have been destroyed, identify the person who destroyed the Documents and the person who directed that the Documents be destroyed (in a manner sufficient to permit process to be served upon such person); state when they were destroyed; and state the reasons the Documents were destroyed.

F.      In accordance with Federal Rule of Civil Procedure 26(b)(5), for each Document that is responsive to Plaintiff's First Set of Requests for Production of Documents from Defendant District of Columbia but is not produced by reason of claim of privilege or otherwise, produce a log identifying each such Document by stating its title, date, author(s), and recipient(s), and provide the basis for withholding it.  Each author, addressee, or recipient who is an attorney shall be noted as such.

G.      Objection to any request in part does not justify wholly withholding production of responsive material.  For any request to which You are objecting in part, specifically identify the objections and include corresponding entries in the log referenced in the preceding paragraph.

## DOCUMENT REQUESTS

Defendants are directed to produce the following:

1.      All Documents referring or relating to Plaintiff, whether by name, Social Security number, or any other means of identification, including all police paperwork filled out in connection with Plaintiff's arrest and the results of any NCIC, WALES, or similar queries respecting Plaintiff's prior arrest record.

2.      All Documents referring or relating to the arrest and detention of Plaintiff (and any encounter that preceded it) on November 15th and 16th, 2005, including, without limitation, any police reports, witness statements, log entries, video recordings, post and forfeit paperwork, and all radio communications/transmissions relating to Plaintiff's arrest, detention, and transportation and identifying all MPD personnel on the scene of Plaintiff's arrest, detention and transportation (and any encounter that preceded it) and returning to service thereafter.

3.      All Documents identifying MPD officers working in PSA 301 on November 15th and 16th, 2005 (3-11 shift 11/15; midnight shift 11/15-16; day shift 11/16), and any other MPD

- 4 -

officers on special assignments, details, initiatives, or shifts that involved deployment within or around PSA 301 on those dates, including but not limited to any log books entries, rosters, roll call attendance sheets, time and attendance records for the Third District Station and Substations, and any dispatcher records.

4.      For each of the Individual Defendants, all Documents constituting their personnel records, including all Documents constituting, referring to, or relating to their performance evaluations, informal and formal complaints filed against them, and any disciplinary actions taken against them.

5.      A copy of the MPD General Orders.

6.      All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rule, regulations, policies, procedures, or practices in effect or under consideration at any time that concern post and forfeit or citation release procedures.

7.      All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rule, regulations, policies, procedures, or practices in effect or under consideration defining or otherwise giving meaning to the offense of disorderly conduct, including any guidance provided on the appropriate use of the designation "Disorderly Conduct - Loud & Boisterous" and under what circumstances such behavior warrants detention or arrest.

8.      All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rules, regulations, policies, procedures, or practices in effect or under consideration concerning the training or supervision of MPD officers regarding the post and forfeit procedure; including any training materials, and any Documents identifying the times, dates, and content of any such training.

9.     All Documents constituting, referring to, or relating to any records reflecting training actually received by the Individual Defendants and all of their supervisors relating to: post and forfeit procedure, citation release procedure, or the bases for arrest for the offense of disorderly conduct, and the times, dates, and content of any such training.

10.     All reports, studies, evaluations, recommendations or data compilations created by any individual, group, or entity concerning the post and forfeit or citation release procedures.

11.     All Documents constituting, referring to, or relating to the annual public reports submitted by the Mayor to the D.C. Council as required by D.C. Code § 5-335.01(h).

12.     All Documents related to arrests made between November 15, 2003 and November 16, 2007 involving either post and forfeit release, citation release, or arrest for Disorderly Conduct.

13.     All Documents referring or relating to arrests made by or involving the participation of any of the Individual Defendants in the following circumstances:  (a) where post- and forfeit release was either offered or utilized; (b) where citation release was either offered or utilized; or (c) where arrestees were charged with Disorderly Conduct.

14.     All Documents, including statistics, compilations, studies, reports, data, guidelines referring or relating to the policy regarding the time elapsed between when a person electing to post and forfeit provides the post money and the time that person is released from custody.

15.     Except in the instant case, all Documents related to any civil actions, or other complaint, criticisms, and challenges, arising from the use of MPD's post and forfeit procedures.

16.     Except in the instant case, all Documents related to any civil, criminal or other actions (including citizen complaints) against any of the Individual Defendants.

- 6 -

17.     All Documents constituting, referring to or relating to any challenges to or complaints about the post and forfeit procedure at any time since its implementation.

18.     All Documents constituting, referring to, or relating to any formal or informal MPD policies, procedures, or practices in effect at any time between November 15, 2003, and the present concerning the retention or destruction of Documents.

