# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LINDSEY HUTHNANCE,      )
     )
        Plaintiff,      )
     )
         v.      )      Case Number:  1:06CV01871
     )
DISTRICT OF COLUMBIA, *et. al.,* )
     )
         Defendants.     )

## DEFENDANT DISTRICT OF COLUMBIA REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR PROTECTIVE ORDER

Defendant District of Columbia, by and through counsel, submits this Reply Brief in response to Plaintiff's opposition to its Motion for a Protective Order, and states as follows:

### Preliminary Statement

On June 11, 2008, the District filed its first Motion for Protective Order.  See Docket Entry # 47.  On June 20, 2008, the District filed its second Motion for Protective Order.  See Docket Entry #51.  Plaintiff concedes that she was placed on notice of the District's intent to move for a protective order regarding the non-disclosure of the requested personnel files prior to her filing her motion to compel, and the non-disclosure of the overly burdensome and costly arrest reports.  However, plaintiff preferred to address the parties' dispute through her own Motion to Compel said production.  See Pl.'s Opp. at pg. 2, fn 1.  As set forth below, the District is entitled to an Order of Protection Precluding Disclosure of the individually named defendants' home addresses, home telephone numbers, social security numbers, medical information, life insurance

information, and any other personal information.  The District is also entitled to protection from disclosure of plaintiff's request for overly broad, burdensome and costly discovery that far outweighs her need for the information.  Lastly, the District, at the very least, is entitled to a protective order governing the disclosure and use of the individually named defendants' personnel and training records.

> **A.    The Law Precludes this Defendant from Voluntarily Disclosing the Individually Named Defendants' Personnel Records, and Their Personal Information Bears No Relevance to this Litigation.**

Plaintiff argues in her opposition that the District has waived its right to non-disclosure of the individually named defendants' personnel file, including their home addresses.  According to plaintiff:  (1) none of the statutes cited by the District in its motion prohibits disclosing the requested information or creates a privilege, (2) the District has waived any claim of privilege by failing to provide a privilege log, (3) by failing to demonstrate that the requested information is personal information and that production of said information would be a "clearly unwarranted invasion" of privacy, and (4) that the individually named defendants' personnel files should be disclosed, with the exception of the individually named defendants' home addresses and social security numbers, without the protection of a "confidentiality order".  Plaintiff essentially argues that the District's asserted privilege can not circumvent the discovery rules, and it should violate or disregard the law because she has made the request in discovery for the information.  *See* Pl.'s Opp. at pg. 3.

As recognized in *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 332 108 F.R.D. 328 (N.D. Cal. 1985), citing and relying on Rule 33(b), "no party has an absolute right to have answers to … any kind of interrogatory."  Rule 33(b) makes

it clear that it applies only to interrogatories that are "otherwise proper." *Id.* In fact, Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…." Contrary to plaintiff's claims, the District cannot be made to disregard or violate the law because she has requested production of documents in this discovery process. The District is duty bound to follow the law in this jurisdiction.

D.C. Official Code § 1-631.01 state's that the District's records:

"shall be established and maintained, and disposed of in a manner designed to ensure the greatest degree of applicant or employee privacy while providing adequate, necessary and complete information for the District out its responsibilities."

A plain reading of the statute clearly demonstrates that the District has an obligation to maintain the District's employees' records with the utmost degree of privacy. In her opposition, the plaintiff cites *Truelove v. Trustees of Univ. of D.C.*, 1991 U.S. Dist. Lexis 1512 (D.D.C. 1991)*,* in which the court held that D.C. Code 1-631.01 (which was then numbered § 1-632.3) did not create a privilege against the disclosure of discovery. The Court indicated that although the defendant argued that the performance evaluations were privileged, the Supreme Court recently refused to recognize a common law privilege for faculty evaluation materials. *Id.,* at 3, citing *University of Pennsylvania v. EEOC,* 110 S.Ct. 577, 582 (1990). Absent from plaintiff's argument is the Court's recognition that the statute, "at most prevents UDC from releasing personnel information absent a court order." The Court issued the Order instructing the District to produce the requested records, and allowed the District to submit a protective order governing the records' production. *Truelove,* at 1513-1514.

D.C. Official Codes §§ 5-113.01 and 5-113.06 also create a discovery privilege against disclosing the requested discovery without an order from the court. Plaintiff argues that §§ 5-113.01 and 5-113.6 only require that the MPD need not have all records available to the public. However, the legislature specifically excluded personnel records of the MPD from having to be made open to the public. Therefore, those records are deemed privileged.

D.C. Personnel Reg. § 31A District Personnel Manual 3111.6 provides that personnel records are privileged in that they may only be disclosed pursuant to an order or subpoena of a court of competent jurisdiction. Finally, D.C. Code § 2-534(a) states in relevant part that:

> The following matters may be exempt from disclosure under the provisions of the subchapter [i]information of personal nature where the public disclosure would constitute a clearly unwarranted invasion of personal if privacy.

Therefore, as the personnel records of the individually named defendants contain information of a personal nature that if disclosed would constitute a clearly unwarranted invasion of personal privacy, i.e. home addresses, home phone numbers, social security information, dates of birth, life insurance information, and medical information, those items should be precluded from disclosure. Should the Court order production of the personnel records, the District requests that the production of those records be disclosed pursuant to a protective order.

**B.    The Individually Named Defendants' Home Addresses Are Not Relevant to Plaintiff's Claims Against Them and Should Not Be Disclosed.**

Plaintiff argues that the individually named defendants' home addresses are relevant as such information is necessary for her to conduct a background investigation of

4

them and to effectuate service on them if necessary. First, these individually named

defendants are sworn members of the D.C. Metropolitan Police Department. Disclosure

of their homes addresses would invoke safety concerns. Second, plaintiff has the work

addresses of these defendants and they are represented by counsel. Plaintiff has the

ability to serve undersigned counsel on behalf of these defendants with papers relating to

this litigation  Even if these defendants left their employment, this would not abdicate the

attorney-client relationship between these defendants and the Office of the Attorney

General. Plaintiff's failure to show any need for or relevance of these defendants' home

addresses entitles the District to protection from disclosing the requested information.

> **C.    The Burden to the District For Production of Responses to Plaintiff's Interrogatory Requests Nos. 9, 10, and 12, and Requests for Production of Documents Nos. 12 and 13 Far Outweigh the Relevance and Plaintiff's Need for the Information.**

The Federal Rule of Civil Procedure provides that a court may deny a party's

demand for the discovery sought if the burden or expense of the proposed discovery

outweighs its likely benefit, taking into account the needs of the case, the amount in

controversy, the parties' resources, and the importance of the issues at stake in the

litigation. Fed. R. Civ. P. 26(b)(c)(2). In her opposition to the District's Motion for A

Protective Order, the plaintiff argues that the District has failed to demonstrate that

plaintiff's discovery requests would constitute an undue burden on the District. While

plaintiff has narrowed her request for information related to MPD arrests for a one year

period, her need for the requested discovery is far outweighed by the burden to this

defendant.[1] Plaintiff's requests are not limited to the arrests made by the individually

named defendants, but by ALL members of MPD. See Interrogatory Nos. 8 and 9,

---

[1] Plaintiff's counsel agreed to narrow request for information during telephonic "meet and confer" which began on April 29, 2008 and concluded on April 30, 2008.

requesting information related to arrests made by MPD members for disorderly conduct, hereto attached as Exhibit 1.  In fact, plaintiff's request for information is not just limited to arrests for disorderly conduct (the charge for which she was arrested), but for **any** arrests for which post-and-forfeit and/or citation release were offered.  See Interrogatory No. 10, which states:   For **every** arrest between November 15, 2003 and November 16, 2007 involving post and forfeit or citation release f**or all offenses other than Disorderly Conduct**, provide the following information:

> a.  Name of Arrestee
> b.  Date and Time of Arrest
> c.  Arrest Number
> d.  Location of Arrest
> e.  Name of Arresting Officer (AO) and Assisting Arresting Officer (AAO)
> f.  Whether Arrestee was permitted to post and forfeit, was given citation release. or was held.

See Interrogatory No. 10, at Exhibit 1.  See also, Requests for Production (hereafter "RFP") No. 12, seeking "[d]ocuments related to arrests made between November 15, 2003 and November 16, 2007 involving either post and forfeit release, citation release, or arrest for Disorderly Conduct.  See also, RPD No. 13: All Documents referring or relating to arrests made by or involving the participation of any of the Individual Defendants in the following circumstances: (a) where post-and forfeit release was either offered or utilized; (b) where citation release was either offered or utilized; or (c) where arrestees were charged with Disorderly Conduct.  See Exhibit No. 2.

First, plaintiff has failed to identify the constitutional right denied to her either in her Amended Complaint, and/or in other filings, particularly since there is no right to be offered citation release in lieu of post-and-forfeit.  *See Butera v. District of Columbia,* 235 F.3d 637, 646 (D.C. Cir. 2001), *citing Wilson v. Layne, et al.,* 526 U.S.

603, 615 (1999) (holding that the constitutional right asserted by Plaintiffs must be identified at "the appropriate level of specificity" for a court to determine whether a constitutional right was "clearly established"). Plaintiff seeks the production of voluminous documents purportedly to show that the District defendants misused and/or abused the post-and-forfeit procedures. The requested documents will not aid plaintiff in establishing her claim. For example, plaintiff's own arrest report shows that she was charged with disorderly conduct and elected to forfeit. The report also provides a description of plaintiff's acts which gave rise to the arrest. See Exhibit 3. The report itself is insufficient to show that she was entitled to citation release in lieu of the post-and-forfeit procedure. The District has attached four (4) other arrest reports (PD 163s) which establish that the requested documents are not relevant and any benefit to plaintiff is far outweighed by the burden to the District. See below:

1.  A.W., a Black female, was arrested January 31, 2003, and charged with simple assault and disorderly conduct. According to the PD 163, AW was locked up. The narrative describes the acts for which A.W. was arrested.

