UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSEY HUTHNANCE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et. al.,* )<br>)<br>Defendants. ) | Case Number: 1:06CV01871 (HKK) |

**DEFENDANTS DISTRICT OF COLUMBIA , OFFICERS LILIANA ACEBAL, JAMES ANTONIO AND JOSE MORALES' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO COMPEL**

Defendant District of Columbia, Officers Liliana Acebal, James Antonio and Jose Morales, by and through counsel, submits this reply brief in response to plaintiff's opposition to their motion to compel.

**A.   THE DISCOVERY RULES APPLY TO ALL PARTIES, AND CONTRARY TO PLAINTIFF'S CLAIMS, THESE DEFENDANTS HAVE COMPLIED WITH THE REQUIREMENTS OF LCvR 7.1(m).**

The rules of discovery are intended to guide and govern all parties, not just the defendants. For whatever reason, plaintiff believes that she is absolved from complying with the discovery rules. See Opposition, generally. As evidenced in these defendants' Motion to Compel, plaintiff's opposition thereto, and these defendants' reply, plaintiff has indeed given these defendants the "back of her hand" and continues to refuse to properly respond to these defendants' discovery requests. See Pl.'s motion, at fn 1.

As a red herring and in an effort to avoid her discovery obligations, plaintiff refers this Court to one of its Orders in the case of *Lafayette Ricks v. D.C., et al.,* C.A. No. 05-

1756 (HHK), in which an Assistant Attorney General (AAG) was called to task for violation of LCvR 7. See Pl.'s Opp., at page 3. That case bears absolutely no relevance to this case and is easily distinguishable from this case. In *Ricks,* the AAG admitted that plaintiff was contacted, on the same evening as the District's answer was due, to discuss plaintiff's position on a request for a motion to enlarge time to file the District's answer. The Court determined that the filing of the motion was not preceded by a good faith effort to determine whether there was opposition to the relief sought. In this case, plaintiff admits that the parties had meet and confer discussions that began on April 29 and ended on April 30, 2008. During those discussions, undersigned counsel raised the issue of plaintiff's discovery deficiencies. See Opp., at page 1. These defendants did not file their Motion to Compel until June 11, 2008, after it became clear that plaintiff had no intention to cure her deficient discovery responses. While plaintiff claims that on May 5, and again on May 15, 2008, she informed these defendants that she would consider their requests made to her to supplement her deficient discovery responses, she still has not supplemented even one discovery response after two (2) months of "thoughtful consideration." Contrary to what occurred in the *Ricks* litigation, this AAG complied with LCvR 7, and, well before filing the instant motion, ascertained that plaintiff opposed the requested relief.

      **B.    THE DEFENDANTS ARE ENTITLED TO INTERROGATORY RESPONSES FROM THE PLAINTIFF "IN HER OWN WORDS."**

Plaintiff has objected to providing the defendants with an answer to their Interrogatory #7 in "her own words". Plaintiff argues that these defendants seek "sworn testimony" from plaintiff pursuant to Rule 33, but are not entitled to it pursuant to that Rule. See Opp. at 8. According to plaintiff, "[t]he proper device for such a purpose is

2

the Rule 30 Deposition by Oral Examination or the Rule 31 Deposition by Written Questions, **but not both.**" The Rules provide that a party may conduct discovery through written interrogatories, requests for production of documents, requests for admissions, or through oral depositions or both. See Fed. R. Civ. P. 30, 33, 34, and 335. The Rules do not require a party to elect one discovery tool over another. Incredulously, plaintiff offers these defendants the opportunity to waive their right to depose her orally in exchange for her responses to their interrogatory requests. See Opp. at pgs. 8 and 9. This should not be countenanced by this Court.

