UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSEY HUTHNANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 1:06CV01871 |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S
OPPOSITION TO ITS MOTION FOR PROTECTIVE ORDER**

Defendant District of Columbia, by and through counsel, submits this Reply Brief in response to Plaintiff's opposition to its Motion for a Protective Order, and states as follows:

**A.   THE DISTRICT IS ENTITLED TO A PROTECTIVE ORDER PRIOR TO DISCLOSING THE TRAINING RECORDS OF THE INDIVIDUALLY NAMED DEFENDANTS AND THEIR SUPERVISORS.**

On June 20, 2008, the District filed a Motion for Protective Order governing the use of the training records plaintiff has requested in discovery. See Docket Entry #51. Plaintiff argues that the District's motion should be denied as the District fails to cite any case law or provide any analysis to support its argument for a protective order. Plaintiff further argues that the District's motion is unsupported by the individually named defendants. Finally plaintiff argues that the District has failed to meet its burden establishing its entitlement for a protective order and that the District's motion is untimely.

The relief requested by the District is based on Rule 26, which provides that a party is entitled to relevant discovery. The requested records will not show whether the individually named defendants' falsely arrested plaintiff because she allegedly exercised her First Amendment rights, or whether these defendants' alleged failure to offer her citation release in lieu of post-and-forfeit. Even if this Court finds that the information is relevant, the District seeks an Order governing the use of the requested records. The statutes and regulations cited in the District's motion for protective order and which governs the District's disclosure of its employees' records also serve as the basis for the requested relief. The training records not only show what courses were taken by the named defendants, but whether they passed or failed the course. In further support of its requested relief, the District refers to and incorporates herein its arguments set forth in its Motion for Protective Order, at Docket Entry No 51 and Reply to Plaintiff's Motion for Protective Order, at Docket Entry No. 58.

Plaintiff makes a hollow argument that the District's requested relief is not supported by the individually named defendants. However, plaintiff requested the release of these records from the District, not the individually named defendants or their supervisors. Based on the statutes and regulations cited by the District, it is precluded from disclosing the requested records absent the consent of the employees affected or absent Court Order. The District does not have the consent of its employees to release the requested documents, and does not yet have authorization from this Court to release the requested documents.

Finally, plaintiff opposes the District's motion as out of time. Plaintiff argues that a motion for a protective order is generally considered untimely if made outside of the

date of production.  *See In re Coordinated Pretrial Proceedings Petroleum Products Anti-Trust Litigation*, 669 F. 2d 620 (10th Cir. 1982).  However, upon a showing of good cause, courts have allowed untimely motions for protective orders.

In *Seminara v. City of Long Beach*, 1995 U.S. App. LEXIS 29729 (9th Cir. Cal. Oct. 6, 1995), the defendant moved for a protective order outside of the date of production period.  The court held that the defendant demonstrated good cause to allow its motion for a protective order in that the defendant noted its objections to plaintiff's discovery requests in response to the written discovery, moved for a protective order in response to Plaintiff's Motion to Compel and submitted a proposed order along with its motion to compel. *Id* at 13-14.  In the instant matter, the District should not be expected to violate the law because its protective order was not filed prior to the date of protection.  The District objected to plaintiff's demand for the training records of the individually named defendants and their supervisors in its discovery responses, and thereafter moved for a protective order governing the release of those records. See District's Amended and Supplemental Responses to Plaintiff's First Set of Request for the Production of Documents attached as Exhibit A at No. 9 and Docket Entry No. 51. Thus, as the District has demonstrated good cause, the court should grant its Motion for a Protective Order.

WHEREFORE, defendant District of Columbia requests this Court to grant its Motion for a Protective Order.

> Respectfully submitted,
>
> PETER J. NICKLES
> Interim Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General

3

        Civil Litigation Division

        /s/ Patricia Jones_____
        PATRICIA A. JONES [428132 ]
        Chief, General Litigation, Section IV

        /s/\_\_Eric S. Glover_____
        ERIC S. GLOVER
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        (202) 442-9754; (202) 727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDSAY HUTHNANCE,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | Civil Action No.  06-CV-1871 (HKK) |
| v. ] | |
| ] | |
| **DISTRICT OF COLUMBIA,** *et al.,* ] | |
| ] | |
| **Defendants.** ] | |
| ] | |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion for Protective Order, plaintiff's opposition thereto, and the entire record herein, it is this _____ day of _____, 2008, hereby:

ORDERED:  that the District's Motion is GRANTED for the reasons set forth therein, and it is,

FURTHER ORDERED: that this Order will govern Confidential Information, i.e. training records of District personnel whether produced by any party or non-party; and it,

FURTHER ORDERED:  that the District of Columbia is hereby allowed to produce the training records for the individually named defendants and their supervisors that are relevant to the claims set forth in plaintiff's Amended Complaint; and it is,

FURTHER ORDERED:  that the information or documents relating to the training records of District personnel may only be designated as CONFIDENTIAL by the person who produced the information and/or documents to be designated as CONFIDENTIAL.

