UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LINDSAY HUTHNANCE,**

    **Plaintiff,**

    **v.**

**DISTRICT OF COLUMBIA** *et al.*,

    **Defendants.**

Civil Action No. 06-1871 (HHK/JMF)

## MEMORANDUM OPINION

This case is before me for resolution of certain discovery motions. Currently pending and ready for resolution is Defendants' Motion to Compel Plaintiff's Responses to Their Interrogatories ("Defs. Mot.") [#46]. For the reasons stated herein, defendants' motion will be granted.

## DISCUSSION[1]

In this motion, defendants seek to compel plaintiff's answers to defendants' interrogatories. First, defendants argue that they are entitled to interrogatory responses which are in plaintiff's "own words." Defendants' Memorandum of Points and Authorities in Support of Their Motion to Compel Plaintiff's Responses to Their Interrogatories ("Defs. Mem.") at 2. Second, they contend, that even if the interrogatories propounded are "contention interrogatories," plaintiff is nonetheless bound to answer them promptly. Id. at 6. Plaintiff counters that her answers may be properly deferred until the close of discovery and that her

---

[1] The reader is presumed to be familiar with the facts of this case and therefore they will not be repeated herein.

answers need not be stated in "her own words." <u>Plaintiff's Opposition to Defendant's Motion to Compel</u> ("Plains. Opp.") at 3, 8.

I.	The Timing of Plaintiff's Answers

Under Rule 33 of the Federal Rules of Civil Procedure, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 33(b)(2).

While it is unclear from the record when defendants served their interrogatories, plaintiff responded on March 10, 2008. <u>See</u> Defs. Mot., Exhibit 1. On May 5, 2008, defendants sent plaintiff a letter noting the deficiencies in plaintiff's responses. <u>Id.</u> at Exhibit 2. Plaintiff responded by letter on the same day. <u>Id.</u> at Exhibit 3.

As to those interrogatories that are now the subject of defendants' motion, Interrogatory Nos. 9, 13-25, plaintiff objected on the grounds that they were "premature as discovery is ongoing and Plaintiff is still developing her factual support." <u>See</u> Defs. Mot., Exhibit 2 at 10. At no time did plaintiff seek a stipulation with defendants allowing her to file her answers to interrogatories at a date later than the thirty day period permitted by the Rules. Nor did plaintiff ever seek a protective order from this Court. Instead, plaintiff conveyed her view to defendants by letter dated May 5, 2008:

> As we explained, it is customary for contention interrogations to be deferred. And given the extremely detailed complaint that Plaintiff filed, we are confident that the Court would agree with us that Defendants would be hardly disadvantaged by a deferral of responses until we have had the Defendants['] discovery. That said, we will consider whether there are any contention interrogatories that can, at this stage, be answered.

Defs. Mot., Exhibit 3 at 2.

Assuming, for the sake of the argument, that defendants' interrogatories are indeed contention interrogatories and as such might be more appropriately propounded at the close of discovery,[2] this does not absolve plaintiff of her responsibility to reply to them in a timely fashion. Plaintiff should have responded to defendants' interrogatories to the best of her ability at the time they were propounded.[3] Alternatively, plaintiff should have sought relief from the court in the form of a protective order, seeking to delay her responses until other events had transpired. Failing that, plaintiff should have answered the interrogatories and not, as it were, sua sponte granted herself an extension of time within which to answer them. See Pulliam v. Continental Cas. Co., No. 02-CV-370, 2003 WL 1085939, at *7 (D.D.C. Feb. 27, 2003) ("The Court overrules Continental's objections based on over breadth and improper timing. The Court will not order a delay in responding to this inquiry. Fed. R. Civ. P. 33(c). Continental is directed to respond based on the information it now has and may supplement its responses as appropriate. Fed. R. Civ. P. 26(e)."). Compare Kendrick v. Sullivan, 125 F.R.D. 1, 3 (D.D.C. 1989) (denying

---

[2] According to the Advisory Committee Notes following Rule 33, the decision regarding the timing of an interrogatory, contention or otherwise, is ultimately left to the discretion of the judge:

> Rule 33 is amended to provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. See Diversified Products Corp. v. Sports Center Co., 42 F.R.D. 3 (D. Md. 1967); Moore, supra; Field & McKusick, Maine Civil Practice § 26.18 (1959). On the other hand, under the new language interrogatories may not extend to issues of "pure law," i.e., legal issues unrelated to the facts of the case. Cf. United States v. Maryland & Va. Milk Producers Assn., Inc., 22 F.R.D. 300 (D.D.C.1958).
>
> Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer. Likewise, the court may delay determination until pretrial conference, if it believes that the dispute is best resolved in the presence of the judge.

