IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSAY HUTHNANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-1871 (HHK) (JMF) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*,) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION**

Defendant District of Columbia (hereinafter "the District"), by and through counsel, submit that plaintiff's Motion to Compel Production of the Metropolitan Police Department's 2009, Disorderly Conduct Arrests Report (hereinafter "2009 Report") must be denied because: 1) the 2009 Report was not ordered to be disclosed by Court, 2) the 2009 Report was not requested by the plaintiff during discovery; and 3) the 2009 Report is protected by the deliberative process privilege.

**I.    The Court Has Never Ordered the District to Provide Any Studies Related to Any Disorderly Conduct Arrests.**

In her motion, the Plaintiff incorrectly argues that the District be compelled to provide the plaintiff with a copy of the 2009 Report, as the Court had already ordered that it be disclosed. Specifically, the plaintiff cites to Judge Facciola's December 15, 2008, Order, to support this position. *See* Pl' Motion at pg. 5. However, the language of the Court's order clearly demonstrates that Judge Facciola did not order the District to disclose any reports related to disorderly conduct. Instead, Judge Facciola directed the District to search its records for documents related to **post and forfeiture,** not disorderly conduct. *See* Judge Facciola's Order at

Court Dkt. # 67:10-11. As such, the plaintiff's reliance on the December 15, 2008, Order is misplaced, and her motion should be summarily denied.

## II. The Plaintiff Never Requested Any Documents Related to Studies Related to Disorderly Conduct.

In her motion, the plaintiff argues that the District should be compelled to disclose the 2009 Report because she requested it during discovery. *See* Mtn., generally. As support, plaintiff identifies her Document Request # 7 in which she requested:

> All Documents constituting, referring to or relating to any formal or informal MPD general orders, rule regulations, policies procedures, or practices in effect or under consideration *defining or otherwise giving meaning to the offense of disorderly conduct*, including any guidance provided on the appropriate use of the designation 'Disorderly Conduct- Loud & Boisterous' and under what circumstance such behavior warrant detention and arrest." *See* Mtn., at pg. 6 (emphasis added).

Plaintiff's discovery was served on the District on or about February 15, 2008, nearly a full year before the report that is the subject of plaintiff's motion was prepared. On April 18, 2008, the District objected to the request "as vague, ambiguous, and overly broad and burdensome. Further objection under the deliberative process privilege." See Exhibit B, District's Response at #7. Without waiving its objections, the District produced what documents it had in its possession that it believed to be responsive to plaintiff's request. Because the 2009 Report is not responsive to plaintiff's discovery request, the Motion must be denied.

Alternatively, plaintiff argues that even if the Report is non-responsive, the Court should order its production because of the District's alleged "dilatory tactics." See Opp., at pg. 9. Contrary to plaintiff's argument, the District was not engaged in any "dilatory tactics." Plaintiff unilaterally served a notice of deposition on the undersigned counsel to take a deposition under Fed. R. Civ. P. 30(b)(6), with no less than 29 subject matters. As is made clear by the record, both parties sought extensions of the scheduling order in an effort to complete discovery.

See Docket Entries ##86, 87 and 107.  The District's requested extension was not a dilatory act or made with any bad faith.  On October 21, 2009, Sgt. Richard Ehrlich was presented as one of several deponents on topics identified in plaintiff's deposition notice.  Plaintiff argues that Sgt. Ehrlich's failure to produce or otherwise reference the 2009 Report is evidence that the District engaged in a dilatory efforts and should be ordered to produce the report.  Sgt. Ehrlich did not produce the report, and plaintiff has presented no basis in her motion to demonstrate why Sgt. Ehrlich was required to talk about the Report's existence.  See Motion, generally.  Accordingly, plaintiff's Motion should be summarily denied.

### III.     The 2009 Report is Subject to the Deliberative Process.

The District asserts the deliberative process privilege with regard to the 2009 Report.  *See* Alfred Durham's Declaration hereto attached as Exhibit 1.  Despite plaintiff's arguments to the contrary, the report reflects the deliberative pre-decisions of MPD and the Chief of Police and may not be disclosed on that basis alone.  The public policy supporting the deliberative process privilege is well-established.  *See Department of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 8 (2001); *EPA v. Mink*, 410 U.S. 73, 86-87 (1973) (holding "the deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery . . . . , and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.").  Courts hold that a document is deliberative in nature if it "reflects the give-and-take of the consultative process." *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).  Additionally, pre-decisional materials, "even if 'factual' in form" are covered by the privilege if they "reflect an agency's preliminary positions or ruminations about how to exercise discretion on some

3

policy matter" and thus would "expose the deliberative process within an agency." *Petroleum Info. Corp. v. United States Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992).

