UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSAY HUTHNANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 06-CV-1871 (HKK) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AFFIDAVIT OF D.C. METROPOLITAN POLICE DEPARTMENT'S ASSISTANT CHIEF ALFRED DURHAM

I, Assistant Chief Alfred Durham, District of Columbia Metropolitan Police Department (MPD), declare under the penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am the Executive Officer for MPD and am assigned to the Executive Office of the Chief of Police.

2. I have held this position since September 27, 2007, and have been employed with the MPD since October 1987. I have been designated by the Chief of Police to confirm and explain on behalf of the MPD the assertion of the deliberative process privilege with respect to the 2009 Disorderly Conduct Review drafted by MPD Inspector Keith Williams.

3. My years of government service have given me extensive experience in governmental decision-making and policy-making. I have become aware of the importance of the deliberative process in governmental decision-making and policy-making and the necessity for confidentiality and privacy in that process. I am convinced that an essential requirement of the deliberative process is the assurance that participants in the process, including advisers to the

decision-makers and policy-makers, are able to engage in free and candid exchange of views and information. Such exchange of views and information would be severely restricted and lack value if its contents were readily subjected to outside scrutiny, whether during or after the decision-making and policy-making processes have occurred. As a governmental decision-maker and policy-maker, I have relied on frank and uninhibited advice and recommendations from my advisers, whether government officials, or, as they were in some cases, from persons outside the government. I consider all advice provided to me whether I ultimately take the advice or not, in making decisions concerning MPD.

4. In early 2009, the Chief of Police, Cathy L. Lanier, requested that a report be prepared related to disorderly conduct arrests as discussed in the 2003 Civil Complaint Review Board Report. In 2009, Inspector Keith Williams prepared a draft report, titled "Disorderly Conduct Arrest Review," for this office's review and consideration. The report essentially does the following: (1) undertakes an evaluation of a sampling of arrests made by MPD officers for disorderly conduct and other types of arrests, (2) reviews a comparison of statistics referred to in the OPC report to statistics from the year 2008; (3) provides a suggested reason for the changed statistics; and (4) analyzes the training provided by MPD compared to past training for disorderly conduct arrests. The purpose of the report is to allow the Department to determine what measures should be taken or continued with respect to training MPD officers on arrests for disorderly conduct. Both I and Chief Lanier have reviewed the report, but no decision has been made about what changes need to be made or will be made to the department's training based on the information contained in the report.

5. It is my judgment that the 2009 MPD report is protected by the deliberative process privilege. The document reflects pre-decisional deliberations by MPD and this official,

3

and MPD has not been provided any basis upon which disclosure of the report in this case is appropriate.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: May 13, 2010

_____
Alfred Durham
Executive Officer, D.C. Metropolitan Police Department