19.     All Documents identified in Your response to Interrogatories.

20.     All Documents reviewed, considered, or relied upon in making Your responses to Interrogatories.

Respectfully submitted,

_____ ____

John Moustakas (DC Bar # 422076)
/s/ Sarah Keast (DC Bar # 493632)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
(202) 346-4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser (DC Bar # 455377)
American Civil Liberties Union
      of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Huthnance

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I caused a copy of the foregoing

"Plaintiff's First Set of Requests for Production of Documents to Defendant District of

Columbia" to be served by hand delivery to counsel for the defendants at the address indicated

below:


Eric S. Glover
Assistant Attorney General
Office of Attorney General
441 4th Street, N.W., 6th Floor North
Washington, D.C.  20001



_____
Manas Mohapatra

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDSAY HUTHNANCE,  )
                    )
                    )
                    )
Plaintiff,          )
                    )
vs.                 )
                    )     Case No. **06-CV-1871 (HKK)**
DISTRICT OF COLUMBIA, *et al.*  )
                    )
Defendants.         )
                    )
                    )

**PLAINTIFF'S FIRST SET OF INTERROGATORY REQUESTS
TO DEFENDANT DISTRICT OF COLUMBIA**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff hereby requests that Defendant

District of Columbia, within 30 days of service, answer separately and fully in writing, under

oath, the interrogatories set forth below.

### Definitions

A.      "Individual Defendants" refers to Officer L. Acebal, Badge Number 1313; Officer

J. Antonio, Badge Number 4409; and Officer J. Morales, Badge Number 273.

B.      "MPD" refers to the District of Columbia Metropolitan Police Department.

C.      The term "policies, procedures, or practices" refers to formal or informal policies,

procedures, or practices, whether written or conveyed orally.  Where you are asked to identify or

describe "policies, procedures, or practices," please set forth in as much detail as possible the

specific policy, procedure, or practice, including the manner in which it is/was conveyed to

members of the Metropolitan Police Department.

D.      "Document" is used in the broadest sense permissible under the Federal Rules of

Civil Procedure, and means any writing (whether printed, typed, photocopied, handwritten,

recorded, stored, produced, or reproduced), tangible thing, or any other compilation of

information in the possession, custody, or control of the District of Columbia, any other

Defendant, or any employee or official of the District of Columbia, including, without limitation,

any: (a) advisories, agreements, appointment books, articles, bills, binders, books, brochures,

bulletins, calendars, charts, checks, circulars, communications (intra-office, inter-office, external,

or other), computer printouts, confirmations, contracts, correspondence, desk-pads, diaries,

drafts, drawings, e-mails, exhibits, facsimiles, financial statements, flyers, forecasts, graphs,

guidelines, invoices, instructions, Internet printouts, letters, lists, logs, Lotus Notes, manuals,

meeting minutes, memoranda, messages, microfiche, microfilm, notebooks, notes, outlines,

pamphlets, periodicals and clippings from periodicals, pleadings, policies, post-it notes,

projections, questionnaires, receipts, records, reports, rules, schedules, statements, studies,

subscription agreements or pages, summaries, telecopies, telefaxes, telegrams, telephone

messages, telexes, transcripts, translations, treaties, voicemail transcriptions, and worksheets;

(b) graphic or audio records or representation (including, without limitation, photographs, charts,

drawings, graphs, microfiche, microfilm, videotapes, recordings, and motion pictures);

(c) electronic, Internet, magnetic, mechanical, or optical data, records, or representations

(including, without limitation, tapes, cassettes, computer discs, recordings, computer memories,

or other electronic data compilations); and (d) drafts and final versions and all originals and

copies that differ from originals in any respect (including, without limitation, differences due to

handwritten notes, editing, interlineations, blind copies, or other alterations).

   E.  Except where otherwise indicated below, "Identify" means:

     1.  when used in reference to a natural person, to state his or her name,

       present or last known address, present or last known employer, and, for

MPD employees, badge number, position or job title at time of

employment with the District of Columbia (whether as a consultant, part-

time employee, full-time employee, or other type of employment) and

dates of employment with the District of Columbia.

2.      when used in reference to any entity other than a natural person, to state

the name and present or last known address of such entity to be identified,

the present or last known telephone number of such entity, and the name

of any natural person who can be contacted as a representative or agent of

such entity.

3.      when used in reference to any Document, to state the names of the

author(s), addressee(s), and all known or presumed recipients, the title, the

subject matter, and the date of such Document.

4.      when used in reference to any statement, to state the date of the statement,

the person making it, the person receiving it, and the statement's content.

F.      "Post and forfeit" refers to the procedure defined in D.C. Code § 5-335.01 (2007).

G.      "Plaintiff" refers to Lindsay Huthnance, formerly known as Lindsay Smith.


### Instructions

A.      All uses of the conjunctive include the disjunctive (and vice versa).  All words in

the singular include the plural (and vice versa).  All uses of the word "all" include "any" (and

vice versa).  All uses of the word "each" include "every" (and vice versa).  The use of a verb in

any tense encompasses the use of the verb in all tenses.

B.    Each interrogatory shall operate and be construed independently.  Unless otherwise indicated, no paragraph limits the scope of any other paragraph.