2.  C.M., a Black female, was arrested on December 13, 2004, and charged with disorderly conduct (loud and boisterous), and elected to forfeit. The narrative describes the acts for which C.M. was arrested.

3.  T.W., a Black male, was arrested on May 18, 2005, and charged with disorderly conduct. At the time of his arrest, T.W. did not identify himself. T.W. was locked up. The narrative describes the acts for which T.W. was arrested.

4.  J.M., a Black male, was arrested on April 29, 2006, and charged with disorderly conduct (loud and boisterous) and was locked up. Again, the narrative described the acts for which J.M. was arrested.

See Exhibit 4, attached hereto.  The information provided on these PD 163s does not reflect whether these arrestees should have been provided post-and-forfeit, citation, or merely locked up.  It merely shows the charges and the descriptions of the arrestees' acts which led to an arrest.  To compel the District to produce thousands of documents at great expense which will only show whether an individual was locked up, offered the opportunity to post-and-forfeited or released, and the acts for which an arrest was made clearly outweighs any benefit to plaintiff. These documents will not show that the arrestees should not have been arrested, and will not show that they were entitled to be offered citation release in lieu of the opportunity to post-and-forfeit.[2]  What plaintiff seems to be suggesting is that a mini trial should be held with respect to each arrestee to determine whether the narrative supports the arrest and whether the arrestee was offered post-and-forfeit simply because of the alleged wrongful arrest.  This defendant should not have to bear the burden of production of this irrelevant discovery.

According to  Ms. Deloris Hunter, it would take the District approximately 3,000 days at a cost of  over $181,000, to locate, retrieve and copy the materials necessary to respond to plaintiff's interrogatories No. 9 and 10 and Request for Production of Documents No. 12.  With the District's limited resources, the burden of having to locate, retrieve and disclose this information is unduly burdensome and expensive.  See Hunter Declaration, at Exhibit 5. According to Mr. Thomas Sharp of the Office of Police Complaints, production of the requested documents also presents a burden to the District. See Sharp's declaration, at Exhibit 6.

---

[2] These documents do not show whether these arrestees were offered citation release but refused, or whether they were even offered post-and-forfeit but refused.  The only information shown is the disposition of the arrest at the time it was made.

WHEREFORE, the District respectfully requests that the Court grant its Motion for a Protective Order.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for
the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
PATRICIA A. JONES
Chief, General Litigation Sec. IV


/s/ Eric S. Glover_____
ERIC S. GLOVER [889741]
Assistant Attorney General
Sixth Floor North
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LINDSAY HUTHNANCE,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ]    **Civil Action No.  06-CV-1871 (HKK)** |
| **v.** | ] |
| | ] |
| **DISTRICT OF COLUMBIA,** *et al.,* | ] |
| | ] |
| **Defendants.** | ] |
| | ] |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion for Protective Order, plaintiff's opposition thereto, the District's Reply, and the entire record herein, it is this _____ day of _____, 2008, hereby:

ORDERED:  that the District's Motion is GRANTED for the reasons set forth therein, and it is,

FURTHER ORDERED: that the District shall not produce the requested PD 163s or otherwise respond to Plaintiff's Interrogatory Nos. 9, 10, and 12, or Request for Production No. 12 and 13 as the burden and expense of production far outweighs plaintiff's need for the requested information, and the information is not relevant to her claims; and it is,

FURTHER ORDERED:  that the District shall produce the individually named defendants' personnel records, and shall redact these defendants' home addresses and home telephone numbers, date of birth, social security numbers, medical and life insurance information and any personal information not related to the claims against them; and it is,

FURTHER ORDERED:  that this Order will govern Confidential Information, i.e. personnel records, including training records, of District personnel whether produced by any party or non-party; and it,

FURTHER ORDERED:  that the information or documents shall be designated as CONFIDENTIAL; and it is,

FURTHER ORDERED:  access to and disclosure of such information shall be limited to:

(a) The Court, the Court's staff and such other personnel as the Court may authorize;

(b) The attorneys of record for the parties herein;

(c) Secretaries, paralegal assistants and clerical personnel who are engaged in assisting counsel in these actions;

(d) The named plaintiff and defendants;

(e) Any person identified as a signatory, author, addressee or recipient of such information;

(f) Qualified persons taking testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

(g) Consultants and experts consulted or retained by any party for the purpose of assisting in the conduct of this litigation, subject to such person's compliance with the provisions of Paragraph 7 of this Protective Order;

(h) Any deponent, witness or potential witness, provided that any such person shall be advised of the terms of this Protective Order and agree to be bound by it;

(i) Any insurer or indemnitor of a party or their counsel; and

(j) Any other person who has a need for the information as determined in writing by the party producing the information, or as the Court may order. The party producing the information will not unreasonably withhold consent; and it is,

FURTHER ORDERED:  Any information that has been designated CONFIDENTIAL, including any portion of a document that quotes Confidential material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words:

"CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO COURT ORDER"

AND IT IS, FURTHER ORDERED:  Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, including but not limited to attorney-client, deliberative process and/or law enforcement privilege, and/or work product of counsel; and it is,

FURTHER ORDERED:  At the conclusion of this litigation, and after the exhaustion of any appeals, this Protective Order shall continue to be binding upon the

parties hereto and upon all persons to whom Confidential Information has been disclosed or communicated and that has not properly become a matter of public record.  This Court shall retain jurisdiction over the parties for enforcement of this Stipulation and Protective Order; and it is,

SO ORDERED.

_____
JUDGE,
U.S. District Court for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDSAY HUTHNANCE,          )
                            )
                            )
                            )
        Plaintiff,          )
                            )
        vs.                 )
                            )        Case No. **06-CV-1871 (HKK)**
DISTRICT OF COLUMBIA, *et al.*   )
                            )
        Defendants.         )
                            )
                            )

## PLAINTIFF'S FIRST SET OF INTERROGATORY REQUESTS
## TO DEFENDANT DISTRICT OF COLUMBIA

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff hereby requests that Defendant District of Columbia, within 30 days of service, answer separately and fully in writing, under oath, the interrogatories set forth below.

### Definitions

A.      "Individual Defendants" refers to Officer L. Acebal, Badge Number 1313; Officer J. Antonio, Badge Number 4409; and Officer J. Morales, Badge Number 273.

B.      "MPD" refers to the District of Columbia Metropolitan Police Department.

C.      The term "policies, procedures, or practices" refers to formal or informal policies, procedures, or practices, whether written or conveyed orally.  Where you are asked to identify or describe "policies, procedures, or practices," please set forth in as much detail as possible the specific policy, procedure, or practice, including the manner in which it is/was conveyed to members of the Metropolitan Police Department.

D.      "Document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure, and means any writing (whether printed, typed, photocopied, handwritten,

recorded, stored, produced, or reproduced), tangible thing, or any other compilation of

information in the possession, custody, or control of the District of Columbia, any other

Defendant, or any employee or official of the District of Columbia, including, without limitation,

any: (a) advisories, agreements, appointment books, articles, bills, binders, books, brochures,

bulletins, calendars, charts, checks, circulars, communications (intra-office, inter-office, external,

or other), computer printouts, confirmations, contracts, correspondence, desk-pads, diaries,

drafts, drawings, e-mails, exhibits, facsimiles, financial statements, flyers, forecasts, graphs,

guidelines, invoices, instructions, Internet printouts, letters, lists, logs, Lotus Notes, manuals,

meeting minutes, memoranda, messages, microfiche, microfilm, notebooks, notes, outlines,

pamphlets, periodicals and clippings from periodicals, pleadings, policies, post-it notes,

projections, questionnaires, receipts, records, reports, rules, schedules, statements, studies,

subscription agreements or pages, summaries, telecopies, telefaxes, telegrams, telephone

messages, telexes, transcripts, translations, treaties, voicemail transcriptions, and worksheets;

(b) graphic or audio records or representation (including, without limitation, photographs, charts,

drawings, graphs, microfiche, microfilm, videotapes, recordings, and motion pictures);

(c) electronic, Internet, magnetic, mechanical, or optical data, records, or representations

(including, without limitation, tapes, cassettes, computer discs, recordings, computer memories,

or other electronic data compilations); and (d) drafts and final versions and all originals and

copies that differ from originals in any respect (including, without limitation, differences due to

handwritten notes, editing, interlineations, blind copies, or other alterations).

    E.  Except where otherwise indicated below, "Identify" means:

        1.  when used in reference to a natural person, to state his or her name,

          present or last known address, present or last known employer, and, for

MPD employees, badge number, position or job title at time of

employment with the District of Columbia (whether as a consultant, part-

time employee, full-time employee, or other type of employment) and

dates of employment with the District of Columbia.

2.    when used in reference to any entity other than a natural person, to state

the name and present or last known address of such entity to be identified,

the present or last known telephone number of such entity, and the name

of any natural person who can be contacted as a representative or agent of

such entity.

3.    when used in reference to any Document, to state the names of the

author(s), addressee(s), and all known or presumed recipients, the title, the

subject matter, and the date of such Document.

4.    when used in reference to any statement, to state the date of the statement,

the person making it, the person receiving it, and the statement's content.