Fed. R. Civ. P. 33(b)(1) provides that the interrogatories must be answered by the party to whom they are directed. According to Fed. R. Civ. P. 33(b)(3), the responding party to a request for interrogatories, **must**, to the extent not objected to, provide answers to said interrogatories which are separate and full and under oath. The defendants submit that the interrogatories that are the subject of their Motion to Compel go to the very root of the plaintiff's claims against these defendants. Thus, in order for them to be able to effectively defend themselves against the plaintiff's claims, they are entitled to interrogatory responses from the plaintiff in her own words, and not the words of her counsel or any other party or non-party. Plaintiff is the moving party in this litigation. Her "own words" will demonstrate what claims she has made and information she possesses that is relevant to the litigation. The requirement that a party sign interrogatory responses is made for a reason. That reason is to bind the party to the answers provided in discovery. Plaintiff cannot simply refuse to provide the requested discovery responses because she doesn't want to use her own answers or for her answers to be used against her.

### C. PLAINTIFF'S REFERENCE TO HER AMENDED COMPLAINT IN RESPONSE TO THESE DEFENDANTS' DISCOVERY REQUESTS VIOLATE RULE 33.

In her opposition to the defendants' Motion to Compel, plaintiff admits that she has referred these defendants to the Arrest Prosecution Report (PD 163) and the facts provided within her Amended Complaint as if that satisfies her discovery obligations under Rule 33. In a footnote within her opposition, plaintiff submits that "the defendants also attack" her reference to her "highly-detailed, 20-page Amended Complaint and the Arrest Prosecution Report as a violation of Fed. R. Civ. P. 33(d), which allows a party to answer an interrogatory by reference to business records." Plaintiff argues that her references to these documents "were not intended to comply with Rule 33(d) and are not intended to be a substitute for responses to Defendants' contention interrogatories at the appropriate juncture in this case." See Pl.'s Opp. at pg. 6, fn. 4. These defendants implore this Court to dispel plaintiff of her notion that the discovery rules do not apply to her, or that she has the unfettered ability to decide when she chooses to respond to discovery and in what format irrespective of the Rules. Plaintiff has asserted no legitimate basis for failing to answer Interrogatory #7 in her "own words." Because plaintiff's response to Interrogatory #7 is objectionable, she should be compelled to respond to the request forthwith.

### D. CONTENTION INTERROGATORIES DO NOT ABSOLVE PLAINTIFF FROM ANSWERING DISCOVERY.

In her opposition to the defendants' Motion to Compel, plaintiff argues that the interrogatory requests that form the basis of these defendants' Motion to Compel are "contention interrogatories" and that she has objected to said interrogatories as premature because the parties are in the early stages of discovery and she is still developing her

4

factual support.  Plaintiff further argues that the defendants have proffered no unique or unfair prejudice from allowing her to defer her responses to these defendants' interrogatory requests.  Finally, plaintiff argues that all of the factual information upon which her responses to the alleged contention interrogatories depends is in the defendants' possession.  See Opposition, generally.  "Contention interrogatory" may mean different things to different individuals and may refer to different kinds of questions. Generally, a contention interrogatory asks another party to indicate what it contends.  It may also embrace only questions that ask another party whether it makes some specified contention, and may begin with the phrase "Do you contend that . . . . ." Another type of "contention interrogatory" may ask an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory may ask an opponent to state all the evidence on which it bases some specified contention, or to take a position, and then to explain or defend that position, with respect to how the law applies to facts.  Another variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention.  *See In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328 (N.D. Cal. 1985)

These defendants recognize that no party has an absolute right to responses to discovery unless the questions are not evoked for improper purposes, or invoke some privilege.  Even if, for the sake of argument, the defendants' discovery requests are "contention interrogatories," these defendants are entitled to responses to their interrogatory requests because they were not propounded for any improper motive, do not

5

evoke any privileges, and the answers will narrow the issues and/or serve as the basis of a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Fed. R. Civ. P. 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…." Plaintiff cannot simply dig in her heels and unilaterally decide when it is best for her to respond to the requested information. In *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 157 (D. Del. 1977), the Court held that there is nothing impermissible in asking a party to state what he presently contends in an effort to ferret out or narrow the issues. Also, in *Scovill Mfg. Co. v. Sunbeam Corp.*, 357 F. Supp. 943, 948 (D. Del. 1973), the Court held that an interrogatory is not objectionable merely because it inquires into the opinion, conclusion and contentions of the opposing party.