5

FURTHER ORDERED: The inspection, copying and use of the training records, including documents or portions thereof, which are designated as CONFIDENTIAL in accordance with this Protective Order, shall be subject to this Protective Order, and access to and disclosure of such information shall be limited to:

(a) The Court, the Court's staff and such other personnel as the Court may authorize;

(b) The attorneys of record for the parties herein;

(c) Secretaries, paralegal assistants and clerical personnel who are engaged in assisting counsel in these actions;

(d) The named plaintiff and defendants;

(e) Any person identified as a signatory, author, addressee or recipient of such information;

(f) Qualified persons taking testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

(g) Consultants and experts consulted or retained by any party for the purpose of assisting in the conduct of this litigation, subject to such person's compliance with the provisions of Paragraph 7 of this Protective Order;

(h) Any deponent, witness or potential witness, provided that any such person shall be advised of the terms of this Protective Order and agree to be bound by it;

(i) Any insurer or indemnitor of a party or their counsel; and

        (j) Any other person who has a need for the information as determined in writing by the party producing the information, or as the Court may order. The party producing the information will not unreasonably withhold consent.

    FURTHER ORDERED:  Any information that has been designated CONFIDENTIAL, including any portion of a document that quotes Confidential material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words:

    "CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO COURT ORDER"

    FURTHER ORDERED:  Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, including but not limited to attorney-client, deliberative process and/or law enforcement privilege, and/or work product of counsel.

    FURTHER ORDERED:  At the conclusion of this litigation, and after the exhaustion of any appeals, this Protective Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed or communicated and that has not properly become a matter of public record.  This Court

shall retain jurisdiction over the parties for enforcement of this Stipulation and Protective Order.

    SO ORDERED.

                                                                  _____
                                                                  JUDGE,
                                                                  U.S. District Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSAY HUTHNANCE, | ] |
| | ] |
| Plaintiff, | ] |
| | ] Civil Action No. 06-CV-1871 (HKK) |
| v. | ] |
| | ] |
| DISTRICT OF COLUMBIA, et al., | ] |
| | ] |
| Defendants. | ] |
| | ] |

**DEFENDANT DISTRICT OF COLUMBIA'S AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, defendant **DISTRICT OF COLUMBIA** responds to plaintiff's Request for Production of Documents as follows:

**General Objections**

Defendant objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiffs instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to product information not in the defendant's control or not currently known to it after reasonable inquiry.

## RESPONSES TO DOCUMENT REQUESTS

1.     All Documents referring or relating to Plaintiff, whether by name, Social Security number, or any other means of identification, including all police paperwork filled out in connection with Plaintiffs arrest and the results of any NCIC, WALES, or similar queries respecting Plaintiff's prior arrest record.

**RESPONSE: Objection as overly broad and burdensome. Notwithstanding the objections and without waiver thereto, see Attachment 1, PD 163-MPD Arrest/ Prosecution Report (previously provided, but provided again herein; Attachment 2, PD 168-MPD Court Case Review Form (previously provided, but provided again herein); Attachment 3, PD 67-MPD Collateral/Bond Receipt (previously provided, but provided again herein); Attachment 7, Columbo printout (provided as a supplement on May 15, 2008, again herein provided); Attachment 8, Wales printout (provided as a supplement on May 15, 2008, again herein provided).**

2.     All Documents referring or relating to the arrest and detention of Plaintiff (and any encounter that preceded it) on November 15th and 16th, 2005, including, without limitation, any police reports, witness statements, log entries, video recordings, post and forfeit paperwork, and all radio communications/transmissions relating to Plaintiff's arrest, detention, and transportation and identifying all MPD personnel on the scene of Plaintiffs arrest, detention and transportation (and any encounter that preceded it) and returning to service thereafter.

**Response RFP No. 2: Objection as overly broad and burdensome. Notwithstanding the objections and without waiver thereto, see Attachment 1, PD**

2

**163-MPD Arrest/ Prosecution Report (previously provided, but provided again herein; Attachment 2, PD 168-MPD Court Case Review Form (previously provided, but provided again herein); Attachment 3, PD 67-MPD Collateral/Bond Receipt (previously provided, but provided again herein); Attachment 7, Columbo printout (provided as a supplement on May 15, 2008, again herein provided); Attachment 8, Wales printout (provided as a supplement on May 15, 2008, again herein provided), the District has search several sources in an effort to obtain any radio communications pertaining to the plaintiff arrest.  As result of its search, , the District has concluded that there are no radio communications related to plaintiff's arrest, however see Attachment 21, radio log related to plaintiff's arrest.**

3.     All Documents identifying MPD officers working in PSA 301 on November 15th and 16th, 2005 (3-11 shift 11/15; midnight shift 11/15-16; day shift 11/16), and any other MPD officers on special assignments, details, initiatives, or shifts that involved deployment within or around PSA 301 on those dates, including but not limited to any log books entries, rosters, roll call attendance sheets, time and attendance records for the Third District Station and Substations, and any dispatcher records.