Fed. R. Civ. P. 33 advisory committee's note to 1970 Amendments.

[3] Plaintiff, of course, has an obligation to supplement those responses as additional information becomes available to her or as her theory of the case becomes more refined as discovery progresses. See Fed. R. Civ. P. 26(e)(1).

defendants' motion to compel answers to contention interrogatories without prejudice to their ability to rewrite and resubmit the interrogatories once discovery has progressed further because interrogatories "effectively asked the plaintiffs to express their legal position on what are, in essence, hypotheticals").

II.     The Form of Plaintiff's Answers

Two potential issues are raised by the parties in their arguments as to the correct form answers to interrogatories must take. The first issue is a party's reference to a business record in her answer to an interrogatory. According to defendants, plaintiff improperly answered the interrogatories by referring defendants to the Arrest Prosecution Report and to her Amended Complaint. Defendants District of Columbia, Officers Liliana Acebal, James Antonia and Jose Morales' Reply to Plaintiff's Opposition to Their Motion to Compel ("Defs. Reply") at 4. Plaintiff, on the other hand, claims that "these references were not intended to comply with Rule 33(d) and are not intended to be a substitute for responses to Defendants' contention interrogatories at the appropriate juncture in this case." Plains. Opp. at 6, n.4.

Rule 33 states the following:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). By plaintiff's own admission, however, her reference to the Arrest Prosecution Report and her Amended Complaint "were not intended to comply with Rule 33(d)."

4

See Plains. Opp. at 6 n. 4.  Defendants' objections to plaintiff's answers, at least based on this theory, are therefore correct.

The second issue is whether a party must compose her own answers to her opponent's interrogatories.  Plaintiff argues that, pursuant to Rule 33, she need not provide a statement that is "in her own words," and that Rule 33 interrogatories are not the proper "discovery device for obtaining [her] sworn **testimony**." Plains. Opp. at 8 (emphasis in original).  According to plaintiff, "[t]he proper device for such a purpose is the Rule 30 Deposition by Oral Examination or the Rule 31 Deposition by Written Questions, **but not both**." Id. (citing Fed. R. Civ. P. 30(a)(2) and 31(a)(2)) (emphasis in original).  Defendants argue that "[t]he Rules do not require a party to elect one discovery tool over another" and that "a party may conduct discovery through written interrogatories, requests for production of documents, requests for admissions, or through oral depositions or both." Defs. Reply at 3.

Pursuant to Rule 33, "[t]he person who makes the answers [to the interrogatories] must sign them, and the attorney who objects must sign any objection." Fed. R. Civ. P. 33(b)(5). "This requirement is critical because 'interrogatories serve not only as a discovery device but as a means of producing admissible evidence;  there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory.'" Walls v. Paulson, 250 F.R.D. 48, 52 (D.D.C. 2008) (quoting Melius v. Nat'l Indian Gaming Comm'n, No. 98-CV-2210, 2007 WL 1174994, at *1 (D.D.C. July 21, 2000)).

That said, there is no requirement in the Federal Rules of Civil Procedure that the answers to interrogatories must actually be composed by the party signing them.  In other words, by signing the interrogatories, the signatory simply attests to the veracity of the statements.  The signatory does not, in signing the documents, aver that she composed the answers herself.

5

Ultimately, however, this distinction is of no moment because the party is bound by those answers and those answers may be used at trial as admissions of a party opponent or for impeachment. Thus, plaintiff is bound by the answers given in her responses to defendants' interrogatories, whether she or her attorney drafted them. Should defendants desire sworn testimony from plaintiff "in her own words," they may of course notice her deposition. In the meanwhile, she must answer the interrogatories.

## CONCLUSION

An Order accompanies this Memorandum Opinion.

/S/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: December 15, 2008