In *In re Apollo Group, Inc. Securities Lit.*, 251 F.R.D. 12 (D.D.C. 2008), the Court found that documents constituting internal debates on decisions – including "whether to settle with Apollo, and if so, on what terms" – reflected "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated, and are likely to reflect the personal opinions of the writer rather than the policy of the agency." *Id*., at 28 (citations omitted). As such, the Court rejected Apollo's blanket assertion that the deliberative process privilege was inapplicable. *Id*

In the instant matter, the 2009 Report is both predetermination and deliberative and as such is subject to the deliberative process privilege. Plaintiff's claim of waiver because the privilege was not properly asserted is misplaced. The document was never formally requested and therefore no finding can be made that the failure to include an affidavit from a high level official effectively waives the privilege. *See* Pl.'s Document Requests No. 7 and 10, hereto attached as Exhibit 2. Absent a formal request for documents, a waiver of non-production is not applicable. Plaintiff's reliance on the case *Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC* 2009 U.S. Dist. Lexis 103045 (S.D. Cal. Nov. 4, 2009), does not require that the District produce the 2009 Report. In *Hoot*, the Court did not hold that an inadequate privilege log requires the disclosure of the discovery sought or a waiver of the deliberative process privilege. Instead, the *Hoot* Court referred to the United States Court of Appeals for the Ninth Circuit decision in *Burlington Northern & Santa Fe RY. v. United States*, 408 F.3d 1142 (9th Cir. Wash. 2005) in which the Ninth Circuit "rejected a *per se* rule of disclosure for an inadequate privilege log in favor of obtaining additional information." *See Hoot,* 2009 U.S.

Dist. LEXIS 103045 (S.D. Cal. Nov. 4, 2009).  The District believes that it has properly asserted the deliberative process privilege and its non-disclosure of the 2009 Report is appropriate.

Lastly, plaintiff argues that the information contained in the 2009 Report may assist her in establishing her *Monell* claim against the District as it may demonstrate what the District "knew , considered and did in response to CCRB's warnings."  First, while the CCRB made recommendations to the District, plaintiff has not demonstrated that the District was obligated to follow any of CCRB's recommendations.  More importantly, the CCRB's Report was issued in 2003, plaintiff's arrest occurred in 2005, and the subject report was not prepared until 2009, almost four (4) years after plaintiff's arrest.  Plaintiff simply has not demonstrated how a report prepared in 2009 will demonstrate any District custom, practice or policy that led to her 2005 arrest.  On that basis alone, plaintiff's motion must be denied.

In *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. Ill 1993), the Court noted that the deliberative process may be overcome when there is a sufficient showing of a particularized need, which outweighs the reasons for the confidentiality.  In the instant matter, the plaintiff has failed to establish a **sufficient showing** of a particularized need to outweigh the deliberative process privilege asserted.  Notwithstanding the plaintiff's assertions, the 2009 Report is a subsequent remedial measure and as such is irrelevant to these proceedings and should not be disclosed.  Again, the occurrences that is the basis of the plaintiff's complaint occurred on November 16, 2004.  No showing has been made in this record that plaintiff's need for the 2009 Report outweighs the deliberative process privilege.  Accordingly, based on F.R.E. 407, plaintiff's motion must be denied.

.

### IV. The Plaintiff is Not Entitled to Costs for the Instant Motion.

Plaintiff seeks the expenses associated with preparing this motion in accordance with Federal Rule of Civil Procedure 37(a)(5). While Federal Rule of Civil Procedure 37(a)(5) allows the moving party who filed a motion to compel to recover the cost associated with preparing said motion, the Rule prohibits the Court from ordering costs if the opposing parties nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust. The District argues that as is shown by plaintiff's request and the District's opposition, the District has a valid basis for non-disclosure. Plaintiff failed to formally request the Report, and the Court did not order the disclosure of the 2009 Report.

Fed. R. Civ. P. 26(e) provides that a party is only entitled to relevant, non-privileged discovery. The 2009 Report sought by the plaintiff is both irrelevant to the instant proceedings as a subsequent remedial measure and is privileged. Thus, plaintiff is not entitled to an award in fees for filing this motion.

#### CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny the plaintiff's Motion to Compel.

                  PETER J. NICKLES
                  Attorney General for the District of Columbia

                  GEORGE C. VALENTINE
                  Deputy Attorney General
                  Civil Litigation Division

                  /s/ Patricia A. Jones_____
                  PATRICIA A. JONES
                  Chief, General Litigation Sec. IV

                  /s/ Eric S. Glover_____
                  ERIC S. GLOVER [889741]

                Assistant Attorney General  
                Sixth Floor North  
                441 Fourth Street, N.W.  
                Washington, D.C. 20001  
                (202) 442-9754; (202) 727-6295

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDSAY HUTHNANCE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-1871 (HHK) (JMF) |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.***,**) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

Upon consideration of the Plaintiff's Motion to Compel, Defendant District of Columbia's Opposition thereto, and the record herein, it is this ___ day of _____, 2010,

ORDERED: that the Plaintiff's Motion is hereby denied for the reasons set forth in the Defendant's Opposition.

SO ORDERED.

_____
Judge John M. Facciola
United States District Court
for the District of Columbia

8