C.    Except as provided in Federal Rule of Civil Procedure 33, do not incorporate by reference facts contained in Documents.  Specify the facts, allegations, names, or other information requested by each interrogatory regardless of whether such information is set forth elsewhere.

D.    If a request is made for description or identification of Documents that are no longer in your possession, custody, or control, state the following:  when such Documents were most recently in your possession, custody, or control; what disposition you made of them; who is the person or entity currently in possession, custody, or control of such Documents; and the identity of any persons or entities referred to in the Document or sent a copy of the Document.  If the Documents have been destroyed, Identify the person who destroyed the Documents and the person who directed that the Documents be destroyed; state when they were destroyed; and state the reasons the Documents were destroyed.

E.    If you object to any interrogatory, state the basis for your objection, explain in detail why you contend that the interrogatory is subject to the objection, and respond to the interrogatory to the extent that you consider it not to be objectionable.

F.    If the information called for by an interrogatory is unknown to you, explain the reason for your inability to respond and provide your best estimate of the information requested and the basis for that estimate.

G.    Answers to these interrogatories should include the identification of all relevant Documents.

H.    You are reminded to supplement and amend your response to each interrogatory in accordance with Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1.    List the current home addresses of each of the Individual Defendants.

2.    Identify the immediate supervisors of each of the Individual Defendants on November 15th and 16th, 2005.

3.    Identify each MPD officer present in the 3100 Block of Mount Pleasant NW, Washington, D.C., whether inside the 7-Eleven, on the street, or elsewhere, from any time between 11:00 p.m. on November 15, 2005 through 3:00 a.m. on November 16, 2005, and describe what, if any, contact each had with Plaintiff.

4.    Identify the station crew on duty at the time of Plaintiff's transportation to the MPD station or substation to which she was brought on November 16, 2005.

5.    Identify each individual who interacted with Plaintiff or authored any of the police paperwork relating to her arrest or release between November 15th and 16th, 2005.

6.    Identify anyone involved in informing Plaintiff or Adrien Marsoni that Plaintiff's release could be secured by payment of a $25.00 bond on the scene.

7.    Explain whether it was consistent with MPD policies, procedures, and practices officers to solicit payment of a $25.00 bond on the scene of the arrest to obtain Plaintiff's immediate release and, if so, how.

8.    For each of the years 2004-2007, provide the total number of MPD arrests for Disorderly Conduct:  (a) in which the post and forfeit was involved; or (b) in which citation release was involved; or (c) in which neither procedure was utilized.

- 5 -

9.    For each of the arrests identified in response to Interrogatory 8, provide the following information:

    a.  Name of Arrestee
    b.  Date and Time of Arrest
    c.  Arrest Number
    d.  Location of Arrest
    e.  Name of Arresting Officer (AO) and Assisting Arresting Officer (AAO)
    f.  Whether Arrestee was permitted to post and forfeit, was given citation release, or neither.

10.    For every arrest between November 15, 2003 and November 16, 2007 involving post and forfeit or citation release for all offenses other than Disorderly Conduct, provide the following information:

    a.  Name of Arrestee
    b.  Date and Time of Arrest
    c.  Arrest Number
    d.  Location of Arrest
    e.  Name of Arresting Officer (AO) and Assisting Arresting Officer (AAO)
    f.  Whether Arrestee was permitted to post and forfeit, was given citation release, or was held

11.    Including the arrests identified in Interrogatories 7 and 9, provide the total number of MPD arrests that involved the post and forfeit procedure between November 15, 2003 and November 16, 2007.

12.    For each Complaint that has been made to or filed with the MPD, the Office of Police Complaints, or the Office of Professional Responsibility (or any other municipal entity) about or against any of the Individual Defendants, provide the following information:

    a.  Name and Address of Complainant
    b.  Date of Complaint
    c.  Nature of the Complaint
    d.  Date of Incident about which Complaint was made
    e.  Name and Badge Number of each MPD Officer, including any of the Individual Defendants, named in Complaint
    f.  Disposition of Complaint, including any disciplinary action taken

13.    Identify whether the date and time an individual who is arrested is released is recorded, and if so, identify where and for how long this information is stored.

14.    Identify any statement made by the District of Columbia and its agents and the Individual Defendants, relating to Plaintiff's arrest, detention and release or the litigation that resulted therefrom.

Respectfully submitted,

_____

John Moustakas (DC Bar # 422076)
/s/ Sarah Keast (DC Bar # 493632)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
(202) 346-4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser (DC Bar # 455377)
American Civil Liberties Union
        of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Huthnance

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I caused a copy of the foregoing

"Plaintiff's First Set of Interrogatory Requests to Defendant District of Columbia" to be served

by hand delivery to counsel for the defendants at the address indicated below:


Eric S. Glover
Assistant Attorney General
Office of Attorney General
441 4th Street, N.W., 6th Floor North
Washington, D.C. 20001



_____
Manas Mohapatra