F.    "Post and forfeit" refers to the procedure defined in D.C. Code § 5-335.01 (2007).

G.    "Plaintiff" refers to Lindsay Huthnance, formerly known as Lindsay Smith.


**Instructions**

A.    All uses of the conjunctive include the disjunctive (and vice versa). All words in

the singular include the plural (and vice versa). All uses of the word "all" include "any" (and

vice versa). All uses of the word "each" include "every" (and vice versa). The use of a verb in

any tense encompasses the use of the verb in all tenses.

B.     Each interrogatory shall operate and be construed independently. Unless otherwise indicated, no paragraph limits the scope of any other paragraph.

C.     Except as provided in Federal Rule of Civil Procedure 33, do not incorporate by reference facts contained in Documents. Specify the facts, allegations, names, or other information requested by each interrogatory regardless of whether such information is set forth elsewhere.

D.     If a request is made for description or identification of Documents that are no longer in your possession, custody, or control, state the following: when such Documents were most recently in your possession, custody, or control; what disposition you made of them; who is the person or entity currently in possession, custody, or control of such Documents; and the identity of any persons or entities referred to in the Document or sent a copy of the Document. If the Documents have been destroyed, Identify the person who destroyed the Documents and the person who directed that the Documents be destroyed; state when they were destroyed; and state the reasons the Documents were destroyed.

E.     If you object to any interrogatory, state the basis for your objection, explain in detail why you contend that the interrogatory is subject to the objection, and respond to the interrogatory to the extent that you consider it not to be objectionable.

F.     If the information called for by an interrogatory is unknown to you, explain the reason for your inability to respond and provide your best estimate of the information requested and the basis for that estimate.

G.     Answers to these interrogatories should include the identification of all relevant Documents.

H.      You are reminded to supplement and amend your response to each interrogatory in accordance with Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1.      List the current home addresses of each of the Individual Defendants.

2.      Identify the immediate supervisors of each of the Individual Defendants on November 15th and 16th, 2005.

3.      Identify each MPD officer present in the 3100 Block of Mount Pleasant NW, Washington, D.C., whether inside the 7-Eleven, on the street, or elsewhere, from any time between 11:00 p.m. on November 15, 2005 through 3:00 a.m. on November 16, 2005, and describe what, if any, contact each had with Plaintiff.

4.      Identify the station crew on duty at the time of Plaintiff's transportation to the MPD station or substation to which she was brought on November 16, 2005.

5.      Identify each individual who interacted with Plaintiff or authored any of the police paperwork relating to her arrest or release between November 15th and 16th, 2005.

6.      Identify anyone involved in informing Plaintiff or Adrien Marsoni that Plaintiff's release could be secured by payment of a $25.00 bond on the scene.

7.      Explain whether it was consistent with MPD policies, procedures, and practices officers to solicit payment of a $25.00 bond on the scene of the arrest to obtain Plaintiff's immediate release and, if so, how.

8.      For each of the years 2004-2007, provide the total number of MPD arrests for Disorderly Conduct: (a) in which the post and forfeit was involved; or (b) in which citation release was involved; or (c) in which neither procedure was utilized.

- 5 -

9.     For each of the arrests identified in response to Interrogatory 8, provide the

following information:

      a.  Name of Arrestee
      b.  Date and Time of Arrest
      c.  Arrest Number
      d.  Location of Arrest
      e.  Name of Arresting Officer (AO) and Assisting Arresting Officer (AAO)
      f.  Whether Arrestee was permitted to post and forfeit, was given citation
         release, or neither.

10.     For every arrest between November 15, 2003 and November 16, 2007 involving

post and forfeit or citation release for all offenses other than Disorderly Conduct, provide the

following information:

      a.  Name of Arrestee
      b.  Date and Time of Arrest
      c.  Arrest Number
      d.  Location of Arrest
      e.  Name of Arresting Officer (AO) and Assisting Arresting Officer (AAO)
      f.  Whether Arrestee was permitted to post and forfeit, was given citation
         release, or was held

11.     Including the arrests identified in Interrogatories 7 and 9, provide the total number

of MPD arrests that involved the post and forfeit procedure between November 15, 2003 and

November 16, 2007.

12.     For each Complaint that has been made to or filed with the MPD, the Office of

Police Complaints, or the Office of Professional Responsibility (or any other municipal entity)

about or against any of the Individual Defendants, provide the following information:

      a.  Name and Address of Complainant
      b.  Date of Complaint
      c.  Nature of the Complaint
      d.  Date of Incident about which Complaint was made
      e.  Name and Badge Number of each MPD Officer, including any of the
         Individual Defendants, named in Complaint
      f.  Disposition of Complaint, including any disciplinary action taken

13.   Identify whether the date and time an individual who is arrested is released is recorded, and if so, identify where and for how long this information is stored.

14.   Identify any statement made by the District of Columbia and its agents and the Individual Defendants, relating to Plaintiff's arrest, detention and release or the litigation that resulted therefrom.

Respectfully submitted,

John Moustakas (DC Bar # 422076)
/s/ Sarah Keast (DC Bar # 493632)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
(202) 346-4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser (DC Bar # 455377)
American Civil Liberties Union
        of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Huthnance

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I caused a copy of the foregoing

"Plaintiff's First Set of Interrogatory Requests to Defendant District of Columbia" to be served

by hand delivery to counsel for the defendants at the address indicated below:


        Eric S. Glover
        Assistant Attorney General
        Office of Attorney General
        441 4th Street, N.W., 6th Floor North
        Washington, D.C. 20001


_____
Manas Mohapatra

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDSAY HUTHNANCE, )
)
)
)
Plaintiff, )
)
vs. )
) Case No. **06-CV-1871 (HKK)**
DISTRICT OF COLUMBIA, *et al.* )
)
Defendants. )
)
)

## PLAINTIFF'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT DISTRICT OF COLUMBIA

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff hereby requests that Defendant

District of Columbia, within 30 days of service, produce the following documents for inspection

and copying at the offices of counsel for Plaintiff, Goodwin Procter LLP, Attn: Sarah Keast, 901

New York Avenue, N.W., Washington, D.C., 20001.

### Definitions

A.    "Defendant" refers to any defendant named in the First Amended Complaint filed

in this action, and any successor in office to any individual defendant named in an official

capacity.

B.    "Document" is used in the broadest sense permissible under the Federal Rules of

Civil Procedure.  It means any writing (whether printed, typed, photocopied, handwritten,

recorded, stored, produced, or reproduced), any tangible thing, or any other compilation of

information, whether created by the District of Columbia or any other Defendant, in the

possession, custody, or control of the District of Columbia, any other Defendant, or any

employee or official of the District of Columbia, including, without limitation, any:

(a) advisories, agreements, appointment books, articles, bills, binders, books, brochures,
bulletins, calendars, charts, checks, circulars, communications (intra-office, inter-office, external,
or other), computer printouts, confirmations, contracts, correspondence, desk-pads, diaries,
drafts, drawings, e-mails, exhibits, facsimiles, financial statements, flyers, forecasts, graphs,
guidelines, invoices, instructions, Internet printouts, letters, lists, logs, Lotus Notes, manuals,
meeting minutes, memoranda, messages, microfiche, microfilm, notebooks, notes, outlines,
pamphlets, periodicals and clippings from periodicals, pleadings, policies, post-it notes,
projections, questionnaires, receipts, records, reports, rules, schedules, statements, studies,
subscription agreements or pages, summaries, telecopies, telefaxes, telegrams, telephone
messages, telexes, transcripts, translations, treaties, voicemail transcriptions, and worksheets;

(b) graphic or audio records or representation (including, without limitation, photographs, charts,
drawings, graphs, microfiche, microfilm, videotapes, recordings, and motion pictures);

(c) electronic, Internet, magnetic, mechanical, or optical data, records, or representations
(including, without limitation, tapes, cassettes, computer discs, recordings, computer memories,
or other electronic data compilations); and (d) drafts and final versions and all originals and
copies that differ from originals in any respect (including, without limitation, differences due to
handwritten notes, editing, interlineations, blind copies, or other alterations).

   C. "You" or "your" refers to the District of Columbia and subdivisions thereof, and
to any employee of the District of Columbia.

   D. "Post and forfeit" refers to the procedure defined in D.C. Code § 5-335.01 (2007).

   E. "Individual Defendants" refers to Officer L. Acebal, Badge Number 1313; Officer
J. Antonio, Badge Number 4409; and Officer J. Morales, Badge Number 273.

F.    "MPD" refers to the District of Columbia Metropolitan Police Department.

G.    "Plaintiff" refers to Lindsay Huthnance, formerly known as Lindsay Smith.

### Instructions

A.    You are to produce all responsive Documents in your possession, custody, or control.

B.    All uses of the conjunctive include the disjunctive (and vice versa).  All words in the singular include the plural (and vice versa).  All uses of the word "all" include "any" (and vice versa).  All uses of the word "each" include "every" (and vice versa).  The use of a verb in any tense encompasses the use of the verb in all tenses.

C.    Each request shall operate and be construed independently.  Unless otherwise indicated, no paragraph limits the scope of any other paragraph.

D.    Each Document that in its original form was stapled, clipped, or otherwise attached to other Documents shall be produced in such form.

E.    If a request is made for production of Documents that are no longer in your possession, custody, or control, state the following:  when such Documents were most recently in your possession, custody, or control; what disposition you made of them; who is the person or entity currently in possession, custody, or control of such Documents; and the identity of any persons or entities referred to in the Document or sent a copy of the Document.  If the Documents have been destroyed, identify the person who destroyed the Documents and the person who directed that the Documents be destroyed (in a manner sufficient to permit process to be served upon such person); state when they were destroyed; and state the reasons the Documents were destroyed.