While Rule 33 provides that the Court **may** allow a party to defer answering contention interrogatories until designated discovery is complete, or until a pretrial conference or some other time, plaintiff lacks the authority to simply refuse to answer discovery without seeking the court's approval. Plaintiff did not move for a protective order to preclude the requested discovery or to limit her responses, nor did she seek an enlargement of time to respond to the requests. Instead, she merely refused to provide responses to the requested discovery. Therefore, consistent with its obligation to do so in order to receive responses to their discovery requests, these defendants moved to compel the requested responses. *See In re Convergent Technologies Securities Litigation,* 108 F.R.D. at 340.

Plaintiff further argues that the information that is required to respond to the defendants' "contention interrogatories" is in the possession of the defendants. See

6

Plaintiff's Opposition at pg. 6. However, a review of the subject interrogatories clearly demonstrates that the information requested by the defendants is in the exclusive possession of the plaintiff. For example, in defendants' interrogatory # 13, plaintiff is asked to describe in detail her basis for suing Officers Acebal, Antonio and Morales in their official and/or individual capacity and describe each action that Officers Acebal, Antonio and Morales took related to the occurrence in question that subjects them to liability. As shown by this question, the information necessary to respond to this interrogatory is not in the possession of these defendants. These defendants do not have information as to why the plaintiff decided to sue them in their official and individual capacities, and on what basis plaintiff claims that they violated her constitutional rights. Instead, the information should be in the possession of plaintiff and should be imparted to these defendants.

   Plaintiff cites to the defendants' interrogatory #24 as an example of how the factual information required to answer said request is in the possession of the defendants. Interrogatory #24 requests plaintiff to  provide in detail the basis of her claim that the defendant District of Columbia violated her Fifth Amendment rights on November 15, 2005, as alleged in Count XII of her complaint, including but limited to the factual support she intends to introduce to prove this claim, the witnesses she intends to call to support this claim and the substance of their likely testimony. Plaintiff is also asked to produce exhibits that she intends to introduce to support these claims. Again, the requested information is in the exclusive possession of the plaintiff. Plaintiff avers that the defendants have not asked for facts in their interrogatory requests. See Pl.'s Opp., at pg. 5. Then in the same breath, she claims that these defendants "have asked [her] to layout how she will prove each

7

specific cause of action, **including what facts she will rely on**….." Plaintiff also concedes that in Interrogatory #9, she was asked to delineate the **facts** that support suing the individual defendants in their official capacity and in their individual capacities. See Pl.'s Opp. at pg. 4, footnote 3. Plaintiff is not entitled to wait until "she decides" when it is appropriate to provide these defendants with factual evidence related to her claims,. These defendants need plaintiff's discovery responses to properly defend themselves in this litigation. Therefore, as the information sought by the defendants in the subject interrogatory request is in the plaintiff's exclusive possession, she should be compelled to respond to these defendants' interrogatory requests.

   **E.**  **DEFENDANTS ARE PREJUDICED BY PLAINTIFF'S FAILURE TO RESPOND TO THEIR DISCOVERY REQUESTS.**

On one hand, plaintiff claims that she should be allowed to defer her responses to the District's contention interrogatories because she should not be chained to "misconceived contentions or theories" before discovery is completed. On the other hand, plaintiff claims that "[t]here is no mystery about the general contours, if not all of the specifics, of [her] contentions." See Pl.'s Opp. at pgs. 4-5. If that is the case, plaintiff should have no problems in providing responses to these defendants' alleged "contention interrogatories." Plaintiff relies on *Everett v. USAir Group., Inc.,* 165 F.R.D. 1, 3-4 (D.D.C. 1995), and *Nestle Foods Corp. v. Aetna Casualty & Surety Co.,* 135 F.R.D. 101, 110-111 (D.N.J. 1990), to support her argument that Courts normally will allow a party to defer answering contention interrogatories. First, Courts have ruled that "there is no reason plaintiffs should not identify at [an early stage of litigation] any witnesses whom plaintiffs know have information that supports or contradicts any of the controverted allegations in plaintiff's [Complaint]." *In re Convergent Technologies Securities*