**RESPSONSE: Objection as overly broad and as to relevance.  Notwithstanding said objections, see Attachment 4, roll call log for PSA 301 on November 15, 2005, and Attachment 5, roll call log for November 16, 2005.**

4.     For each of the Individual Defendants, all Documents constituting their personnel records, including all Documents constituting, referring to, or relating to their performance evaluations, informal and formal complaints filed against them, and any disciplinary actions taken against them.

3

**RESPONSE: Objection, seeks confidential personnel information protected under DC Official Code §§ 1-631.01, 1-631.03, 5-113.01, 5-113.06 and 3102.01 of the District Personnel Manual, and as it constitutes as unwarranted invasion of personal privacy.  Further answering, the requested documents are the subject of the District's motion for protective order.**

5. A copy of the MPD General Orders.

**RESPONSE: Objection as to overly broad, vague, and as to relevance. Notwithstanding the objections, see Attachment 6, General Order, 502-06, Citation Release Program; Attachment 9, General Order 308-02, Nuisances, Incidentals, Defects and PD Form 61 D (Violation, Citation), Attachment 19, General Order 501.03 Handling of Intoxicated Persons, and Attachment 20, Special Order 34-84, Disorderly Conduct Arrest.**

6. All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rule, regulations, policies, procedures, or practices in effect or under consideration at any time that concern post and forfeit or citation release procedures.

**Response: Objection as overly broad and burdensome.  Further objection as the request violates the deliberate process privilege.  Notwithstanding the objections, see Attachment 6, General Order 502-06, Citation Release Program; Attachment 9, General Order 308-02, Nuisance, Incidental, Defects & PD Form 61 D (violation, citations); Attachment 10, Standard Operating Procedures PD Form 61D (Violation Citation); Attachment 11, Special Order SO-02-06, Citation Release Processing; Attachment 12, Report and Recommendations of the Citizen Complaint Review Board; titled Disorderly Conduct Arrests Made By**

4

**Metropolitan Police Department Officers.**

7.      All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rule, regulations, policies, procedures, or practices in effect or under consideration defining or otherwise giving meaning to the offense of disorderly conduct, including any guidance provided on the appropriate use of the designation "Disorderly Conduct - Loud & Boisterous" and under what circumstances such behavior warrants detention or arrest.

**RESPONSE:  Objection as overly broad.  See Attachment 12, Report and Recommendations of the Citizen Complaint Review Board, November 13, 2007, Report, titled Disorderly Conduct Arrests Made By Metropolitan Police Department Officers; and Attachment 13, October 2005 D.C. Criminal Code Hand Out.**

8.      All Documents constituting, referring to, or relating to any formal or informal MPD general orders, rules, regulations, policies, procedures, or practices in effect or under consideration concerning the training or supervision of MPD officers regarding the post and forfeit procedure; including any training materials, and any Documents identifying the times, dates, and content of any such training.

**RESPONSE: Objection as overly broad and burdensome, and not related to any specific time period. Notwithstanding the objections, see Attachment 6, General Order 502-06, Citation Release Program; Attachment 9, General Order 308-02, Nuisances, Incidentals, Defects and PD Form 61 D (Violation, Citation); Attachment 10, Standard Operating Procedures PD Form 61D (Violation Citation); Attachment 11, Special Order SO-02-06, Citation**

**Release Processing.**

9.      All Documents constituting, referring to, or relating to any records reflecting training actually received by the Individual Defendants and all of their supervisors relating to: post and forfeit procedure, citation release procedure, or the bases for arrest for the offense of disorderly conduct, and the times, dates, and content of any such training.

**RESPONSE: See Response #8. Further answering, this defendant is unable to produce personnel records, including training of specific employees pursuant to D.C. Official Code §§ 1-631.01, 1-631.03, 5-113.01, 5-113.06 and 3102.01 of the District Personnel Manual, and as it constitutes as unwarranted invasion of personal privacy.**

10.     All reports, studies, evaluations, recommendations or data compilations created by any individual, group, or entity concerning the post and forfeit or citation release procedures.