F.    In accordance with Federal Rule of Civil Procedure 26(b)(5), for each Document that is responsive to Plaintiff's First Set of Requests for Production of Documents from Defendant District of Columbia but is not produced by reason of claim of privilege or otherwise, produce a log identifying each such Document by stating its title, date, author(s), and recipient(s), and provide the basis for withholding it. Each author, addressee, or recipient who is an attorney shall be noted as such.

G.    Objection to any request in part does not justify wholly withholding production of responsive material. For any request to which You are objecting in part, specifically identify the objections and include corresponding entries in the log referenced in the preceding paragraph.

### DOCUMENT REQUESTS

Defendants are directed to produce the following:

1.    All Documents referring or relating to Plaintiff, whether by name, Social Security number, or any other means of identification, including all police paperwork filled out in connection with Plaintiff's arrest and the results of any NCIC, WALES, or similar queries respecting Plaintiff's prior arrest record.

2.    All Documents referring or relating to the arrest and detention of Plaintiff (and any encounter that preceded it) on November 15th and 16th, 2005, including, without limitation, any police reports, witness statements, log entries, video recordings, post and forfeit paperwork, and all radio communications/transmissions relating to Plaintiff's arrest, detention, and transportation and identifying all MPD personnel on the scene of Plaintiff's arrest, detention and transportation (and any encounter that preceded it) and returning to service thereafter

3.    All Documents identifying MPD officers working in PSA 301 on November 15th and 16th, 2005 (3-11 shift 11/15; midnight shift 11/15-16; day shift 11/16), and any other MPD

- 4 -

officers on special assignments, details, initiatives, or shifts that involved deployment within or around PSA 301 on those dates, including but not limited to any log books entries, rosters, roll call attendance sheets, time and attendance records for the Third District Station and Substations, and any dispatcher records.

4.      For each of the Individual Defendants, all Documents constituting their personnel records, including all Documents constituting, referring to, or relating to their performance evaluations, informal and formal complaints filed against them, and any disciplinary actions taken against them.

5.      A copy of the MPD General Orders.

6.      All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rule, regulations, policies, procedures, or practices in effect or under consideration at any time that concern post and forfeit or citation release procedures.

7.      All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rule, regulations, policies, procedures, or practices in effect or under consideration defining or otherwise giving meaning to the offense of disorderly conduct, including any guidance provided on the appropriate use of the designation "Disorderly Conduct - Loud & Boisterous" and under what circumstances such behavior warrants detention or arrest.

8.      All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rules, regulations, policies, procedures, or practices in effect or under consideration concerning the training or supervision of MPD officers regarding the post and forfeit procedure; including any training materials, and any Documents identifying the times, dates, and content of any such training.

- 5 -

9. All Documents constituting, referring to, or relating to any records reflecting training actually received by the Individual Defendants and all of their supervisors relating to: post and forfeit procedure, citation release procedure, or the bases for arrest for the offense of disorderly conduct, and the times, dates, and content of any such training.

10. All reports, studies, evaluations, recommendations or data compilations created by any individual, group, or entity concerning the post and forfeit or citation release procedures.

11. All Documents constituting, referring to, or relating to the annual public reports submitted by the Mayor to the D.C. Council as required by D.C. Code § 5-335.01(h).

12. All Documents related to arrests made between November 15, 2003 and November 16, 2007 involving either post and forfeit release, citation release, or arrest for Disorderly Conduct.

13. All Documents referring or relating to arrests made by or involving the participation of any of the Individual Defendants in the following circumstances: (a) where post- and forfeit release was either offered or utilized; (b) where citation release was either offered or utilized; or (c) where arrestees were charged with Disorderly Conduct.

14. All Documents, including statistics, compilations, studies, reports, data, guidelines referring or relating to the policy regarding the time elapsed between when a person electing to post and forfeit provides the post money and the time that person is released from custody.

15. Except in the instant case, all Documents related to any civil actions, or other complaint, criticisms, and challenges, arising from the use of MPD's post and forfeit procedures.

16. Except in the instant case, all Documents related to any civil, criminal or other actions (including citizen complaints) against any of the Individual Defendants.

17.    All Documents constituting, referring to or relating to any challenges to or complaints about the post and forfeit procedure at any time since its implementation.

18.    All Documents constituting, referring to, or relating to any formal or informal MPD policies, procedures, or practices in effect at any time between November 15, 2003, and the present concerning the retention or destruction of Documents.

19.    All Documents identified in Your response to Interrogatories.

20.    All Documents reviewed, considered, or relied upon in making Your responses to Interrogatories.

Respectfully submitted,

_____
John Moustakas (DC Bar # 422076)
/s/ Sarah Keast (DC Bar # 493632)
Goodwin | Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
(202) 346-4444 (fax)

Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser (DC Bar # 455377)
American Civil Liberties Union
        of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for Plaintiff Lindsay Huthnance

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I caused a copy of the foregoing "Plaintiff's First Set of Requests for Production of Documents to Defendant District of Columbia" to be served by hand delivery to counsel for the defendants at the address indicated below:

Eric S. Glover
Assistant Attorney General
Office of Attorney General
441 4th Street, N.W., 6th Floor North
Washington, D.C.  20001



_____
Manas Mohapatra

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

**ARREST/PROSECUTION REPORT**

163 Rev. 5/2002 G.O. 401.5

T-ARREST NO.: 05051588

| Field | Entry |
|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY) | |
| 2. ID NUMBER (ID ONLY) | |
| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | |
| 4. CID NUMBER | |
| 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) | Smith, Lindsay Pierce |
| 7. DEA LAB NUMBER | |
| 8. Arresting Officer's Name | Acebal, L |
| Rank / Badge # / Agency | OFC / 1313 / MPD |
| 9. TYPE OF RELEASE | ☐ CITATION ☐ BOND ☒ COLLATERAL |
| 10. NICKNAME / ALIAS | None given |
| 11. PHONE NUMBER | 786-390-6176 |
| 12. COURT DATE | N/A |
| 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) | 1748 Willard Street NW #2 |
| 14. TIME IN D.C. | 2 years |
| 15. | ☐ CHILD ABUSE ☐ GANG SPECIAL INTELLIGENCE ☐ HATE ☐ SENIOR CITIZEN ☐ DOMESTIC VIOLENCE |
| 16. SEX | Female |
| 17. RACE | White |
| 18. BIRTHDATE | 8/27/78 |
| 19. SOCIAL SECURITY NUMBER | 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 |
| 20. NEED INTERPRETER | ☐ YES ☒ NO |
| 21. HEIGHT | 6-2 |
| 22. WEIGHT | 160 |
| 23. HAIR | Brn |
| 24. EYES | Grc |
| 25. COMPLEX | Light |
| 26. PERMIT NO/ST | 1509647 / DC |
| 27. BIRTHPLACE (City & State) | Illinois |
| 28. CO-DEFENDANTS: Number 0 (If more than 3, list on back) | |
| 29. IMPERSONATOR? | ☐ M ☒ F ☐ NO |
| 30. ETHNICITY | White |
| 31. CAUTION | N/A |
| 32. SCARS/MARKS/TATTOOS | Lower middle back and right/left ankle |
| 33. HAT | N/A |
| 34. JACKET | N/A |
| 35. PANTS | Blue |
| 36. COAT | N/A |
| 37. SHIRT | Blk |
| 38. SKIRT/DRESS | N/A |

NAME, ADDRESS, ZIP CODE AND PHONE NUMBER
1.
2.
3.

**39. WALES/NCIC CHECK**

| CHECK MADE BY (Name) | NCIC NUMBER | WARRANT ON FILE (If Yes, enter Warrant Numbers) |
|---|---|---|
| Morales | 63564 | Yes ☐ No ☒ |

| 40. LOCATION OF OFFENSE (Exact Address, Include Room / Apt No.) | DATE OF OFFENSE | TIME OF OFFENSE |
|---|---|---|
| 3100 Block of Mt Pleasant NW | 11/16/05 | 0145 |

| 40. LOCATION OF ARREST (Exact Address, Include Room / Apt No.) | DATE OF ARREST | TIME OF ARREST |
|---|---|---|
| 3100 Block of Mt. Pleasant NW | 11/15/05 | 0155 |

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY |
|---|---|
| Antonio, J. 4409, OFC, MPD | Morales, J. 273, OFC, MPD |

**43. DEFENDANT ADVISED OF RIGHTS**

| DATE | TIME | LOCATION | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A | BADGE NO. | UNIT |
|---|---|---|---|---|---|
| 11/1/2005 | 0203 | 3D | Acebal, L | 1313 | 3D |

**44. COMPLAINANTS / WITNESSES** (If sworn member – Name, Rank, Badge No. and Unit) MORE ☐ See Back

| NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|
| W-1 Public/Society | | N/A | | |
| W-2 | | | | |

| 45. SPEC. OPS. | 46. TACTICS | 47. PREMISES | 48. SCHOOL ZONE / PUBLIC HOUSING |
|---|---|---|---|
| None | 1 - Routine Patrol | L - Street | ☐ ☐ |

ENTER THE LEAD CHARGE FIRST

| | CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA./BOND RECEIPT NO |
|---|---|---|---|---|---|
| 1. | Disorderly Conduct (Loud & Boisterous) | | 155750 | Elect to Forfiet | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

**50. PROPERTY RECOVERY / ITEMS OF EVIDENCE**

| PROPERTY BOOK/ PAGE NO. | CSES NO. |
|---|---|
| | |
| | |
| | |
| | |

51. INITALS – DATE – UNIT OF PERSON TAKING PRINT: 11/16/05

52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS: Hates Police

53. RIGHT THUMB PRINT

USE ONLY HEIGHT WEIGHT HAIR EYES COMPLEX SCARS/MARKS/TATTOOS

*DISTRIBUTION: Page 1 to ID & R; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy*

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

| 55. EMPLOYMENT HISTORY *(List present employment if any, on Line 1)* | | | | |
|---|---|---|---|---|
| FROM –DATE –TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
| 1. | Unemployed | | | |
| 2. | | | | |

| 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES *(Begin with immediate family)* | | | | |
|---|---|---|---|---|
| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
| Fiancee | 25 | Adren Marsoni | 1748 Willard Street NW #2 | 786-390-6176 |
| | | | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| N/A | ☐ YES ☒ NO ☐ REFUSED | |

**60. STATEMENT OF FACTS** *(Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in item 31.)*

The event occurred on 11/16/05 at approximately 0145 at 3100 Block of Mt Pleasant NW in Washington DC.