*Litigation.* 108 F.R.D. at 340. While plaintiff claims that the District has documents in its control that would be responsive to these defendants request, a plaintiff must produce all documents that are in her possession that are responsive to discovery requests. *Id.*

These defendants asked the following interrogatory questions, and plaintiff responded as follows:

INTERROGATORY NO. 9:

> Describe in detail your basis for suing Officers Acebal, Antonio and Morales in their official and/or individual capacity and describe each action that Officers Acebal, Antonio and Morales took related to the occurrence in question that subjects them to liability. Attach all documents that relate to this interrogatory.

RESPONSE TO INTERROGATORY NO. 9:

> Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6] and specifically states that discovery and Plaintiff investigation are ongoing.

Plaintiff did not object to the request on the basis that it is a contention interrogatory. Instead, she referred these defendants to her Amended Complaint, and the Arrest Prosecution Report. Plaintiff has waived her right to object and the response should be provided. As will be shown more fully below, the response to this question would support a motion for summary judgment filed by these defendants.

Plaintiff's responses to Interrogatory Nos. 14 through 25 suffer from the same infirmity. While plaintiff claims that the requests are premature, she did not specifically assert that the requests are contention interrogatories and therefore objectionable. Moreover, plaintiff has asserted specific claims against these defendants, including a claim of intentional infliction of emotional distress. See Amended Complaint. See also,

9

Interrogatory No. 14, and plaintiff's Response. There is no basis why the response to this interrogatory should be deferred to the end of the discovery period. Plaintiff was present on the day of the alleged incident and should be able to describe what conduct was performed or exhibited by each defendant which caused her emotional distress. Additionally, plaintiff should be required to identify any witnesses or documents that would support her claims. See *In re Convergent Technologies Securities Litigation.* 108 F.R.D. at 340-341. She has not identified any witness in response to the specific requests, and other than refer to her Amended Complaint, and the Arrest Prosecution Report, she did not produce any other documents. See below.

INTERROGATORY NO. 13:

> Describe in detail the basis of your claim that the defendants Officers Acebal, Antonio and Morales falsely arrested you November 15, 2005, as alleged in Count I of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 13:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 14:

> Describe in detail the basis of your claim that the defendants Officers Acebal, Antonio and Morales intentional inflicted emotional distress upon you on November 15, 2005, as alleged in Count 11 of your complaint including but limited to the factual support you intend to introduce to prove this claim, the

10

witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 14:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 15:

Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales assaulted and battered you on November 15, 2005, as alleged in Count III of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the evidence to support your claim that you were falsely imprisoned, the witnesses you intend to call to support this claim and the substance of their likely testimony and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 15:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 16:

Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales were negligent in there interactions with you on November 15, 2005, as alleged in Count IV of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that

11

you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 16:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 17:

Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales violated your First Amendment rights on November 15, 2005, as alleged in Count I of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 17:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 18:

Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales violated your Fourth Amendment Rights on November 15, 2005, as alleged in Count VI of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 18:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 19:

>Describe in detail the basis of your claim that the defendants Acebal, Antonio and
>
>Morales violated your Fifth Amendment rights on November 15, 2005, as alleged in Count VII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 19:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 20:

>Describe in detail the basis of your claim that the defendants Acebal, Antonio and Morales violated your Eight Amendment rights on November 15, 2005, as alleged in Count VIII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 20:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 21:

Describe in detail the basis of your claim that the defendant the District of Columbia is liable to you under the theory of Respondeat Superior, as alleged in Count IX of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 21:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 22:

Describe in detail the basis of your claim that the defendant District of Columbia violated your First Amendment rights on November 15, 2005, as alleged in Count X of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 22:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 23:

Describe in detail the basis of your claim that the defendant District of Columbia violated your Fourth Amendment rights on November 15, 2005, as alleged in Count XI of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 23:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 24:

Describe in detail the basis of your claim that the defendant District of Columbia violated your Fifth Amendment rights on November 15, 2005, as alleged in Count XII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 24:

      Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

INTERROGATORY NO. 25:

      Describe in detail the basis of your claim that the defendant District of Columbia violated your Eighth Amendment rights on November 15, 2005, as alleged in Count XIII of your complaint including but limited to the factual support you intend to introduce to prove this claim, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 25:

Subject to all General Objections, Plaintiff refers Defendants to the First Amended Complaint and the Arrest Prosecution Report (PD 168) attached as Exhibit A to Defendants' Motion to Dismiss filed on March 15, 2007 [Doc. Id. #6]. Otherwise, this Interrogatory is premature as discovery is ongoing and Plaintiff is still developing her factual support.

      These defendants are severely prejudiced by plaintiff's refusal to provide responses to their discovery requests. Presently, the defendants do not possess a single accounting from the plaintiff as to what actions they allegedly committed which gives rise to her claims against them. Because these defendants have a fundamental right to be able to defend all claims asserted against them, plaintiff should be compelled to provide answers to their discovery requests.

Plaintiff has sued defendants Liliana Acebal, James Antonio and Jose Moralses in their official and individual capacities, not only for common law claims, but pursuant to 42 U.S.C. § 1983. See Amended Complaint, generally. As is well known by this Court, qualified immunity is a defense to liability under § 1983, and each defendant has pled their entitlement to qualified immunity in their answer to plaintiff's Amended Complaint. See Docket Entry #26. The purpose of qualified immunity is to protect governmental employees against insubstantial lawsuits which have the following societal costs: l) expenses of litigation; 2) diversion of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald*, 457 U.S. 800, 8l4 (l982). Each defendant's conduct stands alone, and one defendant may not be held liable for the conduct of another. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689 (U.S. 1978).

Qualified immunity shields an individual officer from liability as long as his action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638 (l987). These defendants should not have to await plaintiff's decision as to when she wants to respond to discovery or until the end of discovery to ascertain the facts that support plaintiff's alleged claims against them. Plaintiff avers in her amended complaint that she had a constitutional right to be offered the opportunity for citation release in lieu of post-and-forfeit, and seeks to hold these defendants liable for their failure to make her that offer. See Amended Complaint, generally. These defendants seek responses to their discovery requests in support of their entitlement to qualified immunity, and in order to avoid the costs and expense of lengthy

litigation. Additionally, plaintiff's answers would narrow the disputed issues and/or claims in this case. Therefore, these defendants request that plaintiff be compelled to provide answers to the requested discovery.

## CONCLUSION

For the reasons set forth above, these defendants are entitled to an Order compelling plaintiff to provide answers under oath to the defendants' First Set of Interrogatories.

                PETER J. NICKLES
                Interim Attorney General for
                the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                _____
                PATRICIA A. JONES
                Chief, General Litigation Sec. IV

                /s/ Eric S. Glover_____
                ERIC S. GLOVER [889741]
                Assistant Attorney General
                Sixth Floor North
                441 Fourth Street, N.W.
                Washington, D.C. 20001
                (202) 442-9754; (202) 727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDSEY HUTHANANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:06CV01871 |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of Defendants Liliana Acebal, Jose Morales, James Antonio, and the District of Columbia's Motion to Compel Discovery, Plaintiff's Opposition thereto, if any, the defendants' Reply, and the record herein, it is this ___ day of_____, 2008,

ORDERED: that the Motion is hereby GRANTED for the reasons set forth in the Motion, and it is,

FURTHER ORDERED: that Plaintiff shall serve her full responses to the Defendants' Interrogatories Nos. 7, 9, and 13 through 25 within 10 days of this Court's Order; and it is,

FURTHER ORDERED: that sanctions and costs are hereby awarded in an amount to be determined upon the Defendants' filing of a motion for costs

SO ORDERED:

_____
Judge Henry Kennedy
U.S. District Court Judge

1