**RESPONSE: Objection as overly broad and burdensome and as to relevance. Further objection under the deliberative process privilege. Notwithstanding said objections, See Attachment 12, Citizen Complaint Review Board's November 13, 2007, Report, titled Disorderly Conduct Arrest Made By Metropolitan Police Officers, Attachment 14, Office of Police Complaints 2003 Annual Report; Attachment 15, Office of Police Complaint's 2004 Annual Report; Attachment 16, Office of Police Complaint's 2005 Annual Report; and Attachment 17, Office of Police Complaint's 2006 Annual Report.**

11.     All Documents constituting, referring to, or relating to the annual public reports submitted by the Mayor to the D.C. Council as required by D.C. Code § 5-335.01(h).

**RESPONSE: Objection as overly broad and as to relevance. Further objection as the request seeks a legal conclusion. Notwithstanding the objections, the District is not in possession of any documents that are responsive to this request.**

12.   All Documents related to arrests made between November 15, 2003 and November 16, 2007 involving either post and forfeit release, citation release, or arrest for Disorderly Conduct.

**ANSWER: Objection as to relevance, vagueness, and overly broad. See Fed. R. Civ. P. 26, and 33. Further answering, this request is the subject of the District's Motion for Protective Order.**

13.   All Documents referring or relating to arrests made by or involving the participation of any of the Individual Defendants in the following circumstances: (a) where post-and forfeit release was either offered or utilized; (b) where citation release was either offered or utilized; or (c) where arrestees were charged with Disorderly Conduct.

**ANSWER: Objection as to relevance, vagueness, and overly broad. See Fed. R. Civ. P. 26, and 33. Further answering, this request is the subject of the District's Motion for Protective Order.**

14.   All Documents, including statistics, compilations, studies, reports, data, guidelines referring or relating to the policy regarding the time elapsed between when a person electing to post and forfeit provides the post money and the time that person is released from custody.

**RESPONSE: Objection as vague and ambiguous. Notwithstanding the objection, the District does not have documentation that is responsive to this**

7

**request.**

15.  Except in the instant case, all Documents related to any civil actions, or other complaint, criticisms, and challenges, arising from the use of MPD's post and forfeit procedures.

**RESPONSE: Objection as overly broad and burdensome as it is not related to any specific time period. Further objection as to relevance. Notwithstanding the objections, see Attachment 12, Report and Recommendations of the Citizen Complaint Review Board, November 13, 2007, Report, titled Disorderly Conduct Arrests Made By Metropolitan Police Department Officers. The District is unable to provide any additional information that is responsive to this request. Cases filed against the District, or criminal charges filed against arrestees are not listed as cases stemming from post and forfeit procedures. Between the years 1998 and the present, there were approximately 459 civil actions filed against the District or its employees for either false arrest or other police misconduct. It is overly burdensome for the District to pull each of the cases to determine whether there is any allegations related to post and forfeit. However, the District has provided plaintiff with the list of civil actions, hereto attached as Attachment 18, to allow plaintiff to pull the Complaint, a public record.**

16.  Except in the instant case, all Documents related to any civil, criminal or other actions (including citizen complaints) against any of the Individual Defendants.

**RESPONSE: Objection as to relevance, and as overly broad and burdensome and it does not relate to any specific time period. Further objection as this defendant is precluded from providing the requested information based on statute.**

**See D.C. Official Code §§ 1-631.01, and 1-631.03, 5-113.01, 5-113.06 and 3102.01 of the District Personnel Manual, and as it constitutes as unwarranted invasion of personal privacy.**

17.     All Documents constituting referring to or relating to any challenges to or complaints about the post and forfeiture procedure at any time since its implementation.

**RESPONSE: Objection as to overly broad and burdensome and request does not relate to any specific time period.  Notwithstanding said objection see response to #10, and documents provided thereto.**

18.     All Documents constituting, referring to, or related to any formal, or informal MPD polices, procedures, or practices in effect at any time between November 15, 2003 and the present concerning the retention and destruction of Documents.

**RESPONSE: Objection at to overly broad and overly burdensome.  Further objecting as to relevance.  Notwithstanding said objection, see Attachment 22, Special Order 06-03, Records Retention and Evidence Preservation (Millicent Allewet Act of 2004) and General Order 205.3, Records Retention and Disposition (will supplement).**

19.     All Document identified in Your response to Interrogatories.

**RESPONSE: See all documents provided herein.**

20.     All Documents reviewed, considered, or relied upon in making Your responses to Interrogatories.

**RESPONSE:  Objection at to overly broad, overly burdensome and subject to privileged information.**

Respectfully submitted:

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6295
(202) 727-3625 (fax)
E-mail: eric.glover@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing amended and/or supplemental responses to plaintiff's requests for production of documents were mailed first-class this 20 th day of June 20, 2008, to:

John Moustakas, Esq.
Sarah Keast, Esq.
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001

_____
Eric S. Glover
Assistant Attorney General

10