While working an overtime detail as overtime 3, we were parked in front of 3146 Mt. Pleasant St NW. I observed a white female, D-1 yelling at police officers inside of the listed location. As D-1 exited the listed location I observed her turn around face the location and extended her middle finger and yelled to the officers "fuck you mother fuckers". At that time D-1 was advised to move along at which time she continue to curse at officers. D-1 was stopped for identification purposes so she could be issued a 61 D (citation). During the stop D-1 turned around and yelled in my face "I want your fucken badge number". I advised D-1 to turn around and place her hands on the wall and refrain from screaming. D-1 refused my commands, yelled again in my face and refused to place her hands on the wall. I advised D-1 for the third and final time to refrain from screaming and her response was "fuck you little bitch". At that time a breach of the peace occurred and D-1 was placed under arrest for disorderly conduct. I detected a strong smell of alcohol from D-1's person (breath). D-1 advised that she had just left the Raven bar on Mt. Pleasant Street NW.

D-1 was identified by a DC government issued driver's license as Lindsay Pierce Smith, DOB: 08/27/78.

D-1 was placed under arrest and transported to 3D for processing.

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense?
*(Use PD 118 for defendant's written statement.)*]

"Fuck you Bitch" "What a waste of my tax money!" " I am a citizen of this country!" " What are you going to arrest me for, being drunk with a burrito!"

| 62. RECORD CLERK'S NAME | | 3. | | 5. | | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|---|---|
| Morales | | | | | | |
| | ARREST RECORD SUMMARY | 4. | | 6. | | |
| 1. | 2. | | | | | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no
*(Include in Defendant's Version/Remarks Section above.)*

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|---|
| bal.[L | 1313 | OPC | | |
| SIGNATURE OF OFFICER MAKING STATEMENT | UNIT | DATE | UNIT | DATE |
| | MPD | 11/16/2005 | 3D | 11/16/05 |

METROPOLITAN POLICE DEPARTMENT
Washington, D.C.

ARREST/PROSECUTION REPORT

G.O. 401.5

| | |
|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE - UNIT - DATE / TIME - NCIC NO. (ID Only) | 2. ID NUMBER (ID Only) |
| 3. DEFENDANT'S TRUE NAME - LAST, FIRST, MIDDLE (ID Only) | 4. CIID NUMBER |
| 6. DEFENDANT'S NAME - LAST, FIRST, MIDDLE (At time of arrest) | 7. DEA LAB NUMBER |

ARREST NO. 0300257

8. Officer's Name Johnson-Kelly T

9. TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL

10. NICKNAME / ALIAS

Badge # 1586   Agency MPD

12. COURT DATE 02-01-03

13. ADDRESS Include Room / Apt No, City & State / Outside D.C.

14. TIME IN D.C.

☐ CHILD ABUSE   ☐ GANG   ☐ HATE   ☐ SENIOR CITIZEN   ☐ DOMESTIC VIOLENCE

18. BIRTHDATE

19. SOCIAL SECURITY NUMBER

SPECIAL INTELLIGENCE

NEED INTERPRETER  Yes ☐  No ☐

21. HEIGHT | 22. WEIGHT | 23. HAIR | 24. EYES | 25. COMPLEX

29. IMPERSONATOR   M   F

30. ETHNICITY

31. CAUTION

32. SCARS/MARKS/TATTOOS

| | |
|---|---|
| 33. HAT | 34. JACKET Brown |
| 36. COAT | 35. PANTS Grey |

CO-DEFENDANTS: Number ___ (If more than 3, list on back)
NAME, ADDRESS, ZIP CODE AND PHONE NUMBER

CHECK MADE BY (Name) Jacob

NCIC NUMBER 05419

WARRANT ON FILE (If Yes, enter Warrant Number(s).)
Yes ☐  No ☒

LOCATION OF OFFENSE (Street Address, Include Room / Apt No) 1005 First St NE

DATE OF OFFENSE 01-31-03

TIME OF OFFENSE 2130

LOCATION OF ARREST (Street Address, Include Room / Apt No) 1005 First St NE

DATE OF ARREST 01-31-03

TIME OF ARREST 2155

ASSISTING OFFICER'S NAME, BADGE NO. & UNIT OR AGENCY PC W. Stancil 2077 ID

ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY Ofc. E. Snead 1913 ID

43. DEFENDANT ADVISED OF RIGHTS
DATE 01-31-03  TIME 2313  LOCATION 5D Cell Block

OFFICER'S NAME - ADVISING / COMPLETING PD FORM 47-47A Johnson

BADGE NO. 1586

UNIT 1RS

44. COMPLAINANTS / WITNESSES (If sworn member - Name, Rank, Badge No. and Unit)   MORE ☐   See Back

| NAME - LAST, FIRST, M.I. | ADDRESS, STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|
| | | | | |

SPEC. OPS

46. TACTICS 3

47. PREMISES 30

48. SCHOOL ZONE ☐   PUBLIC HOUSING ☐

| CHARGES | NOI OR WARRANT NUMBER | CCN | M/O DISPOS. | COLLA./BOND RECEIPT NO. |
|---|---|---|---|---|
| 1. Simple Assault | | 014949 | L/U | |
| 2. DIO | | 014949 | L/U | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

50. PROPERTY RECOVERED / ITEMS OF EVIDENCE

PROPERTY BOOK / PAGE NO. | CSES NO.

51. INITIALS / DATE - UNIT OF PERSON TAKING PRINT 2/1/03

52. M.O, WEAPONS, HANDCUFF, HABITS, INSTRUMENTS

53. RIGHT THUMB PRINT

| CID ONLY | HEIGHT 507 | WEIGHT 148 | HAIR Gre | EYES BRO | COMPLEX MBR | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|---|

DISTRIBUTION: Page 1, to ID & RD; Page 2, 3, to Prosecutor; Page 4, (yellow), Lieu Copy; Page 5, Officer's Copy.

PAGE 1

REVERSE CARBON AND FILL IN RED

ATTACHMENT NO. 1

**55. EMPLOYMENT HISTORY** (List present employment if any, on Line 1)

| M - DATE - TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| ONSHIP | DOB/AGE | NAME - LAST, FIRST, M.I. | ADDRESS - STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|

RY SERVICE: BRANCH/DATE FROM - TO

**58. TELEPHONE CALL MADE** ☐ Yes ☐ No ☐ Refused   **59. PHONE NUMBER**

**MENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. REFER to them as W1 or W2, etc as indicated in item 31.)

1-31-03 I was working off duty at the greyhound bus station. approx 2 hours W1 flaged me to come here. As I approached her she stated a customer pushed her and then got on the bus. W2 who is a supervisor @ greyhound informed me that D1 needs to come off the bus. I asked D1 to get off the bus because the employee is stating that she pushed her. D1 stated "I'm not going no where you and your friends better go some where that bitch is telling you a lie am not getting off this bus" I then Advised D1 that I am Ofc Johnson with the Metropolitan police Department I am asking you un to step off the bus. D1 stated I don't care who you are am going home shouldn't have been trying to block the bus, I am disable I needed to sit down" I then advised D1 that she needs to step off the bus or am going to call for assitance to have her removed. D1 stated do what have to do. I then went over ID Zone and asked for a unit to asst with removing of the greyhound bus. Officer stancil and snead arrived. Ofc stancil asked to step off the bus, he also advised D1 if she refused she will be arrested Continued to refuse. At this time D1 was advised that she was under arrest then became Combative forcing us to Remove her off the bus. was transported to 5D where She was processed and advised of her rights

**ENDANT'S VERSION / REMARKS:** (What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.))

CORD CLERK'S NAME | 1. | 5.
**63. ARREST RECORD SUMMARY** | 2. | 4. | 6
**64. PROPERTY BOOK/PAGE NO.** PRISONER'S PROPERTY ONLY

IL REFORM ACT CASES: Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ No
(If yes, include in Defendant's Version/Remarks Section above.)

| - OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 66. SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|
| Johnson-Kelly | 1586 | OFC | |
| SNATURE OF OFFICER MAKING STATEMENT Zatatha Johnson-Kelly | UNIT IPs | DATE 01-31-03 | DATE 1-3-03 |

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

**ARREST/PROSECUTION REPORT**

P.D. 163 Rev. 5/2002                                    G.O. 401.5

| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY) | 2. ID NUMBER (ID ONLY) |
|---|---|

| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | |
|---|---|
| M____y C_____ | |

| 5. UNIT-ARREST NO. | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (at arrest) | 7 DEA LAB NUMBER |
|---|---|---|
| 010405470 | N____ ___ ___ C___ | |

| 8. Arresting Officer's Name | 9. TYPE OF RELEASE | 10. NICKNAME / ALIAS | 11. PHONE NUMBER |
|---|---|---|---|
| WEINFELD, S. | ☐ CITATION ☐ BOND<br>☒ COLLATERAL | ▶ REFUSED | 2025473659 |

| Rank | Badge # | Agency | 12. COURT DATE | 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) | 14 TIME IN D C |
|---|---|---|---|---|---|
| OFC. | 3210 | 1D-1 | ETF | ▶ 322 TENNESSEE AVE. N.E. | LIFE |

| 15. ☐ CHILD ABUSE | ☐ GANG | ☐ HATE SPECIAL INTELLIGENCE | ☐ SENIOR CITIZEN | ☐ DOMESTIC VIOLENCE | 16. SEX ▶ | 17. RACE ▶ | 18. BIRTHDATE ▶ 8 | 19. SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|---|

| 20. NEED INTERPRETER<br>☐ YES ☒ NO | 21. HEIGHT 5'5" | 22. WEIGHT 250 | 23. HAIR BLK | 24. EYES BRO | 25. COMPLEX M___ | 26. PERMIT (No.)<br>5790401000000 | 27. BIRTHPLACE (City & State) WASHINGTON D. C. |
|---|---|---|---|---|---|---|---|

| | J. IMPERSON____ | ___ ETHNICITY | |
|---|---|---|---|
| | ☐ M ☐ F ☒ NO | N/A | NONE |

| 28. CO-DEFENDANTS: Number 0 (If more than 3, list on back) | 32. SCARS/MARKS/TATTOOS |
|---|---|
| NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | REFUSED |
| 1. NONE. | |

| 33. HAT | 34. JACKET | 35. PANTS |
|---|---|---|
| NONE | BLACK | BLUE JEANS |

| 36. COAT | 37. SHIRT | 38. SKIRT/DRESS |
|---|---|---|
| NONE | TEAL | N/A |

| 39. WALES/NCIC CHECK | | |
|---|---|---|
| CHECK MADE BY (Name) | NCIC NUMBER | WARRANT ON FILE (If Yes, enter Warrant Numbers) |
| ALSTON | 57301 | Yes ☐ No ☒ |

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) | DATE OF OFFENSE | TIME OF OFFENSE |
|---|---|---|
| ▶ IN FRONT OF 322 TENNESSEE AVE. N.E. | ▶ 12/13/04 | ▶ 1840 |

| 40. LOCATION OF ARREST (Exact Address, include Room / Apt No.) | DATE OF ARREST | TIME OF ARREST |
|---|---|---|
| ▶ IN FRONT OF 322 TENNESSEE AVE. N.E. | ▶ 12/13/04 | ▶ 1900 |

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY |
|---|---|
| ▶ YULFO, W., OFC. 1044 1D-1. | |

| 43. DEFENDANT ADVISED OF RIGHTS | | | | |
|---|---|---|---|---|
| DATE | TIME | LOCATION | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A | BADGE NO. | UNIT |
| 12/13/2004 | 1935 | REFUSED | WEINFELD, S. | 3210 | 1D-1 |

| 44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit)    MORE ☐   See Back | | | | |
|---|---|---|---|---|
| NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO | WORK PHONE NO. |
| W-1 ▶ SOCIETY | | | | |
| W-2 ▶ OFFICER WEINFELD | 500 E STREET S.E. | ON FILE | ON FILE | 2026980088 |

| 45. SPEC. OPS | 46. TACTICS | 47. PREMISES | 48. SCHOOL ZONE ☒ |
|---|---|---|---|
| None | 4 - Traffic Stop | SIDEWALK | PUBLIC HOUSING ☐ |

| CHARGES | NOI OR WARRANT NUMBER | CCN | MPD D.SPOS. | COLLA./BOND RECEIPT NO |
|---|---|---|---|---|
| 1. DISORDERLY CONDUCT (LOUD AND BOISTEROUS) | N/A | 170213 | Elect to Forfiet | 006057 |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|---|
| PROPERTY BOOK/ PAGE NO. | CSES NO. | | |
| NONE | | 52. M. O. WEAPONS. HANGOUTS. HABITS. INSTRUMENTS<br>NONE | |

| DCB USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|---|

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor: Page 4. Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

**55. EMPLOYMENT HISTORY** (List present employment if any, on Line 1)

| FROM –DATE –TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| Present | REFUSED | REFUSED | | |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBES |
|---|---|---|---|---|
| | | REFUSED | REFUSED | |
| | | | | |

**MILITARY SERVICE: BRANCH/DATE FROM – TO**
REFUSED

**58. TELEPHONE CALL MADE** ☐ YES ☒ NO ☐ REFUSED

**59. PHONE NUMBER**

**STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in item 31.)

he event occurred on 12/13/04 at approximately 1840 at IN FRONT OF 322 TENNESSEE AVE. N.E. in Washington DC.

n 12/13/04 Officer Yulfo and I, Officer Weinfeld were assigned to Crime Patrol 103 to patrol PSA 103. While on patrol we observed a hite Mazda parked abreast in front of 322 Tennessee Ave. N.E. a female later identified as C_____, M(_____) was caring bags from e vehicle into 322 Tennessee Ave. N.E. I observed a parking space to cars behind the white Mazda and another directly across from the chicle on the other side of the road. I intended to ask the female caring bags from the vehicle if she would move the vehicle into one of e two open spaces. Before I had the opportunity ask her to move the vehicle she began yelling at me, "The only reason your doing this is ecause of all of the white people moving in around here, I'm not moving my car!!!" I then began to attempt to issue the vehicle an notice f infraction on the vehicle parked abreast, obstructing traffic. I attempted to obtain the driver of the vehicle, C_____ M(_____) driver's licence so that I could properly fill out the notice of infraction. Ms. M_____ initially refused to give me her driver's permit ating, "I'm not giving you anything." After I advised her a second time she retrieved her driver's permit from her purse which was inside e house. When Ms. M_____ exited the house she began yelling at me again stating. "The only reason I was doing this was because of l these white people!!!" She continued to yell stating, "Just give me the ticket and my driver's license back!!!" She also began to incite vo females that followed her from inside the house to begin yell as well. I advised her to that I would give her the NOI and her driver's ermit back when I had recorded the information I need to make a report in reference to the event. She continued to yell and incite the two males to yell as well. I advised the three individuals to stop yelling and that if they refused that I would have to place them under arrest r disorderly conduct. Ms. M_____ continued to yell and incite the other two females to yell after I advised them to discontinue their isruptive behavior. Ms. M_____ yelling throughout the entire incident drew a neighbor from 320 Tennessee Ave. N.E. to the officer aving to get involved as well as three people from 324 Tennessee Ave. N.E. from inside their home. I advised Ms. M__, L_____ at least ree more times to stop yelling, she refused and continued to yell stating, "The only reason your doing this is because of all these white eople moving in!!! and Just give me the ticket and my license!!!" I again advised her that I would return her license when I was finished cording the information. I once again advised her that if she did not stop her behavior that she would placed under arrest. Ms M_____ ontinued to yell stating, "I'm going to call the god damned Mayor and I'm going to call the damned Chief!!!" Ms. M_____ was laced under arrest and transported to the First District for processing. When attempting to obtain information need to complete the arrest eport D-1 was uncooperative and refused to give information. D-1 referred to the two women that had came from inside of the house as er mother and her sister.

-1 was identified by her DC driver's permit as C____, M. N_____, DOB:_____, SSN:____.

**DEFENDANT'S VERSION/REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement)]

EE STATEMENT OF FACTS

| RECORD CLERK'S NAME | 3. | 6. | |
|---|---|---|---|
| LSTON | | | |
| ARREST RECORD SUMMARY | 4. | 5. | 1208 335 |
| | 2. | | |

**BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☒ no
(If yes, include in Defendant's Version/Remarks Section above.)

| PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|
| WEINFELD. S. | 3210 | OFC | _____ S-82 |
| SIGNATURE | | DATE | 12/13/04 |
| | 1D-1 | 12/13/2004 | 1D |

6719

**METROPOLITAN POLICE DEPARTMENT**
Washington, D.C.
ARREST/PROSECUTION REPORT
P.D. 163 Rev. 1/2002                    G.O. 401.5

| | | |
|---|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY) | | 2. ID NUMBER (ID ONLY) |
| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | | 4. CID NUMBER None |

| 5. UNIT-ARREST NO. 030502942 | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) W       8 J | 7. DEA LAB NUMBER None |
|---|---|---|

| 8. Arresting Officer's Name Barnes Tommy | 9. TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL | 10. NICKNAME / ALIAS | 11. PHONE NUMBER refused |
|---|---|---|---|
| Rank Pfc   Badge # 341   Agency Mpdc | 12. COURT DATE 5-19-05 | 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) | 14. TIME IN D.C. Birth |

| 15. ☐ CHILD ABUSE  ☐ GANG  ☐ HATE  ☐ SENIOR CITIZEN  ☐ DOMESTIC VIOLENCE SPECIAL INTELLIGENCE | 16. SEX | 17. RACE | 18. BIRTHDATE | 19. SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| 20. NEED INTERPRETER ☐ YES ☐ NO | 21. HEIGHT | 22. WEIGHT | 23. HAIR | 24. EYES | 25. COMPLEX | 26. PERMIT NO/ST | 27. BIRTHPLACE (City & State) |

| 28. CO-DEFENDANTS: Number ____ (if more than 3, list on back) NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 29. IMPERSONATOR? ☐ M  ☐ F  ☐ NO | 30. ETHNICITY none | 31. CAUTION none |
|---|---|---|---|
| 1. | 32. SCARS/MARKS/TATTOOS none | | |
| 2. | 33. HAT Black | 34. JACKET blue | 35. PANTS blue |
| 3. | 36. COAT none | 37. SHIRT dark | 38. SKIRT/DRESS none |

| 39. WALES/NCIC CHECK | | |
|---|---|---|
| CHECK MADE BY (Name) Watson | NCIC NUMBER 38439 | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☐  No ☒ |

| 40. LOCATION OF OFFENSE (Exact Address, Include Room / Apt No.) ▶ 1414 8TH ST NW | DATE OF OFFENSE ▶ 5-18-05 | TIME OF OFFENSE ▶ 1715 |
|---|---|---|
| 40. LOCATION OF ARREST (Exact Address, Include Room / Apt No.) ▶ 1414 8th ST NW | DATE OF ARREST ▶ 5-18-05 | TIME OF ARREST ▶ 1730 |

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY |
|---|---|

| 43. DEFENDANT ADVISED OF RIGHTS | | | | |
|---|---|---|---|---|
| DATE 5/18/2005 | TIME 1758 | LOCATION 3d | OFFICER'S NAME - ADVISING / COMPLETING PD FORM 47/47A Barnes Tommy | BADGE NO. 341 | UNIT 3d |

44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit)   MORE ☐   See Back

| NAME - LAST, FIRST, M.I. | ADDRESS - STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|
| W-1 ▶ | | | | |
| W-2 ▶ | | | | |

| 45. SPEC. OPS 308 | 46. TACTICS 1 - Routine Patrol | 47. PREMISES 3 - Parking Lot | 48. SCHOOL ZONE ☐  PUBLIC HOUSING ☐ |
|---|---|---|---|

| CHARGES | NCI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA/BOND RECEIPT NO |
|---|---|---|---|---|
| 1. Disorderly Conduct | | 064-077 | Lock up | |
| 2. | | | | |
| 3. | | | | |
| 4. | Yes | | | |
| 5. | | | | |

*ENTER THE LEAD CHARGE FIRST*

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|
| PROPERTY BOOK/ PAGE NO.    CSES NO. | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS 1414 8th ST NW | |

54. ...HEIGHT ... WEIGHT

DISTRIBUTION: Page 1 to ID & R ; Pages 2 and 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

**COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK**

**DEFENDANT'S EXHIBIT**
1

| 55. EMPLOYMENT HISTORY (List present employment if any, on Line 1) | | | | |
|---|---|---|---|---|
| FROM –DATE –TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
| 1.  Present | refused | refused | | |
| 2. | | | | |

| 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES  (Begin with immediate family) | | | | |
|---|---|---|---|---|
| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
| | | self | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE ☐ YES ☐ NO ☐ REFUSED | 59. PHONE NUMBER |
|---|---|---|

**60. STATEMENT OF FACTS:**   *(Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space.  Note present condition of any injured person(s).  Do not give Witnesses' Names or Addresses.  Refer to them as W1 or W2, etc as indicated in Item 31.)*

The event occurred on 5-18-05 at approximately 1715 at 1414 8TH ST NW in Washington DC.

This Officer was at the listed location in a meeting with store security about the people hanging out on the lot and some of them robbing the customers of the store. This Officer along with store security saw a b[...]male who had been hanging on the parking lot allday. This officer then went and approached the male who this officer saw at 1100 hrs today.

The male was later indentified as [...] W[...] this officer took a video of Mr w[...] along with several other gentlemens hanging and sitting around the lot allday underneath the sign that states No Loitering Violaters  will be arrested. The sign is in white with red writing. The signs are posted thru out the property. This Officer then ask Mr W[...] for his identification because this Officer was issueing a bar notice to Mr. W[...].

Mr. W[...] then called this Officer a ass hole in front of the store using profane language towards this Officer yelling and screaming stating fuck you iam not signing no bar notice and you can kiss my ass ~~causing a crowd of ten people~~ and the people entering and leaving the store to stand by and watch.

This Officer then placed Mr W[...] under arrest and Mr. W[...] was transported to the Third District for processing by wagon #33

**61. DEFENDANT'S VERSION / REMARKS:**  [What did defendant say about the offense or his/her whereabouts at the time of offense?  (Use PD 118 for defendant's written statement.)]

Fuck you i hang where i want

| 62. RECORD CLERK'S NAME | | 3. | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|
| Watson | | | | |
| ARREST RECORD SUMMARY | | 4. | 6. | |
| 1. | 2. | | | |

**65. BAIL REFORM ACT CASES:**   Was a statement made by defendant in reference to his/her failure to appear?  ☐ Yes ☐ no   (If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|---|
| Barnes Tommy | 341 | Pfc | L.T. [signature] | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT | DATE | UNIT | DATE |
| [signature] | 3d | 5/18/2005 | 3d | 5-18-05 |

**METROPOLITAN POLICE DEPARTMENT**
Washington, D.C.

**ARREST/PROSECUTION REPORT**

P.D. 163 Rev. 5/2002                    G.O. 401.5

| PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NO (ID ONLY) | | 2. ID NUMBER (ID ONLY) |
|---|---|---|
| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | | 4. ID NUMBER |

| 6. UNIT-ARREST NO. 070601871 | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) | 7. DEA LAB NUMBER |
|---|---|---|

**8. Arresting Officer's Name** WILLIAMS, ROGER

| | 9. TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL | 10. NICKNAME / ALIAS | 11. PHONE NUMBER |
|---|---|---|---|

| Rank OFC | Badge # 3391 | Agency MPD | 12. COURT DATE | 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) | 14. TIME IN D.C. |
|---|---|---|---|---|---|

| 15. ☐ CHILD ABUSE | ☐ GANG | ☐ HATE SPECIAL INTELLIGENCE | ☐ SENIOR CITIZEN | ☐ DOMESTIC VIOLENCE | 16. SEX | 17. RACE | 18. BIRTHDATE | 19. SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|---|

| ...RPRETER ☐ YES ☒ NO | 21. HEIGHT | 22. WEIGHT | 23. HAIR | 24. EYES | 25. COMPLEX | 26. PERMIT NO/ST | 27. BIRTHPLACE (City & State) |
|---|---|---|---|---|---|---|---|

| 28. CO-DEFENDANTS: Number (if more than 3, list on back) NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 29. IMPERSONATOR? ☐ M ☐ F ☐ NO | 30. ETHNICITY M | 31. CAUTION |
|---|---|---|---|
| | 32. SCARS/MARKS/TATTOOS | | |

| 2. | 33. HAT N/A | 34. JACKET N/A | 35. PANTS BLUE |
|---|---|---|---|
| 3. | 36. COAT N/A | 37. SHIRT BLK | 38. SKIRT/DRESS N/A |

| 39. WALES/NCIC CHECK | | |
|---|---|---|
| ... NUMBER | WARRANT ON FILE (if Yes, enter Warrant Numbers) Yes ☐ No ☐ | |

| 40. LOCATION OF OFFENSE (Exact Address, Include Room / Apt No.) ▶ 3100 BLK OF NAYLOR RD. S.E. | DATE OF OFFENSE ▶ 4/29/06 | TIME OF OFFENSE ▶ 1900 |
|---|---|---|
| 40. LOCATION OF ARREST (Exact Address, Include Room / Apt No.) ▶ 3100 BLK OF NAYLOR RD. S.E. | DATE OF ARREST ▶ 4/29/06 | TIME OF ARREST ▶ 1900 |

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▶ PHILLP, D, 2894, 7-D MPD | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▶ GARVIN, S, 3644, 7-D MPD |
|---|---|

| DATE 4/29/2006 | TIME | LOCATION | 43. DEFENDANT ADVISED OF RIGHTS OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A | BADGE NO. | UNIT |
|---|---|---|---|---|---|

**44. COMPLAINANTS / WITNESSES** (If sworn member – Name, Rank, Badge No. and Unit)  MORE ☐  See Back

| NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|
| W-1 ▶ SOCIETY/PUBLIC | | | | |
| W-2 ▶ METROPOLITAN POLICE OFFICERS | | | | |

| 45. SPEC. OPS FOCUS MISSION UNIT | 46. TACTICS 10 - Jump Out | 47. PREMISES 30. Other | 48. SCHOOL ZONE PUBLIC HOUSING ☐ ☐ |
|---|---|---|---|

| CHARGES | NOI OR WARRANT NUMBER | CCN | M/D DISPOS. | COLLA/BOND RECEIPT NO |
|---|---|---|---|---|
| 1. D/O CONDUCT LOUD AND BOISTEROUS | | 055 860 | Lock up | |
| 2. | | | Lock up | |
| 3. | | | Lock up | |
| 4. | | | Lock up | |
| 5. | | | Lock up | |

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|---|
| PROPERTY BOOK/PAGE NO. | CSES NO. | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS | |

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

**DEFENDANT'S EXHIBIT**
1

| | FROM –DATE –TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|---|
| 1. | Present | | | | |
| 2. | | | REFUSED | | |

55. EMPLOYMENT HISTORY (List present employment if any, on Line 1)

56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| | | REFUSED | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE ☐ YES ☐ NO ☐ REFUSED | 59. PHONE NUMBER |
|---|---|---|

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in item 31.)

The event occurred on 4/29/06 at approximately 1900 at 3100 BLK OF NAYLOR RD. S.E. in Washington DC.

MEMBERS OF THE 7TH DISTRICT'S FOCUS MISSION TEAM OBSERVED D-1 IDENTIFIED AS (J____ M____) SHOUTING "THAT'S SOME BULLSHIT, YA'LL CAN'T DO THIS SHIT" THE UNDERSIGNED GAVE D-1 SEVERAL DIRECT ORDERS TO STOP SHOUTING PROFANITY WORD. D-1 SHOUTED AGAIN TO POLICE "THIS IS SOME BULLSHIT". A CROWN INCLUDING YOUNG CHILDREN BEGAN CROWDING AROUND THE LISTED LOCATION. D-1 WAS PLACED UNDER ARREST AND TRANSPORTED...

**61. DEFENDANT'S VERSION / REMARKS:** (What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.])

**62. RECORD CLERK'S NAME**

| ARREST RECORD SUMMARY | 3. | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|
| 1.    2. | 4. | 6. | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no (If yes, include in Defendant's Version/Remarks Section above.)

**66. PRINTED NAME – OFFICER MAKING STATEMENT** WILLIAMS, ROGER

**67. SIGNATURE OF OFFICER MAKING STATEMENT**

| BADGE NUMBER 3391 | RANK OFC. | 68. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|
| UNIT 7-D | DATE 4/29/2006 | UNIT | DATE 4/29/06 |

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

LINDSAY SMITH,                          )
                                        )
    Plaintiff,                          )
                                        )        Civil Action No. 1:06–1871 (HHK)
    v,                                  )
                                        )
                                        )
THE DISTRICT OF COLUMBIA, *et al.,*     )
                                        )
    Defendants.                         )
_____ )

## DECLARATION OF DELORIS HUNTER

    I, Deloris Hunter, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct:

    1.    I am over the age of twenty one (21) and am competent to provide the information set forth herein.

    2.    I am the Manager of the Records Branch of the District of Columbia Metropolitan Police Department. I have held this position for seven (7) years.

    3.    The Records Branch maintains the Criminal Justice Information System (CJIS) database, and hard copy records of arrest reports, including PD 163s (Arrest/Prosecution Reports), PD 251s (Incident Reports), and PD 252s (Supplemental Reports).

    4.    The statement of facts field is not contained on the CJIS system. The PD 163 contains defendant's name, race, sex, date of birth, address, phone number, arrest number, PDID number (if assigned), charge, location of the offense, date and time of offense, birth place, Social Security Number, clothing description, date and time of arrest, officer name and

badge number, and the unit to which he/she is assigned. These fields are keyed in CJIS if the information is available or provided by the defendant at time of arrest.

5.    The hard copy files consist of documents that are maintained numerically by PDID number or arrest number according to the various Districts. In order to obtain the statement of facts associated with an arrest, clerical staff must manually retrieve the paper document from MPD files.

6.    Plaintiff has requested documents related to arrests for disorderly conduct from November 15, 2004, through November 15, 2005[1], (a) in which post and forfeit was involved; (b) in which citation release was involved; and/or (c) in which neither was involved. The estimated number of individuals who fit this category is 22,640.

7.    The Records Branch does not have the manpower to conduct Plaintiff's request without undue burden and cost. There are three (3) clerical staff persons assigned to the Records Branch that are responsible for filing and retrieving arrest records. Only one (1) staff person is available to conduct this production of documents. It is estimated the staff person can dedicate an average of three (3) hours a day to comply with the request without severely impacting the staff person's current responsibilities to the MPD. Based on a search, retrieval, and copy rate of 30 minutes per arrest report, I estimate that it will take **11,320 hours or 3,773.33 days**, based upon one clerical person working 3 hours per day, to produce the 22,640 PD 163s.

8.    PD 251s are filed apart from PD 163s. Based on a search, retrieval, and copy rate of 15 minutes per incident report, it would take a minimum of **5,660 hours or 1,886.67 days**, based upon one clerical person working 3 hours per day, to produce 22,640 PD 251s and

[1] Notably to conduct this search, the Records Branch would still have to retrieve records from January , 2004 to December 15, 2005 to determine which arrest fall within this category.

2

PD 252s. Additional time will likely be needed because the PD 251s and PD 252s for 2004 are no longer housed in the Records Branch. They have been archived in the Federal Records Storage Center in Suitland, MD. To retrieve the 2004 PD 251s and PD 252s, MPD must fill out a separate request for each document to be produced. Employees of the Federal Records Storage Facility would then pull the requested documents and transmit them to MPD for copying and production.

9.     The Records Branch does not have additional staff assigned to pulling PD 163s, 251s, and 252s. Other criminal history technicians are in the Criminal History Section and are attending to the over 200 customers who demand service each day for criminal background checks. Two other clerical staff in the Public Documents Section attend to the over 50 customers per day who request incident and accident reports, and provide assistance with the 200 customers requiring criminal background checks.

10.     If additional personnel were used to accomplish the task of pulling the estimated 22,640 PD 163s, and 22,640 PD 251s and 252s identified in response to Plaintiff's discovery requests, certain functions of the Department would have to be closed down or risk severe complaints.

11.     MPD charges $ 4.00 per quarter hour, after the first hour, for record searches conducted by clerical personnel (DS-1 through 8). The charge for searching for the requested PD 163s would be approximately **$ 181,104**. The charge for searching for the requested PD 251s and 252s would be approximately **$ 90,544**. This does not include the charges for copying the requested documents ($.25 per page) or the charges for the employees of the Federal Records Storage Facility to search and transmit the 2004 PD 251s and 252s.

12.     Generally, a PD 163 is two (2) pages in length, a PD 251 is four (4) pages, and a

3

PD 252 is two (2) pages in length.  Assuming that each of the 22,640 records contains a PD 163, PD 251, and PD 252, the charge for copying these records would be approximately **$45,280**.

Date: _6/10/08_                        _Deloris Hunter_

                                                  Deloris Hunter

4

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDSAY SMITH,                          )
                                        )
        Plaintiff,                      )
                                        )        Civil Action No. 1:06–1871 (HHK)
        v,                              )
                                        )
                                        )
THE DISTRICT OF COLUMBIA, *et al.,*     )
                                        )
        Defendants.                     )
_____)

## DECLARATION OF THOMAS E. SHARP

I, Thomas E. Sharp, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct:

1.      I am over the age of twenty one (21) and am competent to provide the information set forth herein.

2.      I am the Deputy Director of the District of Columbia's Office of Police Complaints (OPC).  I have held this position since October 2002.

3.      OPC is responsible for investigating and resolving police misconduct complaints filed with the agency by the public against Metropolitan Police Department (MPD) and the District of Columbia Housing Authority Police Department (DCHAPD) officers.  A member of the public who wishes to file a complaint against an MPD or DCHAPD officer may also choose to file a complaint directly with either police department that will be investigated and resolved by the police department.  OPC maintains files related to the complaints filed with the agency.

4.      OPC currently has 19 full-time employees, 12 of whom work in the agency's

investigative unit. OPC has one public affairs specialist who is the person responsible for fulfilling most requests made to the agency for records or documents.

5.      Each OPC case file contains all of the records related to the agency's investigation of a complaint. At a minimum, most files contain at least 50 pages of documents, and, depending on the nature of the complaint and the extent of the investigation, an individual file can contain several hundreds of pages of documents, as well as recordings, pictures, and other records.

6.      Plaintiff has requested documents related to arrests for disorderly conduct from November 15, 2004, through November 15, 2005, (a) in which post and forfeit was involved; (b) in which citation release was involved; and/or (c) in which neither was involved.

7.      During the period from November 15, 2004, to November 15, 2005, OPC received approximately 340 complaints.

8.      In order to retrieve complaints related to a specific issue or issues, OPC must conduct general keyword searches of its database to identify a universe of complaints that may be relevant. Due to the wide variation among complaints, and the discretion given to investigators in writing narratives in the database to describe the allegations contained in a complaint, a variety of terms must be used in an attempt to capture all complaints that may be relevant. Under this approach, the searches will result in a number of complaints that are not relevant.

9.      To ultimately determine if a complaint is relevant to a request, each paper file must then be located and reviewed to determine if it is relevant. The information contained in the database records is not necessarily sufficient to make this determination.

10.     Based on my keyword searches of the database using the terms "arrest,"

"disorderly," "conduct," "collateral," "forfeit," "citation," and "release," I identified approximately 160 of the 340 files that may be relevant.

11.    It takes approximately 15 minutes per file to locate and review the materials necessary to determine if a complaint is relevant.  To pull and review 160 files, this process would amount to approximately 40 hours of work.

12.    For any file that is relevant, it must then be disassembled and photocopied.  It takes at least 30 minutes per file to copy it and duplicate any recordings or other records contained in the file.  Conservatively assuming that 80 of the files are relevant, this process would amount to at least 40 hours of work.

13.    After relevant files have been located and duplicated, all of the documents must be reviewed by a supervisor to identify any documents that would be subject to privilege or any other protection that may limit production of the documents.  This process would amount to approximately 15 to 20 hours of work.

14.    Devoting two and a half weeks of manpower to responding to this discovery request would impose an undue burden and cost on OPC.  It would consume the significant majority of the work time of OPC's public affairs specialist, who also has responsibility for conducting OPC's community outreach, maintaining OPC's website, and responding to the more than 400 Freedom on Information Act (FOIA) requests received by OPC each year.  In addition, responding to this request would impose a noticeable burden on supervisors or managers to review the large amount of responsive documents.  Beyond the time involved, there would also be costs associated with duplicating documents and recordings.

_____6-11-08_____
Date

_____
Thomas E. Sharp